MAYER BROWN LLP
MATTHEW D. INGBER (*pro hac vice*)
*MIngber@mayerbrown.com*
ALLISON M. AVIKI (*pro hac vice*)
*AAviki@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:   +1 212 506 2500
Facsimile: +1 212 262 1910

ARCHIS A. PARASHARAMI (SBN 321661)
*AParasharami@mayerbrown.com*
575 Market St., Suite 2500
San Francisco, CA 94105
Telephone:   +1 415 874 4230
Facsimile: +1 650 331 2060

DANIEL E. JONES (*pro hac vice*)
*DJones@mayerbrown.com*
1999 K Street, Northwest
Washington, DC 20006-1101
Telephone:   +1 202 263 3860
Facsimile: +1 202 263 3300

*Attorneys for Defendant*
*Perplexity AI, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CARREYROU, LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, AND MICHAEL KOCHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No. 3:25-cv-10897-TLT<br><br>**DEFENDANT PERPLEXITY AI, INC.'S ADMINISTRATIVE MOTION TO SET A BRIEFING SCHEDULE FOR MOTION TO SEVER AND DISPOSITIVE MOTIONS** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Perplexity AI, Inc. ("Perplexity") respectfully moves for an order setting forth an orderly staged process for resolving Perplexity's anticipated motion to sever prior to its responsive pleading deadline. Perplexity—like other defendants in this action—intends to move for severance because Plaintiffs' claims against the six separate defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Put another way, Plaintiffs inexplicably chose to combine six separate lawsuits into one; the motions to sever are aimed to correct that mistake. Requiring the parties to brief dispositive motions before this Court considers severance would waste both party and judicial resources, as any favorable ruling on severance would require Plaintiffs to refile separate lawsuits—thereby mooting briefing on the dispositive motions in this case.

Accordingly, Perplexity respectfully requests that the Court enter an order: (1) retaining the current February 26, 2026 deadline for responding to the complaint as the deadline by which Perplexity must file its motion to sever; (2) continuing the current February 26, 2026 deadline to answer or otherwise respond to Plaintiffs' Complaint until after the Court rules on Perplexity's motion to sever; and (3) in the event the Court denies Perplexity's motion to sever, setting a new deadline to answer or otherwise respond to Plaintiffs' Complaint for thirty days after such order.

## II. BACKGROUND

Plaintiffs John Carreyrou, Lisa Barretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin filed this copyright action against Perplexity and five other sets of defendants—Anthropic, Google, several OpenAI entities, Meta, and xAI—alleging that Defendants infringed Plaintiffs' copyrighted works through each Defendant's respective AI products. *See* ECF No. 1 ¶¶ 1-3. Plaintiffs allege that each Defendant improperly used Plaintiffs' works in different ways, at different times, using different systems, and with different AI products. *See id.* ¶¶ 49-118. The Complaint itself treats each Defendant's conduct separately, devoting distinct sections to each Defendant's allegedly infringing activity, with separate factual allegations for Anthropic, Google, OpenAI, Meta, xAI, and Perplexity. *See id.* Because Plaintiffs' claims against each Defendant arise from entirely independent conduct, Perplexity intends to move to sever itself from this multi-defendant litigation. (Other

defendants plan to do the same.) Severance is authorized by Rule 21 of the Federal Rule of Civil Procedure, which explains that while "[m]isjoinder of parties is not a ground for dismissing an action," "the court may at any time, on just terms, … drop a party."

In light of Perplexity's forthcoming severance motion and the corresponding logistics associated with potential severance, counsel for Perplexity met and conferred with Plaintiffs' counsel on January 27, 2026. *See* Declaration of Allison Aviki ("Aviki Decl.") ¶ 3. During that conference, Perplexity explained the bases for its anticipated motion to sever and how severance would require Perplexity's dismissal from this case, which in turn would require Plaintiffs to file a new, separate complaint solely against Perplexity, an action that would necessarily moot any dispositive motions in the present litigation. *Id.* ¶ 4. Perplexity proposed that the parties enter into a stipulation to extend the responsive pleading deadline to permit full briefing of the severance motion, with the current February 26, 2026, deadline converted to a deadline by which Perplexity must file its severance motion. *Id.* ¶ 5. Any subsequent obligation to respond to the Complaint would either be mooted by an order granting severance or could be set for thirty days following a denial. *Id.*

Plaintiffs declined to enter into a joint stipulation. Aviki Decl. ¶¶ 6-7. During the meet and confer and subsequent email correspondence, Plaintiffs' counsel did not identify any specific prejudice or hardship they might suffer from the proposed alternative schedule. *Id.* ¶8.

**III.   ARGUMENT**

**A.   The Court Should Modify the Dispositive Motion Deadline and Set a Briefing Schedule to Avoid Unnecessary Expenditure of Party and Judicial Resources**

Requiring the parties to brief dispositive motions before considering severance is likely to waste both party and judicial resources. If Perplexity's forthcoming motion to sever is successful, the Court would dismiss the claims against Perplexity, permitting Plaintiffs to refile an individual action if they so choose. Courts in this Circuit have consistently held that dismissal of parties is the proper remedy for misjoinder. *See Adobe Sys. Inc. v. Colo. Internet Servs. LLC*, 2014 WL 1007627, at *4 (N.D. Cal. Mar. 12, 2014) (collecting severance cases and noting that "the proper remedy for misjoinder is to dismiss those defendants who have been misjoined—that is, all but the first-named defendant"); *Third Degree Films, Inc. v. John Does*, 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) ("In the case of

1  misjoinder, the proper remedy is to sever misjoined parties and dismiss claims against them.").

2       For that reason, parallel motion practice on severance and motions to dismiss would impose
3  unnecessary burdens on both the parties and the Court. For the parties, proceeding with dispositive
4  motion briefing while severance remains unresolved would force both Perplexity and Plaintiffs to incur
5  substantial costs that could be entirely avoided if severance is granted. For the Court, requiring
6  simultaneous briefing would generate a significant volume of filings that may ultimately prove
7  unnecessary. These administrative burdens will likely be multiplied several times if, as anticipated, the
8  other Defendants file their own motions to sever and motions to dismiss. It would be far more efficient
9  for the parties and this Court to first resolve the severance issue and then, if necessary, proceed to
10 dispositive motions.

11      **B.     The Court Has Broad Discretion to Sequence Briefing to Promote Judicial**
12            **Economy**

13      For efficiency's sake, the Court should sequence briefing so that the threshold question of
14 severance is resolved before requiring the Court and the parties to expend resources on dispositive
15 motions that may be rendered moot. The Court has broad inherent authority to manage its docket
16 efficiently and to sequence proceedings in a manner that conserves judicial and party resources. *See,*
17 *e.g.*, *Nevarez v. Forty Niners Football Company, LLC*, 2019 WL 13148141, at *3 (N.D. Cal. Feb. 5,
18 2019) (staying proceedings to allow the parties to discuss narrowing issues for the court to consider,
19 and noting the district courts' inherent authority to manage their dockets with a view toward efficient
20 resolution of cases).

21      To the extent the Court considers this request an extension of the responsive pleading deadline,
22 such relief is also readily warranted. The Ninth Circuit has held that "requests for extensions of time
23 made before the applicable deadline has passed should normally . . . be granted in the absence of bad
24 faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th
25 Cir. 2010) (internal quotation marks omitted). There is no suggestion of bad faith here, and Plaintiffs
26 have articulated no prejudice from Perplexity's proposal for orderly staging of motion practice. Aviki
27 Decl. ¶ 8. During the meet and confer, Plaintiffs' counsel did not identify any specific harm they would
28 suffer from the proposed schedule modification. *Id.* The only scheduling deadline currently on the

docket is the April 2, 2026 Initial Case Management Conference, which would be unaffected by this proposal.

Moreover, Perplexity has reason to believe that other defendants in this action may also file motions to sever, further underscoring the benefits to judicial and party economy from resolving the joinder question before requiring dispositive motion briefing. Simply put, the proposed schedule would permit orderly briefing on severance without requiring the parties to simultaneously expend resources on dispositive motions that may never need to be filed and may be mooted by any order granting severance.

## IV.   CONCLUSION

For the foregoing reasons, Perplexity respectfully requests that the Court enter an order: (1) retaining the current February 26, 2026 deadline for responding to the complaint as the deadline by which Perplexity must file its motion to sever; (2) continuing the current February 26, 2026 deadline to answer or otherwise respond to Plaintiffs' Complaint until after the Court rules on Perplexity's motion to sever; and (3) in the event the Court denies Perplexity's motion to sever, setting a new deadline to answer or otherwise respond to Plaintiffs' Complaint for thirty days after such order.

Dated:   February 5, 2026                MAYER BROWN LLP

*/s/ Allison Aviki*
ALLISON AVIKI

*Attorney for Defendant Perplexity AI, Inc.*