DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
QIFAN HUANG, SBN 339672
Email: qhuang@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CARREYROU, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC, et al.,<br><br>    Defendants. | Case No.: 3:25-cv-10897-TLT<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO SEVER BASED ON IMPROPER JOINDER OF DEFENDANTS**<br><br>Date:      May 12, 2026<br>Time:      2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:     Hon. Trina L. Thompson |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ...... 1

STATEMENT OF REQUESTED RELIEF ...... 1

STATEMENT OF ISSUE TO BE DECIDED ...... 1

MEMORANDUM OF POINTS AND AUTHORITIES ...... 1

INTRODUCTION ...... 1

BACKGROUND ...... 2

LEGAL STANDARD ...... 4

ARGUMENT ...... 5

    I.    Plaintiffs' Claims Against Google Have Been Improperly Joined with Those Against Other Defendants. ...... 5

        A.    Plaintiffs Cannot Demonstrate Their Claims Against Google Arise from the Same Transaction or Occurrence as Their Claims Against Other Defendants ...... 5

        B.    Plaintiffs Fail to Show Commonality as Required. ...... 9

    II.    The Court Should Exercise Its Discretion to Deny Joinder for Reasons of Judicial Economy and to Prevent Unfair Prejudice to Defendants. ...... 10

CONCLUSION ...... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
    2016 WL 9114001 (N.D. Cal. June 20, 2016) ............................................................... 4, 8

*Adobe Sys. Inc. v. Colorado Internet Servs., LLC*,
    2014 WL 1007627 (N.D. Cal. Mar. 12, 2014) ....................................................... 5, 6, 8, 9

*Afifeh v. Ahmadabadi*,
    2022 WL 1617115 (C.D. Cal. Apr. 15, 2022) ................................................................ 6, 8

*Am. Small Bus. League v. U.S. Off. of Mgmt. & Budget*,
    2021 WL 4459667 (N.D. Cal. Apr. 21, 2021) ................................................................... 11

*Arista Records LLC v. Does 1-11*,
    2008 WL 4823160 (N.D. Ohio Nov. 3, 2008) ...................................................................... 8

*Arista Records LLC v. Does 1-4*,
    589 F. Supp. 2d 151 (D. Conn. 2008) ............................................................................ 8, 9

*Bartz v. Anthropic PBC*,
    3:24-cv-05417 (N.D. Cal.) ................................................................................................. 4

*Blackman v. Teespring, Inc.*,
    2019 WL 7832600 (N.D. Cal. July 12, 2019) ......................................................... 9, 10, 11

*Bravado Int'l Grp. Merch. Servs. v. Cha*,
    2010 WL 2650432 (C.D. Cal. June 30, 2010) .................................................................... 6

*Coleman v. Quaker Oats Co.*,
    232 F.3d 1271 (9th Cir. 2000) ..................................................................................... 5, 10

*Corley v. Google*,
    316 F.R.D. 277 (N.D. Cal. 2016) ...................................................................................... 10

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) .................................................................................. 5, 9, 10

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*,
    No. 3:25-cv-09579 (N.D. Cal.) .......................................................................................... 4

*Fashion Ave. Sweater Knits, LLC v. A'Gaci, LLC*,
    2020 WL 13248958 (C.D. Cal. Oct. 26, 2020) ................................................................... 5

*Hard Drive Prods., Inc. v. Does 1-188*,
    809 F. Supp. 2d 1150 (N.D. Cal. 2011) ........................................................................... 11

*Imageline, Inc. v. CafePress.com, Inc.*,
    2011 WL 1322525 (C.D. Cal. Apr. 6, 2011) ....................................................................... 9

*In re EMC Corp., Decho Corp. & Iomega Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012) .................................................................................................. 6

*In re Google Generative AI Copyright Litig.*,
    2025 WL 2624885 (N.D. Cal. Sept. 11, 2025) ............................................................................ 4

*In re Google Generative AI Copyright Litig.*,
    Case No. 5:23-cv-03440-EKL (N.D. Cal.) ............................................................................ 2, 3

*In Re: OpenAI, Inc. Copyright Infringement Litig.*,
    No. 1:25-md-03143 (S.D.N.Y.) ................................................................................................. 4

*IO Grp. v. Does 1-19*,
    2010 WL 5071605 (N.D. Cal. Dec. 7, 2010) ......................................................................... 6, 8

*Joanne Fabric, Inc. v. Brad & Zoe, Inc.*,
    2018 WL 6137158 (C.D. Cal. Apr. 4, 2018) .......................................................................... 6, 8

*Kadrey v. Meta Platforms, Inc.*,
    No. 3:23-cv-03417 (N.D. Cal.) .................................................................................................. 4

*Milton v. California*,
    2022 WL 17978802 (N.D. Cal. Dec. 28, 2022) ....................................................................... 10

*Pepper v. Apple Inc.*,
    2019 WL 4783951 (N.D. Cal. Aug. 22, 2019) ......................................................................... 11

*Third Degree Films, Inc. v. John Does 1 Through 4*,
    2013 WL 3762625 (S.D. Cal. July 16, 2013) ............................................................................ 5

*Visendi v. Bank of Am., N.A.*,
    733 F.3d 863 (9th Cir. 2013) ..................................................................................................... 5

*Wynn v. National Broad. Co.*,
    234 F. Supp. 2d 1067 (C.D. Cal. 2002) ................................................................................ 9, 10

**RULES**

Fed. R. Civ. P. 20(a) ............................................................................................................ 4, 5, 9, 12

Fed. R. Civ. P. 20(a)(2) ................................................................................................................ 4, 9

Fed. R. Civ. P. 20(b) ...................................................................................................................... 10

Fed. R. Civ. P. 21 ............................................................................................................................. 5

L. R.  3-12 ........................................................................................................................................ 4

**MISCELLANEOUS**

Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.) .......................................... 8

#### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on May 12, 2026, at 2:00 p.m., Defendant Google LLC ("Google") will move this Court pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure for an order severing Plaintiffs' claim against Google and dismissing the claim against Google without prejudice. Google's Motion to Sever is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, and upon such other matters as may be presented to the Court.

#### STATEMENT OF REQUESTED RELIEF

Google respectfully requests that the Court sever and dismiss Plaintiffs' claim against Google and require Plaintiffs to re-file a complaint against Google alone if Plaintiffs wish to proceed because Plaintiffs' joinder of Google in this action is improper and because the Court should exercise its discretion to deny permissive joinder in any event.

#### STATEMENT OF ISSUE TO BE DECIDED

Whether the Court should sever Plaintiffs' claim against Google in this action from claims Plaintiffs have asserted against other unrelated defendants in light of Plaintiffs' failure to allege any concerted action or common course of conduct among the defendants and otherwise to satisfy the requirements for joinder under Rule 20.

#### MEMORANDUM OF POINTS AND AUTHORITIES

#### INTRODUCTION

Plaintiffs John Carreyrou, Lisa Barretta, Philip Shishkin, Jane Adams, Matthew Sacks, and Michael Kochin (collectively, "Plaintiffs") present the Court with what should be six separate lawsuits: one against each of Anthropic, OpenAI, Meta, xAI, Google and Perplexity (collectively, "Defendants"). Instead, Plaintiffs inexplicably have sued these distinct companies in a single case, accusing them of separately infringing at least seven different copyrighted works. There is no common transaction or occurrence that links the claims asserted against the Defendants, whom Plaintiffs acknowledge are competitors in development of generative artificial intelligence ("AI") services. Instead, the complaint alleges unrelated claims against unrelated entities involving different alleged acts of alleged copyright infringement in connection with the distinct generative

AI services each Defendant operates. Plaintiffs do not contend Defendants have acted in concert or to have conspired together. Indeed, nothing connects the Defendants other than the superficial similarity that their alleged misconduct all involved training (different) AI models.

Plaintiffs' allegations fall far below what Rule 20 requires for joinder of defendants. Because Plaintiffs improperly joined Google, Google should be severed and dismissed from this case. That is all the more appropriate given that there is already a case pending against Google in this District that squarely encompasses Plaintiffs' allegations against Google. *See In re Google Generative AI Copyright Litig.*, Case No. 5:23-cv-03440-EKL (N.D. Cal.). This case is clearly related to that one, filed more than two years ago, or at least would be if the claim against Google were not improperly intertwined with distinct claims against five other companies. For that reason as well, the Court should sever and dismiss Plaintiffs' claim against Google from this action.

## BACKGROUND

Plaintiffs, who claim to have authored and hold copyrights in books, filed this action in late December 2025, asserting a single claim for copyright infringement against six competing AI companies. ECF 1 ¶¶ 1-3. Their complaint alleges that each of Anthropic, Google, OpenAI,[1] Meta, xAI, and Perplexity improperly trained their respective generative AI models using Plaintiffs' copyrighted books. *Id.* Specifically, the complaint alleges that each Defendant downloaded supposedly pirated copies of Plaintiffs' books from different websites and then reproduced, parsed, analyzed, re-copied, used, and embedded those works into their large language models ("LLMs") and/or used the Plaintiffs' copyrighted works to optimize their respective products without permission. *Id.* ¶¶ 1-2, 121-23.

The complaint does not allege that any of the Defendants acted in concert or coordinated their actions. To the contrary, the complaint affirmatively alleges that Defendants are "competitors" (*id.* ¶ 36), each attempting to "accelerate commercial development and win the generative-AI race" (*id.* ¶ 2), and "rise in the generative-AI marketplace." *Id.* ¶ 12; *see also id.*

---

[1] The Complaint names as Defendants OpenAI, Inc. and five alleged affiliated entities OpenAI OpCo LLC, OpenAI GP LLC, OpenAI Global LLC, OAI Corporation LLC, and OpenAI Holdings LLC, and defines them collectively as "OpenAI." ECF 1 ¶ 27.

¶ 58 (describing Anthropic's alleged conduct as "driven by commercial advantage"); ¶ 71 (describing OpenAI's alleged conduct as pursued "because it gave [OpenAI] a decisive lead in the AI race").

The complaint devotes distinct sections to allegations against each Defendant. *See id.* ¶¶ 49-59 (allegations as to Anthropic and its Claude AI products); ¶¶ 60-71 (allegations as to OpenAI and its GPT AI products); ¶¶ 72-80 (allegations as to Google and its Gemini and Imagen AI products); ¶¶ 81-89 (allegations as to Meta and its Llama AI products); ¶¶ 90-104 (allegations as to xAI and its Grok AI products); ¶¶ 105-118 (allegations as to Perplexity and its "Perplexity Answers," "Perplexity Pages," and proprietary LLM models). Nothing in the complaint suggests that Plaintiffs' claim against each Defendant depends upon the actions of other Defendants. Plaintiffs allege that each Defendant improperly used Plaintiffs' works in different ways, at different times, using different systems, and for different AI services. *See id.* ¶¶ 49-118. And the complaint seeks individualized—rather than joint and several—relief against each Defendant, including a judgment "against each Defendant," a declaration that "each Defendant has infringed" Plaintiffs' copyrights, an injunction "enjoining each Defendant," and damages from each Defendant. *Id.* ¶¶ 128-133.

As to Google, the allegations of the lone infringement claim are particularly sparse, covering a mere nine paragraphs. *Id.* ¶¶ 72-80. In general, Plaintiffs allege that Google's Gemini and Imagen AI models were trained on datasets such as "C4," which contains materials from "Z-Library," including Plaintiffs' works. *Id.* ¶¶ 18-23, 72-74.[2] Those vague allegations mirror the ones at issue in *In re Google Generative AI Copyright Litigation*, two consolidated putative class actions long-pending before Judge Lee in this District. Case No. 5:23-cv-03440-EKL (N.D. Cal.). In that case, the named plaintiffs allege a putative class of "[a]ll persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models." Second Am. Consol. Class Action Compl. ¶ 163, *In re Google Generative AI Copyright Litig.*, Master File Case No. 5:23-cv-03440-EKL (N.D. Cal. Sept. 25,

---

[2] Of note, Plaintiffs' circuitous formulation does not actually allege Google used Plaintiffs' works.

1  2025), ECF 234 ("*Google Gen. AI* Compl."). There the named plaintiffs allege that their works are available on websites such as "Z-Library," that some content from Z-Library appears in a training dataset known as "C4," and that Google used the C4 dataset to train its AI model Gemini. *E.g.*, *Google Gen. AI* Compl. ¶¶ 19-26, 125, 128; *accord In re Google Generative AI Copyright Litig.*, 2025 WL 2624885, at *1 (N.D. Cal. Sept. 11, 2025). These and related allegations have already been the subject of extensive discovery and briefing. *See, e.g.*, *In re Google Generative AI Copyright Litig.*, ECF 221 at 1-2 (resolving a discovery dispute over Google's supposed collection of material from "Z-Library").

Plaintiffs in this action would conceivably be members of the putative class for which certification is being sought in the other case. Regardless, Plaintiffs here seek to retread the same ground. *See* ECF 1 ¶¶ 18-23, 73-74 (alleging that Plaintiffs' works appear on Z-Library, that the C4 dataset contains material from Z-Library, and that Google used the C4 dataset to train Gemini). For reasons Google does not understand, Plaintiffs did not identify the existing litigation against Google as related to this case. But it is, or it would be if the action were pursued against Google alone. *See* Civil Local Rule 3-12.

Other Defendants named here have active, related generative AI copyright lawsuits currently pending against them in this District and others. *See, e.g.*, *Bartz v. Anthropic PBC*, 3:24-cv-05417 (N.D. Cal.) (Martinez Olguin, J.); *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417 (N.D. Cal.) (Chhabria, J.); *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579 (N.D. Cal.) (Chhabria, J.); *In Re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y.). Others have indicated that they too intend to move for severance for improper joinder. *See* ECF 85.

## **LEGAL STANDARD**

Joinder of multiple defendants in a single action is proper only if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; *and* (2) it raises "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *Adobe Sys. Inc. v. A*

*& S Elecs., Inc.*, 2016 WL 9114001, at *3 (N.D. Cal. June 20, 2016). Both elements of Rule 20(a) must be met. *Id.*

Even if the test for permissive joinder is satisfied, a Court has wide discretion to sever defendants when adjudication of claims against multiple defendants in one action would not "comport with the principles of fundamental fairness" or would otherwise result in judicial inefficiency, cause jury confusion, or prejudice the parties. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013); *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997).

Misjoinder may be remedied by severing and dismissing the misjoined party under Rule 21. Fed. R. Civ. P. 21 (the "court may at any time, on just terms, add or drop a party" to remedy misjoinder); *see also Coughlin*, 130 F.3d at 1350 (if permissive joinder test is not satisfied, court "may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance"). Indeed, that is the common remedy in this circuit. *See, e.g.*, *Adobe Sys. Inc. v. Colorado Internet Servs.*, 2014 WL 1007627, at *4 (N.D. Cal. Mar. 12, 2014) (collecting severance cases and severing and dismissing without prejudice the claims against each defendant in the action with the exception of the first named defendant); *Fashion Ave. Sweater Knits, LLC v. A'Gaci, LLC*, 2020 WL 13248958, at *1-2 (C.D. Cal. Oct. 26, 2020) (severing and dismissing without prejudice all defendants except for the initial defendant and explaining that "[w]hen defendants are improperly joined, 'the Court may dismiss all but the first named defendant without prejudice so that separate suits may be filed against the dropped defendants.'") (citation omitted); *Third Degree Films, Inc. v. John Does 1 Through 4*, 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) ("In the case of misjoinder, the proper remedy is to sever misjoined parties and dismiss claims against them.").

## ARGUMENT

**I.  Plaintiffs' Claims Against Google Have Been Improperly Joined with Those Against Other Defendants.**

    **A.  Plaintiffs Cannot Demonstrate Their Claims Against Google Arise from the Same Transaction or Occurrence as Their Claims Against Other Defendants.**

1    Under Rule 20(a), to demonstrate claims against distinct parties have been properly joined in a single action, Plaintiffs must first demonstrate that their right to relief as to each defendant arises out of the same transaction, occurrence, or series thereof. Fed. R. Civ. P. 20(a). To satisfy this requirement of "transactional relatedness," the claims must "arise from *related activities*," *Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *1, *4 (C.D. Cal. June 30, 2010), that is, "shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts," *In re EMC Corp., Decho Corp. & Iomega Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Allegations that multiple defendants "engaged in similar misconduct, in separate instances, against [Plaintiffs]" cannot satisfy this requirement of transactional relatedness. *Colorado Internet Servs.*, 2014 WL 1007627, at *3. And absent plausible and detailed allegations that defendants conspired, courts regularly sever defendants. *See, e.g.*, *IO Grp. v. Does 1-19*, 2010 WL 5071605, at *3-4 (N.D. Cal. Dec. 7, 2010) (severing and dismissing defendants where the allegations that defendants "conspired" were "wholly conclusory and lack any facts to support an allegation that defendants worked in concert"); *Bravado Int'l Grp. Merch. Servs.*, 2010 WL 2650432, at *4, *6-7 (severing and dismissing defendants where complaint "is entirely devoid of any allegations that Defendants conspired with one another to infringe Plaintiff's trademarks and copyrights").

Indeed, because "it is well established that defendants 'who merely infringe the same [copyright] do not satisfy the same occurrence and transaction requirement' of Rule 20," severance is common in copyright cases against joined defendants. *Afifeh v. Ahmadabadi,* 2022 WL 1617115, at *1 (C.D. Cal. Apr. 15, 2022) (holding "it is well established that defendants 'who merely infringe the same [copyright] do not satisfy the same occurrence and transaction requirement' of Rule 20" and collecting cases); *see also Joanne Fabric, Inc. v. Brad & Zoe, Inc.*, 2018 WL 6137158, at *1-2 (C.D. Cal. Apr. 4, 2018) (granting severance because "[t]he mere fact that all defendants allegedly infringed on Plaintiff's copyright does not establish relatedness" and explaining that "[c]ourts in [California] routinely dismiss defendants for misjoinder in copyright cases").

Plaintiffs have not shown and cannot show that their claim against Google has any transactional relatedness to their claims against the other Defendants. The complaint alleges that each Defendant improperly used Plaintiffs' works entirely distinct ways. ECF 1 ¶¶ 49-118. The alleged infringement of Plaintiffs' works by Google has no relation to the alleged infringement by other Defendants. *See id.* Plaintiffs allege that each Defendant unlawfully obtained Plaintiffs' copyrighted works from some purported "shadow library" and then made their own unauthorized copies to train their respective generative AI models. *Id.* ¶¶ 4-6. But the Defendants' alleged transactions to obtain the copyrighted works and the alleged making of additional copies are independent and unrelated transactions.

Though lacking in particulars, the complaint's allegations about each Defendant (accepted for purposes of this motion only[3]) evidence this unrelatedness:

- Anthropic trained its Claude generative AI models on datasets such as "The Pile," which includes a books subset known as "Books3," which was created from a copy of "Bibliotik," from which Plaintiffs' works were copied without permission. *Id.* ¶¶ 39, 42, 49-59.

- OpenAI trained its GPT generative AI models on datasets that it labeled "Books1" and "Books2," sourced with material from "LibGen," from which Plaintiffs allege there is a reasonable inference that OpenAI downloaded Plaintiffs' works. *Id.* ¶¶ 18-23, 37, 60-71.

- Meta trained its Llama generative AI models on datasets including C4, Books3, LibGen, and Z-Library, from which Plaintiffs allege there is a reasonable inference that Meta downloaded Plaintiffs' works. *Id.* ¶¶ 18-23, 40, 81-89.

- xAI trained its Grok generative AI models on datasets which included books from repositories such as LibGen, from which Plaintiffs allege there is a reasonable inference that xAI downloaded Plaintiffs' works. *Id.* ¶¶ 18-23, 90-104.

- Perplexity's LLM model required Perplexity to make unauthorized reproductions of Plaintiffs' works. *Id.* ¶¶ 105-118.

- Google trained its Gemini and Imagen generative AI models on datasets such as C4, which contains materials from Z-Library, from which Plaintiffs allege

---

[3] *See Colorado Internet Servs.*, 2014 WL 1007627, at *2 (accepting complaint allegations as true for purposes of examining propriety of joinder under Rule 20).

there is a reasonable inference that Google downloaded Plaintiffs' works. *Id.* ¶¶ 18-23, 38, 72-80.

At most, Plaintiffs allege that Google and the other Defendants, described as competitors in the AI field, each trained their generative AI models using Plaintiffs works. That charge of similar but unrelated misconduct does not suffice. *See Afifeh,* 2022 WL 1617115, at *1; *Joanne Fabric*, 2018 WL 6137158, at *1-2; *see also Colorado Internet Servs.*, 2014 WL 1007627, at *3 (severing defendants which allegedly all sold unauthorized versions of Adobe software where the pleadings lacked any "allegations suggesting any relationship or common scheme among the Defendants"); Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1653 (3d ed.) ("joinder will not be allowed based solely on the assertion that the defendants committed the same type of violations in the same way").

Even if Google were alleged to have obtained Plaintiffs' works from the same source as the other Defendants—and it is not—that too would fail to meet the "same transaction" requirement. *See, e.g.*, *Joanne Fabric*, 2018 WL 6137158, at *1 ("Plaintiff's 'reasonable belief' that all defendants purchased the underlying fabrics from a single source is similarly insufficient."). Plaintiffs do not claim that Google coordinated or conspired with the other Defendants to infringe Plaintiffs' copyrighted works. *See, e.g.*, *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154-155 (D. Conn. 2008) (severing and dismissing Doe defendants where no allegations that Doe defendants "conspired or acted jointly," a requirement for the "same transaction"); *A&S Elecs.*, 2016 WL 9114001, at *3 (denying joinder of new defendants where pleadings were "devoid of facts demonstrating that [existing defendants] conspired with" the proposed new defendants).

The peer-to-peer file sharing case of *IO Group v. Does 1-19*, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010) is illustrative. There, plaintiff alleged that 19 Doe defendants had each unlawfully copied and shared plaintiff's copyrighted materials (18 copyrighted films) on a peer-to-peer network. *Id.* at *1, *3. The court ruled that joinder of the defendants was improper, reasoning that the only factual allegation connecting the defendants—that they all used the same peer-to-peer

network to reproduce and distribute plaintiff's copyrighted works—was insufficient, and the allegations that the defendants "'conspired' with each other" were "wholly conclusory and lack[ed] any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights in any of the protected works." *Id.* at *3-4.

Other courts adjudicating multi-defendant copyright cases have also found joinder improper for failure to satisfy the "transaction or occurrence" requirement. *See, e.g.*, *Arista Records LLC v. Does 1-11*, 2008 WL 4823160, at*6-7 (N.D. Ohio Nov. 3, 2008) (severing for failure to satisfy the same transaction or occurrence requirement where 11 "separate and unrelated" defendants were merely alleged to use the same ISP and file-sharing network to conduct copyright infringement without assertions that they acted in concert); *Arista Records LLC*, 589 F. Supp. 2d at 155 (severing for failure to satisfy the same transaction or occurrence requirement where multiple defendants were alleged to commit copyright infringement using the same means from the same ISP and no allegations that defendants acted jointly).

The Court can stop there. Plaintiffs' attempted joinder is improper and the claims against Google should be severed and dismissed.[4]

### B.     Plaintiffs Fail to Show Commonality as Required.

Plaintiffs' inability to plead a question of law or fact common to all of the Defendants provides a second and independent basis for severance. Fed. R. Civ. P. 20(a)(2). The mere fact that Plaintiffs' claims arise under "the same general law" does not suffice. *See Coughlin*, 130 F.3d at 1351; *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002) ("While it is true that Plaintiffs have alleged claims against Defendants based on the same general theory of law, this is not a sufficient ground to find that their claims raise common legal or factual questions.");

---

[4] The Court may *sua sponte* sever and dismiss the claims against the other Defendants in this action, even if they have not themselves moved for severance (though Google expects several Defendants to file their own severance motions here). *See, e.g.*, *Colorado Internet Servs.*, 2014 WL 1007627, at *4 (sua sponte severing and dismissing claims against Defendants who had not moved for severance); *Imageline, Inc. v. CafePress.com, Inc.*, 2011 WL 1322525, at *8 (C.D. Cal. Apr. 6, 2011) ("Though improper joinder is not grounds for dismissal of an action, the Court may *sua sponte* drop improperly joined parties or sever improperly joined claims.").

*Blackman v. Teespring, Inc.*, 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019) ("Plaintiffs merely allege that [Defendants] violated the same laws in comparable ways. Rule 20(a) requires more.").

That is the case here, where Plaintiffs' copyright infringement claim against each of the six Defendants raises individualized facts—different transactions, different witnesses, the development and alleged use of different generative AI models, and different damages issues, and the resulting application of law to those different facts. Each Defendant will almost certainly also raise different defenses, including at least license, statute of limitations, and fair use, which themselves each turn on particularized evidence. The evidence needed by Plaintiffs to prove infringement by each Defendant will necessarily be different here, as will be each Defendant's evidence of its respective defenses. Each claim of infringement will have to be resolved upon facts which are particular to that single claim of infringement and separate from the claims against the other Defendants. *See Blackman*, 2019 WL 7832600, at *2. As a result, such claims do not involve common questions of law or fact for purposes of joinder analysis. *See Coughlin*, 130 F.3d at 1351. For this reason as well, joinder is improper and the claims against Google should be severed and dismissed.

## II. The Court Should Exercise Its Discretion to Deny Joinder for Reasons of Judicial Economy and to Prevent Unfair Prejudice to Defendants.

Even if this case somehow met the threshold requirements for joinder, the Court still "must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman*, 232 F.3d at 1296-97 (citation omitted) (finding district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder); *see also* Fed. R. Civ. P. 20(b) (vesting court with power to issue orders "to protect a party against … delay, expense, or other prejudice"). Permitting Plaintiffs to force together a hodgepodge of unrelated Defendants into a single action would be both unfair and prejudicial.

"Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351. To that end, in weighing whether to permit joinder, courts consider factors such as judicial economy, prejudice and manageability. *See Milton v.*

*California*, 2022 WL 17978802, at *6 (N.D. Cal. Dec. 28, 2022) (considering "judicial economy, prejudice, and whether separate claims require different witnesses and documentary proof") (citation omitted); *Corley v. Google, Inc.*, 316 F.R.D. 277, 289 (N.D. Cal. 2016) (considering that joinder "would cause prejudice to Google and result in jury confusion" and "would be impractical" such that severance would "better advance the administration of justice"); *Wynn*, 234 F. Supp. 2d at 1088 (considering whether joinder would "confuse and complicate the issues for all parties involved," including for any eventual jury).

The interests of judicial economy weigh strongly in favor of severance here, given the related case already pending against Google in this District. That case has already required a substantial investment of judicial resources over the course of two-and-a-half years of active litigation. If, following severance and dismissal of Google from this action, Plaintiffs wish to refile against Google, they can. If they do, relating that case to the one already pending against Google would, at a minimum, avoid duplication of effort and the risk of inconsistent adjudications. *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) ("[S]ignificant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology ... and the transactions at issue.").

Severance would also serve to avoid prejudice to Google and confusion of issues. "[J]oinder would result in numerous hurdles" for Google and the other Defendants, *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011), because Defendants would be required to coordinate pleadings, case management, discovery, and trial preparation, which will likely yield needless expense and delay. *See Am. Small Bus. League v. U.S. Off. Of Mgmt. & Budget*, 2021 WL 4459667, at *3-4 (N.D. Cal. Apr. 21, 2021) (severing in part because joinder of unrelated defendants "may result in overall delays"). Moreover, as Plaintiffs acknowledge, Defendants are "competitors" in developing generative AI tools. ECF 1 ¶ 36; *see also id.* ¶¶ 2, 12, 35. Plaintiffs' misjoinder might require Defendants to share competitively sensitive information and will certainly inflict on Defendants the substantial costs associated with coordinating and preparing disclosures and filings under seal.

Should the case progress to trial, trying the claims against defendants collectively in one action would be highly confusing for jurors, requiring them to keep straight Plaintiffs' separate claims against six different parties, each with separate AI technologies and witnesses. *See Blackman*, 2019 WL 7832600, at *2 (concluding that "trial efficiency will not be promoted" when "each claim raises potentially different issues and must be viewed in a separate and individual light by a court"). There would also be the resulting risk of unfair prejudice, where Plaintiffs' accusations of bad faith conduct against one Defendant might taint the jury's view of actions by a different Defendant.

Under these circumstances, joinder would not only fail to serve the objectives of Rule 20(a) but would undermine its purposes.

## CONCLUSION

Enforcing the requirements of Rule 20 will promote the efficient judicial management and resolution of Plaintiffs' claims against the various Defendants—claims involving separate alleged facts, separate defenses, separate witnesses, separate damages claims, separate counsel, and separate factual, legal, and practical considerations. For the foregoing reasons, this Court should sever and dismiss Plaintiffs' claims against Google.

Respectfully submitted,

Dated: February 10, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Eric P. Tuttle*
    Eric P. Tuttle
    eric.tuttle@wsgr.com

*Counsel for Defendant Google LLC*