**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ANNA B. NAYDONOV (*pro hac vice*)
anna.naydonov@whitecase.com
MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARREYROU, LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No.  3:25-cv-10897<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION TO SEVER**<br><br>Judge: Currently not assigned following District Judge Trina L. Thompson's recusal. *See* ECF 101.<br><br>Complaint Filed: December 22, 2025 |

1  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

2      **PLEASE TAKE NOTICE** that on a date and time to be set by the Court once a District Court Judge is assigned following District Judge Trina L. Thompson's recusal (ECF 101), Defendant Anthropic PBC will, and hereby does, move the Court to sever the claims against Anthropic, on the one hand, and the claims against other Defendants, on the other hand.

    This Motion is brought under Rule 21 of the Federal Rules of Civil Procedure on the grounds that Plaintiffs improperly joined Anthropic with the other Defendants as Plaintiffs cannot show their claims arise "out of the same transaction [or] occurrence" or that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

    This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities; and the records, files, and pleadings in this case, and all other matters and evidence that the Court deems proper or appropriate.

Dated: February 24, 2026

WHITE & CASE LLP

By:    /s/ Yar R. Chaikovsky

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari

*Attorneys for Defendant Anthropic PBC*

## MEMORANDUM OF POINTS AND AUTHORITIES

Anthropic understands that all Defendants are filing motions to sever on substantially the same grounds, following Defendant Google's motion to sever (ECF 94) and Defendant OpenAI's stipulated request to sever. *See* ECF 98, 99 (stipulation and order). Anthropic joins in Google's motion and the forthcoming motions filed by the remaining Defendants. To reduce duplicative briefing, Anthropic writes briefly to address how severance applies to it specifically.

Joinder of multiple defendants is proper only if (1) the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there is "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Both elements must be satisfied. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Plaintiffs satisfy neither.

**Plaintiffs do not allege claims arising out of the same transaction or occurrence.** Plaintiffs joined Defendants in one suit solely because they accuse each Defendant of infringing the same copyrights. But "defendants who merely infringe the same copyright do not satisfy the same occurrence and transaction requirement." *Afifeh v. Ahmadabadi*, No. 2:22-cv-928, 2022 WL 1617115, at *1 (C.D. Cal. Apr. 15, 2022) (collecting cases); *Adobe Sys. Inc. v. Colorado Internet Servs., LLC*, No. 13-cv-4193-EMC, 2014 WL 1007627, at *3 (N.D. Cal. Mar. 12, 2014) (same). The Complaint confirms the claims against each Defendant are based on meaningfully different transactions and occurrences.

*Different training repositories.* Plaintiffs allege each Defendant trained their models using different data repositories, which Plaintiffs concede are "separate" and "distinct" given their "differing [] origin, structure, and method of distribution." Compl. ¶ 43. And Plaintiffs' specific allegations against each Defendant confirm disparate repositories alleged against each: Anthropic allegedly trained on Books3. *Id.* ¶¶ 50–51. OpenAI used LibGen, "Books1," and "Books2." *Id.* ¶¶ 61–62. Google used C4, which contained materials from Z-Library and OceanofPDF. *Id.* ¶¶ 8, 73–74. Meta used CommonCrawl, C4, Books3, LibGen, Z-Library, Anna's Archive, and Sci-Hub. *Id.* ¶¶ 81–83. xAI used LibGen and large-scale internet scrapes. *Id.* ¶¶ 8, 94–95. And Perplexity conducted unauthorized scraping and retrieval-augmented generation. *Id.* ¶¶ 105–111.

The distinction is sharpest for Anthropic, presenting a unique defense weighing further in favor of severance. Plaintiffs allege their works appear only in LibGen and Z-Library (¶¶ 18–23), yet accuse Anthropic of sourcing data only from Books3—a separate repository that Plaintiffs do not allege contains their works. *See* ECF 96 at 3-4. These facts not only confirm disparate transactions and occurrences, they also give rise to a lack-of-copying defense unique to Anthropic. *See In re Mosaic*, No. 24-cv-1451-CRB, 2025 WL 2402677, *2 (N.D. Cal. Aug. 19, 2025) (copying claim fails where plaintiffs could not show training materials sourced from "shadow library websites . . . that contain Plaintiffs' works"); ECF 96 at 3–4 (Anthropic's motion to dismiss). Thus, even if Rule 20's elements were met, that unique defense weighs against joinder in any discretionary analysis. *See Hard Drive Prods., Inc. v. Does*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (severance appropriate where joinder would "force the Court to address the unique defenses that are likely to be advanced by each individual Defendant").

*Different time periods.* Plaintiffs' allegations against Anthropic trace to a whitepaper released in December 2021—necessarily accusing conduct before that date. Compl. ¶¶ 50–51. Allegations against other Defendants span 2020 to 2024: OpenAI's training began around 2020 (¶¶ 60–62); Google's relates to activity beginning around 2022 (¶¶ 72–74); Meta's Llama training began in 2023 (¶¶ 81–83); and Perplexity's scraping drew cease-and-desist demands starting March 2024 (¶¶ 114–115). There is no common period of infringing conduct to adjudicate jointly.

Like the disparity in repositories, the disparate timeframes also produce unique defenses. For example, Plaintiffs' allegation that Anthropic copied from Books3 in 2021 renders those claims facially untimely under the Copyright Act's three-year limitations period. Thus, Plaintiffs' own allegations confirm that the temporally different circumstances will play a role in "unique defenses" across the Defendants. *See* Compl. ¶¶ 50-51, 60-62, 72-74, 81-83, 114-115; *see also Hard Drive Prods.*, 809 F. Supp. 2d at 1164.

**Plaintiffs cannot show requisite common questions of law or fact.** Alleging claims "based on the same general theory of law" against multiple defendants, even if based on an "industry-wide [] practice," "is not a sufficient ground to find that [] claims raise common legal or factual questions." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002). Beyond

a shared theory of copyright infringement, the key questions here require distinct factual inquiries that will turn on separate evidence, different documents, and different testimony from each corporate Defendant and their respective employees. For example, whether each Defendant copied the works and if so when and how each Defendant used the works, whether each Defendants' specific use constitutes "fair use" (*see* 17 U.S.C. § 107), and whether each Defendants' acts were willful or non-willful as applicable to any statutory damages analysis (*id*. § 504(c)). Each question demands a separate factual record for each Defendant—they are not common questions at all.

Lastly, Anthropic notes that Plaintiff Jane Adams dismissed her claim against Anthropic while continuing to pursue claims against the other Defendants—further reducing the commonality between Anthropic and the other Defendants. *See XpandOrtho, Inc. v. Zimmer Biomet Holdings, Inc.*, No. 3:21-cv-105, 2022 WL 18110171, at *8 (S.D. Cal. Nov. 22, 2022) (severing claim where it was asserted by only one defendant against only one plaintiff, and thus could not present a question of law or fact "common to all defendants") (quoting Fed. R. Civ. P. 20(a)(2)).

\* \* \*

The Court should sever and dismiss Plaintiffs' claims against each Defendant other than the first-named Defendant—here, Anthropic—requiring Plaintiffs to refile those claims separately. *See, e.g.*, *Adobe*, 2014 WL 1007627, at *4 ("the proper remedy for misjoinder is to dismiss those defendants who have been misjoined—that is, all but the first-named defendant"); *Smith v. Trexler*, No. 13-cv-1052-SBA, 2016 WL 925851, at *7 (N.D. Cal. Mar. 11, 2016) (same).

Date: February 24, 2026

WHITE & CASE LLP

By:   */s/ Yar R. Chaikovsky*

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari

*Attorneys for Defendant Anthropic PBC*