MAYER BROWN LLP
MATTHEW D. INGBER (*pro hac vice*)
*MIngber@mayerbrown.com*
ALLISON M. AVIKI (*pro hac vice*)
*AAviki@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:   +1 212 506 2500
Facsimile: +1 212 262 1910

ARCHIS A. PARASHARAMI (SBN 321661)
*AParasharami@mayerbrown.com*
575 Market St., Suite 2500
San Francisco, CA 94105
Telephone:   +1 415 874 4230
Facsimile: +1 650 331 2060

DANIEL E. JONES (*pro hac vice*)
*DJones@mayerbrown.com*
1999 K Street, Northwest
Washington, DC 20006-1101
Telephone:   +1 202 263 3860
Facsimile: +1 202 263 3300

*Attorneys for Defendant
Perplexity AI, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARREYROU, LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, AND MICHAEL KOCHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; and PERPLEXITY AI, INC.,<br><br>Defendants. | Case No. 5:25-cv-10897-PCP<br><br>Hon. P. Casey Pitts.<br><br>**DEFENDANT PERPLEXITY AI, INC.'S MOTION TO SEVER AND DISMISS PURSUANT TO FED. R. CIV. P. 20 & 21**<br><br>Date: April 9, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 4th Floor |

**NOTICE OF MOTION**

TO THE COURT, ALL PARTIES, AND ANY COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 9, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable P. Casey Pitts of the United States District Court for the Northern District of California, Defendant Perplexity AI, Inc. ("Perplexity") will and hereby does move this Court to sever Perplexity and dismiss it from this action pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure.

This Motion is made and based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Complaint and the documents referenced therein, all matters of which judicial notice may be taken, all pleadings in this action, and such other written or oral argument as the Court may entertain.

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ - 1 -
INTRODUCTION ........................................................................................................................... - 1 -
BACKGROUND ............................................................................................................................. - 2 -
LEGAL STANDARD ...................................................................................................................... - 3 -
ARGUMENT ................................................................................................................................... - 5 -
    1.    The Court Should Sever Perplexity Because Plaintiffs Cannot Meet The Requirements Of Rule 20. ................................................................................ - 5 -
    2.    In The Alternative, The Court Should Exercise Its Discretion To Sever Perplexity. ......................................................................................................... - 8 -
CONCLUSION ............................................................................................................................. - 10 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Colorado Internet Servs., LLC*,
  2014 WL 1007627 (N.D. Cal. Mar. 12, 2014) ................................................................ *passim*

*Afifeh v. Ahmadabadi*,
  2022 WL 1617115 (C.D. Cal. Apr. 15, 2022) ............................................................................ 6

*Am. Small Bus. League v. United States Off. of Mgmt. & Budget*,
  2021 WL 4459667 (N.D. Cal. Apr. 21, 2021) ........................................................................... 4

*Bartz, et al. v. Anthropic PBC*,
  No. 3-24-cv-5417 (N.D. Cal. Aug. 19, 2024) ............................................................... 1, 2, 3, 9

*BMG Music v. Does 1-4*,
  2006 WL 7132629 (N.D. Cal. Aug. 1, 2006) ......................................................................... 4, 5

*Boy Racer, Inc. v. Does 1-60*,
  2011 WL 3652521 (N.D. Cal. Aug. 19, 2011) ........................................................................... 4

*Bravado Int'l Grp. Merch. Servs. v. Cha*,
  2010 WL 2650432 (C.D. Cal. June 30, 2010) ........................................................................ 5, 7

*Cisco Sys., Inc. v. Shenzen Usource Tech. Co.*,
  2021 WL 2139333 (N.D. Cal. May 26, 2021) ........................................................................... 6

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) .................................................................................................... 9

*Coughlin v. Rogers*,
  130 F.3d 1348 (9th Cir. 1997) ................................................................................................ 3, 5

*Desert Empire Bank v. Ins. Co. of N. Am.*,
  623 F.2d 1371 (9th Cir. 1980) ................................................................................................ 4, 8

*Diabolic Video Prods., Inc. v. Does
  1-2099*, 2011 WL 3100404 (N.D. Cal. May 31, 2011) .............................................................. 4

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*,
  No. 3:25-cv-09579 (N.D. Cal. Nov. 6, 2025) ............................................................................. 9

*Fashion Ave. Sweater Knits, LLC v. A'Gaci, LLC*,
  2020 WL 13248958 (C.D. Cal. Oct. 26, 2020) .......................................................................... 3

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
  596 F. Supp. 2d 1282 (D. Ariz. 2009) ........................................................................................ 6

*In re Google Generative AI Copyright Litigation*,
 No. 5:23-cv-03440 (N.D. Cal. July 11, 2023)..................................................................9

*Hard Drive Prods., Inc. v. Does 1-188*,
 809 F. Supp. 2d 1150 (N.D. Cal. 2011) ..................................................................4, 8

*IO Grp., Inc. v. Does 1-19*,
 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010) ..........................................................4, 8

*Joanne Fabric, Inc. v. Brad & Zoe, Inc.*,
 2018 WL 6137158 (C.D. Cal. Apr. 4, 2018) ................................................................7

*Kadrey v. Meta Platforms, Inc.*,
 No. 3:23-cv-03417 (N.D. Cal. July 7, 2023)................................................................9

*Malibu Media LLC v. Does 1-10*,
 2012 WL 12884460 (C.D. Cal. Oct. 10, 2012)............................................................6

*Medsquire LLC v. Quest Diagnostics, Inc.*,
 2011 WL 7710203 (C.D. Cal. Dec. 1, 2011)................................................................6

*N.J. Mach. Inc. v. Alford Indus., Inc.*,
 1991 WL 340196 (D.N.J. Oct. 7, 1991)........................................................................7

*In Re: OpenAI, Inc. Copyright Infringement Litig.*,
 No. 1:25-md-03143 (S.D.N.Y. Apr. 11, 2025) ............................................................9

*Pacific Century Int'l Ltd. v. Does 1-101*,
 2011 WL 2690142 (N.D. Cal. July 8, 2011).................................................................6

*Philips Elec. N. Am. v. Contec Corp.*,
 220 F.R.D. 415 (D. Del. 2004).....................................................................................7

*SEC v. Leslie*,
 2010 WL 2991038 (N.D. Cal. Jul. 29, 2010)...........................................................4, 8

*Sream, Inc. v. Abdelfattah*,
 2016 WL 9226377 (C.D. Cal. Apr. 11, 2016) .............................................................6

*Sw. Fair Hous. Council v. WG Chandler Villas SH LLC*,
 2019 WL 1382500 (D. Ariz. Mar. 27, 2019) .............................................................10

*Third Degree Films, Inc. v. John Does 1 Through 4*,
 2013 WL 3762625 (S.D. Cal. July 16, 2013) ..............................................................3

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
 2010 WL 9934741 (N.D. Cal. Dec. 21, 2010) .............................................................5

*WiAV Networks, LLC v. 3Com Corp.*,
 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010)................................................................6

**Other Authorities**

Fed. R. Civ. P. 20 ................................................................................................................. *passim*

Fed. R. Civ. P. 21 ........................................................................................................................1, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should sever Perplexity from this case because plaintiffs do not allege conduct among Defendants that arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A).

2. In the alternative, whether the Court should exercise its discretion under Fed. R. Civ. P. 21 to sever Perplexity from this case to prevent prejudice, avoid jury confusion, and promote judicial economy.

## INTRODUCTION

The six plaintiffs in this copyright infringement action are authors who opted out from a proposed class-wide settlement in a case against Anthropic. *See Bartz, et al. v. Anthropic PBC*, No. 3-24-cv-5417 (N.D. Cal. Aug. 19, 2024). But rather than bring individual claims against just Anthropic—and perhaps trying to avoid having those claims against Anthropic related to *Bartz*—they have attempted to file a single lawsuit against six competitors across the AI industry: Anthropic, Google, OpenAI,[1] Meta, xAI, and Perplexity. Complaint, Dec. 22, 2025, Dkt. No. 1 ("Compl.").

Their attempt to lump separate defendants into a single lawsuit is improper. The face of the complaint makes it apparent that plaintiffs' claims do not arise from "the same transaction, occurrence, or series of transactions or occurrences," as Federal Rule of Civil Procedure 20 requires for joinder. Fed. R. Civ. P. 20(a)(2)(A). Rather, each defendant is alleged to have acted separately, at different times, using different technologies in different ways. That's no surprise; plaintiffs admit in the introduction to their Complaint that defendants are *competitors*, not collaborators, in the generative AI market. Compl. ¶¶ 2, 36. As discussed below, courts—including judges in this District—routinely grant severance for failure to satisfy Rule 20 under similar circumstances.

Even if plaintiffs could clear the Rule 20 hurdle—and they cannot—the Court should use its discretion to sever the claims against Perplexity. Allowing a single lawsuit to proceed—potentially to

---

[1] Plaintiffs' suit initially alleged claims against several OpenAI entities: OpenAI, Inc., OpenAI OpCo, LLC, OpenAI GP LLC, OpenAI Global, LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC. On February 20, 2026, the Court granted a stipulation to sever plaintiffs' claims against the OpenAI entities to facilitate transfer of those claims to pending multidistrict litigation. *See* Dkt. 99.

trial—against Perplexity and four of its direct competitors simultaneously would result in enormous prejudice to Perplexity and other defendants. Each defendant has its own unique technologies and tightly safeguards its intellectual property from its competitors, including the other defendants—which would create enormous complications for the conduct of discovery and the presentation of evidence in a multi-defendant case.

In short, the Court should sever Perplexity from this case. And courts in this District have made clear that the proper approach to severance is to dismiss the claims against Perplexity without prejudice.

## BACKGROUND

Plaintiffs are six authors—John Carreyrou, Lisa Barretta, Philip Shishkin, Jane Adams,[2] Matthew Sacks, and Michael Kochin—who allegedly hold copyrights in seven books. *See* Compl. Ex. A. Plaintiffs each filed opt outs from the proposed class-settlement in *Bartz v. Anthropic* on November 12, 2025. *See* Declarations, *Bartz et al. v. Anthropic PBC*, No. 3-24-cv-5417, (N.D. Cal. Nov. 12, 2025), Dkt. Nos. 462-467.

Plaintiffs then filed this lawsuit on December 22, 2025—not just against Anthropic, but also five of its competitors, including Perplexity. Dkt. No. 1. Plaintiffs broadly assert that all of the defendants infringed their copyrights by copying their works without permission and using them "to build and train their commercial large language models ('LLMs')." Compl. ¶¶ 1-2, 18-23. At the same time, plaintiffs acknowledge that defendants are competitors in the "generative-AI race." *Id.* ¶ 2; *see id.* ¶ 36. Significantly, to the extent they make defendant-specific allegations rather than lumping all defendants together, plaintiffs allege that each defendant copied their works in different ways, at different times, using different technologies, for different purposes. *See*, *e.g.*, *id.* ¶¶ 50, 61, 73-74. The complaint also seeks to hold each defendant individually liable and seeks individualized relief against each defendant. *Id.* ¶¶ 128-133.

Notably, the complaint does not allege as to Perplexity—unlike other defendants—that the company made copies of plaintiffs' books or sourced books from any particular "shadow library."

---

[2] Plaintiff Jane Adams has voluntarily dismissed her claim against Anthropic, but not the other Defendants. *See* Notice of Voluntary Dismissal, Jan. 21, 2026, Dkt. No. 50.

1  Instead, plaintiffs allege that Perplexity trains its Perplexity Answers and Perplexity Pages by using
2  its "proprietary" technology that "crawl[s] and scrap[es]" web pages (*id*. ¶¶ 105-06)—a wholly
3  different course of alleged conduct from what plaintiffs assert against other defendants (and from the
4  proposed settlement in *Bartz*). Plaintiffs allege that Perplexity's models can produce summaries of
5  their works, but—with the exception of a vague reference to a query as to plaintiff Carreyrou's book—
6  do not even *try* to allege that anyone has ever used Perplexity to reproduce their works. *Id*. ¶ 107.

## LEGAL STANDARD

Federal Rule of Civil Procedure 20 provides that defendants may be joined if "any right to relief is asserted against them ***jointly, severally, or in the alternative*** with respect to or arising out of the ***same transaction, occurrence, or series of transactions or occurrences***" and "any question of law or fact common to all defendants will arise in the action." "Both requirements—that the right to relief as to each defendant arise out of the same transaction, occurrence, or series of transactions or occurrences and that a common question of law or fact exist—are *mandatory* and must exist for joinder to be appropriate." *Adobe Sys. Inc. v. Colorado Internet Servs., LLC*, 2014 WL 1007627, at *2 (N.D. Cal. Mar. 12, 2014) (emphasis added).

Although "[m]isjoinder of parties is not a ground for dismissing" an entire action, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Accordingly, "[i]f the test for permissive joinder [under Rule 20] is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). "Courts in this circuit have noted that the proper remedy for misjoinder is to dismiss those defendants who have been misjoined—that is, all but the first-named defendant." *Adobe*, 2014 WL 1007627, at *4 (collecting cases)*; Fashion Ave. Sweater Knits, LLC v. A'Gaci, LLC*, 2020 WL 13248958, at *1-2 (C.D. Cal. Oct. 26, 2020) (severing and dismissing without prejudice all defendants except for the initial defendant and explaining that "[w]hen defendants are improperly joined, 'the Court may dismiss all but the first named defendant without prejudice so that separate suits may be filed against the dropped defendants.'") (citation omitted); *Third Degree Films, Inc. v. John Does 1 Through 4*, 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) ("In the case of misjoinder, the proper remedy is to sever

1  misjoined parties and dismiss claims against them.").[3]

2  Moreover, even when "the specific requirements of Rule 20" are satisfied, "a trial court must
3  also examine the other relevant factors in a case in order to determine whether the permissive joinder
4  of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co.*
5  *of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Relevant considerations include judicial economy,
6  preventing jury confusion and unfair prejudice, and whether separate claims require different
7  witnesses and documentary proof. *SEC v. Leslie*, 2010 WL 2991038, at *4 (N.D. Cal. Jul. 29, 2010).

---

[3] In their opposition to Perplexity's administrative motion to set a briefing schedule, plaintiffs argued that "where courts in this District order severance, they regularly direct the Clerk to open a new docket, refile the same pleading, and docket any response to the complaint." Plaintiffs' Opposition to Administrative Motion at 2, Feb. 9, 2026, Dkt. No. 89. But the cases they cite in support of that proposition are inapposite. *Arteris S.A.S. v. Sonics, Inc.* involved only one plaintiff and one defendant, and the court *sua sponte* severed claims, rather than parties. 2013 WL 3052903, at *8 (N.D. Cal. June 17, 2013). In *Smith v. Trexler*, the court directed the clerk to file the amended complaint in the new action—but likely because he was a *pro se* prisoner who hand-wrote all submissions to the court, in order to make the process easier for him and in light of the more lax standards applicable to *pro se* plaintiffs. 2016 WL 925851, at *7 (N.D. Cal. Mar. 11, 2016).

Although the court has discretion as to the appropriate remedy for severance, the practice in this District is in fact to permit plaintiffs to "refile separate complaints against . . . defendants." *IO Grp., Inc. v. Does 1-19*, 2010 WL 5071605, at *4 (N.D. Cal. Dec. 7, 2010); *Am. Small Bus. League v. United States Off. of Mgmt. & Budget*, 2021 WL 4459667, at *4 (N.D. Cal. Apr. 21, 2021) ("Within seven days of the date of this order, *ASBL shall file a complaint in the new matter containing its claims against SBA only*.") (emphasis added); *BMG Music v. Does 1-4*, 2006 WL 7132629, at *3 (N.D. Cal. Aug. 1, 2006) ("Doe defendants # 2-4 are SEVERED and DISMISSED from the action without prejudice. *Plaintiffs can refile separate complaints against Doe defendants # 2-4* within thirty (30) days of the date of this Order.") (emphasis added); *Diabolic Video Prods., Inc. v. Does 1-2099*, 2011 WL 3100404, at *5 (N.D. Cal. May 31, 2011) (Magistrate Judge severed Defendants Does 2 through 2099 and recommended "that if Diabolic can refile *separate complaints against Does 2 through 2,099* within 20 days of this order, such actions should be deemed a continuation of the original action for purposes of the statute of limitations.") (emphasis added); *see, e.g.*, *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1165 (N.D. Cal. 2011) ("The claims against the severed Doe Defendants are DISMISSED without prejudice to refiling in separate actions."); *Boy Racer, Inc. v. Does 1-60*, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) (dismissing "without prejudice to plaintiff filing individual actions against Doe defendants 8-60.").

# ARGUMENT

## 1. The Court Should Sever Perplexity Because Plaintiffs Cannot Meet The Requirements Of Rule 20.

Plaintiffs' attempt to join Perplexity with four of its competitors fails to satisfy Rule 20's requirement that plaintiffs' claims arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); *Coughlin*, 130 F.3d at 1350. "The phrase 'same transaction, occurrence, or series of transactions or occurrences' requires 'a degree of *factual* commonality underlying the claims.'" *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2010 WL 9934741, at *3 (N.D. Cal. Dec. 21, 2010) (emphasis added; citation omitted); *see also Coughlin*, 130 F.3d at 1350 (finding that the "same transaction" requirement "refers to similarity in the factual background of a claim" and that plaintiffs in that case failed to demonstrate their claims arose out of a "systematic pattern of events"). In other words, the claims must "arise from *related activities*," not "separate and independent act[s]." *Bravado Int'l Grp. Merch. Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (quotation marks omitted).

That factual commonality is entirely absent here. Plaintiffs' allegations boil down to an assertion that each of the defendants ***separately and independently*** infringed the same copyrights. That falls far short of what Rule 20 requires.

Most notably, plaintiffs allege separate and distinct acts of infringement by each defendant. As plaintiffs themselves contend, defendants are working *against* one another—not in concert with each other—to win what plaintiffs call "The Generative AI Arms Race." Compl. ¶¶ 2, 35-36 ("[F]or these companies, staying ahead of competitors is 'code red.'"); ¶¶ 41-42. But "numerous federal courts have found that joinder is improper when there is no allegation that multiple defendants acted in concert." *BMG Music*, 2006 WL 7132629, at *2 (granting severance and collecting cases). And it is further telling that plaintiffs seek to hold each defendant individually liable, not liable "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2)(A); *see* Compl. ¶¶ 128-133.

As Judge Chen has explained in granting severance, joinder of unrelated defendants is inappropriate when a copyright plaintiff alleges "separate and distinct acts" of infringement by different defendants. *Adobe*, 2014 WL 1007627, at *3. Adobe alleged that multiple defendants sold

1  counterfeit versions of its software; the court severed and dismissed all but the first-named defendant
2  because the sales were "separate and distinct acts" that occurred at different times by different actors
3  with no alleged "relationship . . . among [them]." *Id*. The court further explained that the allegation
4  that defendants "have engaged in similar misconduct, ***in separate instances***, against Adobe" is "an
5  insufficient basis for which to join all [d]efendants into a single suit." *Id*. (emphasis added). That some
6  defendants may have signed the same reseller agreement, and shared similar sources or customer lists,
7  was not enough to establish "a logical connection between the alleged infringing acts brought by
8  separate [d]efendants." *Id*. (internal quotations omitted); *see also*, *e.g.*, *Sream, Inc. v. Abdelfattah*,
9  2016 WL 9226377, at *1 (C.D. Cal. Apr. 11, 2016) (following *Adobe* in severing and dismissing
10 defendants in copyright infringement action); *Pacific Century Int'l Ltd. v. Does 1-101*, 2011 WL
11 2690142, at *4 (N.D. Cal. July 8, 2011) (severing when only commonality among defendants was that
12 they were alleged to have infringed the same copyrights); *cf. Cisco Sys., Inc. v. Shenzen Usource Tech.*
13 *Co.*, 2021 WL 2139333, at *2-3 (N.D. Cal. May 26, 2021) (citing *Adobe* in denying request for leave
14 to amend to add additional defendants in trademark infringement action because the proposed
15 infringement claims did not arise out of the same transaction or occurrence). As Judge Alsup
16 previously noted, severance is the appropriate remedy when "each defendant has simply been thrown
17 into a mass pit with others to suit plaintiff's convenience." *WiAV Networks, LLC v. 3Com Corp.*, 2010
18 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010).

19         These cases are directly on point. As another court in this Circuit succinctly noted, "allegations
20 against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement
21 do not support joinder under Rule 20(a)." *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F.
22 Supp. 2d 1282, 1285 (D. Ariz. 2009) (collecting cases granting severance). Or, as another court has
23 put it, "it is well established that defendants 'who merely infringe the same [copyright] do not satisfy
24 the same occurrence and transaction requirement' of Rule 20." *Afifeh v. Ahmadabadi,* 2022 WL
25 1617115, at *1 (C.D. Cal. Apr. 15, 2022) (collecting cases); *Medsquire LLC v. Quest Diagnostics,*
26 *Inc.*, 2011 WL 7710203, at *2 (C.D. Cal. Dec. 1, 2011) (severing in patent infringement case because
27 "Defendants are 'separate companies, which make and sell separate, competing products.'" (citation
28 omitted)); *Malibu Media LLC v. Does 1-10*, 2012 WL 12884460, at *4 (C.D. Cal. Oct. 10, 2012) ("the

only commonality between Defendants in each case is that they downloaded the same copyrighted works using BitTorrent, but this alone is insufficient to support permissive joinder."); *Bravado Int'l Grp. Merch. Servs.*, 2010 WL 2650432, at *5 (dismissing copyright defendants whose only commonality was based on plaintiff's "reasonable belief" that they were part of the same distribution chain); *Joanne Fabric, Inc. v. Brad & Zoe, Inc.*, 2018 WL 6137158, at *1 (C.D. Cal. Apr. 4, 2018) (granting motion to sever and noting that "Courts in the Central District routinely dismiss defendants for misjoinder in copyright cases."); *N.J. Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991) ("[Patent] [i]nfringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder."); *Philips Elec. N. Am. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) ("[T]he only connection between [defendants proposed to be joined] is that they may have infringed the same patents owned by [plaintiff], which is an insufficient basis to join unrelated parties as defendants in the same lawsuit.").

Plaintiffs have previewed that they intend to argue this case presents "underlying common issues of law." Dkt. No. 89, at 2 & n.1. It is doubtful plaintiffs will be able to make that showing. But, more fundamentally, that is not the test for joinder; Rule 20 requires *both* that "any question of law or fact common to all defendants will arise in the action" (Fed. R. Civ. P. 20(a)(2)(B)) *and* that the claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" (Fed. R. Civ. P. 20(a)(2)(A)). As noted above, the same transaction or occurrence requirement requires that the claims involve a common *factual* background—not merely that they may present common *legal* issues. For that exact reason, the court in *Adobe* rejected similar arguments because they "conflate the two distinct requirements for permissive joinder." *Adobe*, 2014 WL 1007627, at *4. "The fact that there may be a common question of law or fact as to all the Defendants (as required under Rule 20(a)(2)(B)) does not necessarily mean that the claims against those Defendants arise from the same transaction or occurrence (as required under Rule 20(a)(2)(A))." *Id.*

Finally, and further underscoring that the infringement claims do not arise out of the same transaction or occurrence, plaintiffs implicitly acknowledge the technological and factual differences among the defendants' allegedly infringing AI products. For example, Perplexity is the only defendant whose product is alleged to use "AI search . . . systems," and a "retrieval-augmented generation or

1   'RAG' process," that (according to plaintiffs) retrieves copyright works using "crawlers" on websites.
2   Compl. ¶ 30; *see id.* ¶¶ 106-110. Other defendants, by contrast, are primarily accused of building large
3   language AI models, often referred to as "foundation models," using shadow libraries containing the
4   text of books for training. *Id.* ¶¶ 50, 61, 73-74.

5   These types of factual differences—which the complaint's allegations recognize—further
6   confirm that the allegations of infringement against each defendant involve separate transactions. *See*
7   *IO Group, Inc. v. Does 1-19*, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010) (severing where
8   nineteen defendants reproduced eighteen films "on fifteen different days."); *Hard Drive Prods.*, 809
9   F. Supp. 2d at 1163-64 (severing where a "nearly six-week span" of alleged downloading and
10  uploading of plaintiff's video across multiple IP addresses by defendants "calls into question whether
11  there was ever common activity"). The court in *IO Group* further noted that a conclusory allegation
12  that defendants "conspired" to reproduce and distribute the plaintiff's works was insufficient without
13  alleged facts showing that they "worked in concert." 2010 WL 5071605, at *3-4. Here, the case for
14  severance is all the more clear—plaintiffs have not attempted to allege that defendants acted in
15  concert. Nor could they, because they acknowledge at the outset of their complaint that Perplexity and
16  the other defendants are *competitors*, not collaborators.

17  In short, the plain text of Rule 20 and overwhelming weight of authority interpreting it make
18  clear that the complaint's allegations of separate infringement by multiple unrelated defendants fall
19  far short of what is required to permit joinder. As in *Adobe* and similar cases, the Court should sever
20  and dismiss the claims against Perplexity, which is not the first-named defendant.

21  **2.    In The Alternative, The Court Should Exercise Its Discretion To Sever Perplexity.**

22  Even if plaintiffs could satisfy Rule 20, the Court should exercise its discretion to sever
23  Perplexity because joinder in this case would not "comport with the principles of fundamental
24  fairness." *Desert Empire*, 623 F.2d at 1375. On the contrary, a single proceeding would prejudice *all*
25  defendants (including Perplexity) and result in substantial inefficiency and jury confusion. *See Leslie*,
26  2010 WL 2991038, at *4 (identifying factors and severing because the case would otherwise devolve
27  into "scores of mini-trials"); *see also*, *e.g.*, *Hard Drive Prods.*, 809 F. Supp. 2d at 1164 (similar).

28

1          First, Perplexity would be prejudiced if severance is denied. The allegations about Perplexity's product are materially different from allegations directed at the other defendants even beyond the fact that they are different products offered by different companies. Perplexity is the only defendant that is alleged to use a search system and web crawling rather than building so-called foundation models. *See* Compl. ¶¶ 106-118. Moreover, it appears that plaintiffs are trying to leverage allegations in pending copyright infringement lawsuits asserting similar types of claims against some of the *other* defendants. *See*, *e.g.*, *Bartz, supra*, No. 3:24-cv-5417 (N.D. Cal. Aug. 19, 2024); *In re Google Generative AI Copyright Litigation*, No. 5:23-cv-03440 (N.D. Cal. July 11, 2023); *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417 (N.D. Cal. July 7, 2023); *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579 (N.D. Cal. Nov. 6, 2025); *In Re: OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y. Apr. 11, 2025). Plaintiffs' complaint demonstrates that they intend to use these allegations about other defendants in other cases to paint with an industry-wide brush—an inappropriately overbroad approach that would force Perplexity to defend against allegations that are not relevant to Perplexity's conduct and products.

          Second, and relatedly, proceeding jointly would further prejudice Perplexity and its co-defendants by risking jury confusion if the case makes it to trial. Realistically, a trial against five defendants would involve a "parade of witnesses" and other evidence that jury instructions cannot cure. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (severing plaintiffs to avoid jury confusion). The complaint's allegations implicate a thicket of complex and distinct technologies. Compl. ¶¶ 43-45, 47, 51-52, 62, 74, 78, 83, 100, 106, 122. A single jury would have to disentangle which defendant used which mechanism, when, and with what data in order to evaluate plaintiffs' distinct claims of copyright infringement. Given the technical complexity that would naturally arise from each defendant's differing factual defenses, the Court should exercise its discretion and sever.

          Other courts have reached similar results. For example, in *On The Cheap, LLC v. Does 1-5011*, the court granted severance in part because the defendants would "likely raise different factual and legal defenses" that would each require individual resolution. 280 F.R.D. 500, 503 (N.D. Cal. 2011). Similarly, in *Wynn v. National Broadcasting Co.*, the court severed the defendants where "[i]nstead

of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002).

Finally, forcing joinder would further create enormous inefficiencies related to Perplexity's (and other defendants') need to protect highly confidential information about their respective proprietary technologies from each other. As previously noted, plaintiffs recognize that Perplexity and the other defendants are direct competitors. Compl. ¶¶ 2, 35-36, 42; *see* page 2, *supra*. And to the extent plaintiffs' claims against Perplexity survive a motion to dismiss—which they should not—resolving questions of how Perplexity's answer engine selected and retrieved sources and generated responses to user queries may lead plaintiffs to try to look "under the hood" at Perplexity's (and presumably the other defendants') inner workings. To avoid a situation where each defendant gains access to its competitors' proprietary technologies, the Court would have to supervise the entry of detailed protective orders and imposition of source restrictions, expert access limits, and attorney/party "walls" to mitigate competitive harm. That is why—in a case involving far less advanced technology—another court explained: "[A]bsent severance, discovery would be needlessly complicated by the fact that many if not all of the Defendants appear to be competitors who would understandably be reluctant to disclose sensitive, proprietary information to one another." *Sw. Fair Hous. Council v. WG Chandler Villas SH LLC*, 2019 WL 1382500, at *3 n.4 (D. Ariz. Mar. 27, 2019).

Plaintiffs seem to acknowledge this, alleging that Perplexity has "proprietary LLM models" that are crucial to its business. Compl. ¶ 105. Ensuring adequate protection of proprietary information will be much more complex and burdensome if a single action encompassing all defendants is permitted to go forward. Severing proceedings, by contrast, will streamline confidentiality negotiations, cabin motion practice to what is necessary for each defendant, and avoid concerns that sensitive information would be shared among competitors.

In short, severance serves the interests of justice and promotes prompt, efficient resolution by allowing any case against Perplexity to proceed on its own focused record rather than in a sprawling, multi-defendant dispute.

## CONCLUSION

The Court should sever and dismiss Defendant Perplexity AI.

| | | |
|---|---|---|
| Dated: | February 27, 2026 | MAYER BROWN LLP |

*/s/ Matthew D. Ingber*
Matthew D. Ingber

*Attorney for Defendant Perplexity AI, Inc.*