DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900


CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

COOLEY LLP
KATHLEEN R. HARTNETT (314267)
khartnett@cooley.com
MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865)
lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone: (650) 843-5000
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSÉ DIVISION

CAMBRONNE INC., et al.,

    Plaintiffs,

  v.

ANTHROPIC PBC, et al.,

    Defendants.

Case No. 5:25-cv-10897-PCP

Related Case No. 5:26-cv-02333-LJC

**DEFENDANT META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF RELATED CASES AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiffs' counsel in *Cambronne Inc. v. Anthropic PBC*, No. 5:25-cv-10897-PCP ("*Cambronne*"), and *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 5:26-cv-02333-LJC ("*Chicken Soup*"), seek related case status for their two cases alleging copyright infringement against eight separate companies who are developing their own independent AI large language models.[1]

For the reasons discussed in Meta's motion to sever in *Cambronne* (Dkt. 114), Meta's forthcoming reply in support of that motion, and the analogous motion Meta will make in *Chicken Soup* if the parties cannot reach a resolution based on the adjudication of Meta's motion to sever in *Cambronne*,[2] Plaintiffs' claims against Meta should be severed and dismissed because Plaintiffs have not alleged any common transaction or occurrence linking the disparate Defendants or their conduct.  To the extent that these Plaintiffs subsequently refile their severed claims against Meta, those actions against Meta should be related to two preexisting copyright infringement actions against Meta already pending in front of Judge Chhabria: *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.) (class action), and *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579-VC (N.D. Cal.) (individual action).[3]  Like *Cambronne* and *Chicken Soup*, *Kadrey* and *Entrepreneur* arise from allegations that Meta infringed plaintiffs' copyrighted works by copying and using them to develop and train Meta's large language models without authorization.  Those cases have already had extensive judicial management before Judge Chhabria, including the issuance of a dispositive ruling in *Kadrey* granting Meta summary judgment as to one of the theories of infringement, and the later-filed case of *Entrepreneur* is benefitting from expedited discovery due to its relation to *Kadrey*.  The most efficient course for the Court and all parties is to sever Plaintiffs' claims against Meta so that they may proceed as related cases to *Kadrey* and *Entrepreneur* without duplicative discovery and motion practice and

---

[1] The *Cambronne* action was formerly captioned *Carreyrou v. Anthropic PBC*; the captioning changed when Cambronne Inc. was added as a Plaintiff in the amended complaint in place of Carreyrou. "*Cambronne*" and "*Carreyrou*" are the same civil action.

[2] As of the date of this filing, to its knowledge, Meta has not been served with the *Chicken Soup* complaint.

[3] At a hearing on February 5, 2026, Meta informed Judge Chhabria that the *Cambronne* case (then *Carreyrou*) had been filed and that Meta was "expecting to have a motion to sever because we think it was improper joinder" and then "file a motion for relatedness to you." *Kadrey* Dkt. 680 (Feb. 12, 2026) at 37:4-13.

without the risk of inconsistent rulings concerning the same challenged conduct. While Meta maintains that Plaintiffs' claims against Meta are mis-joined with Plaintiffs' claims against other unconnected companies, Meta does not oppose relation of *Cambronne* and *Chicken Soup* for an interim reassignment of *Chicken Soup* so that this Court may address the severance issues raised in both cases, pending a further determination of relationship to *Kadrey* and *Entrepreneur* after the severance issue is adjudicated.

**APPLICATION OF CIVIL LOCAL RULE 3-12**

As pled, *Cambronne* and *Chicken Soup* "concern substantially the same parties" only because Plaintiffs have elected in both cases to mis-join the same group of eight independent competitor AI companies. *See* Civ. L.R. 3-12(a)(1). With respect to Plaintiffs' allegations against Meta specifically, these two cases, as well as *Kadrey* and *Entrepreneur*, concern the same events: Meta's alleged unauthorized use of copyrighted works to train its large language models. *See id.* (defining related cases to include those that "concern substantially the same . . . transaction, or event"). For that reason, Meta anticipates that the court in *Kadrey* and *Entrepreneur* will determine that the present matters are related to those cases, once the misjoinder of various Defendants is addressed and the severed claims are refiled against Meta alone. There would also likely "be an unduly burdensome duplication of labor and expense" in requiring two Judges of this Court to adjudicate very similar arguments for and against severance in the present two cases "if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2). Again, this factor will apply with even greater force as to the relationship between the present two cases and *Kadrey* and *Entrepreneur* once severance is resolved, and Meta anticipates that this factor will warrant a finding that *Cambronne* and *Chicken Soup* are related to *Kadrey* and *Entrepreneur*.

**CONCLUSION**

Meta does not oppose an interim determination of relatedness of the *Cambronne* and *Chicken Soup* cases to each other for purposes of evaluating the motions to sever mis-joined Defendants, without prejudice to Meta's presentation of a future application for relatedness to *Kadrey* and *Entrepreneur* after the severance issue is resolved.

Dated: March 23, 2026

Respectfully submitted,

By: */s/ Karen L. Dunn*

DUNN ISAACSON RHEE LLP
Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Emails: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

COOLEY LLP
Kathleen R. Hartnett
Mark R. Weinstein
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Bobby A. Ghajar
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Phillip Morton (*pro hac vice*)
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Emails: khartnett@cooley.com
mweinstein@cooley.com
lstameshkin@cooley.com
bghajar@cooley.com
pmorton@cooley.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
Angela L. Dunning
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*