**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC; GOOGLE LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC.; APPLE INC.; and NVIDIA CORPORATION,<br><br>Defendants. | Case No.  5:25-cv-10897-PCP<br><br>**DEFENDANT APPLE INC.'S MOTION TO SEVER**<br><br>Hearing Date:  May 12, 2026<br>Time:  10:00 a.m.<br>Place:  Courtroom 8<br><br>Judge:  Hon. P. Casey Pitts |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 12, 2026, at 10:00 a.m., or as soon thereafter as the Court's schedule allows, in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendant Apple Inc. ("Apple") will and hereby does move this Court to sever the claim against Apple pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and the records, files, and pleadings in this case, and all other matters and evidence that the Court deems proper and appropriate, including other Defendants' motions to sever.

### STATEMENT OF REQUESTED RELIEF

Because Plaintiffs' joinder of Apple in this action is improper, Apple respectfully requests that the Court (1) sever Plaintiffs' claim against Apple, and (2) require Plaintiffs, to the extent they desire to proceed, to refile any claim against Apple as an individual defendant.

### STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should sever Apple from this case pursuant to Federal Rule of Civil Procedure 21 because Plaintiffs do not assert either a right to relief against Apple and the other Defendants in this action "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" or "that any question of law or fact common to all defendants will arise in the action" (Fed. R. Civ. P. 20(a)(2)), and because severance would prevent prejudice, avoid jury confusion, and promote judicial economy.

Dated: April 7, 2026

**LATHAM & WATKINS LLP**

By */s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

The Amended Complaint asserts copyright infringement claims against eight different Defendants that, according to Plaintiffs' allegations, engaged in distinct conduct over different time periods. Dkt. 119 (Am. Compl.). Apple Inc. ("Apple") joins the pending motions to sever filed by other Defendants.[1]

Multiple defendants may be joined in one action only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Both requirements . . . are mandatory and must exist for joinder to be appropriate." *Adobe Sys. Inc. v. Colorado Internet Servs., LLC*, No. 13-cv-4193-EMC, 2014 WL 1007627, at *2 (N.D. Cal. Mar. 12, 2014). Even if the threshold requirements for joinder are met, the Court still "must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296–97 (9th Cir. 2000) (citation omitted). For the reasons explained below and in other Defendants' motions, the Court should sever the claims against Apple. Should the Court do so, Apple would seek to relate any refiled lawsuit against Apple to the consolidated putative class action against Apple currently pending before Judge Gonzalez Rogers, *Hendrix v. Apple Inc.*, No. 4:25-cv-07558-YGR (N.D. Cal.).

## I.    Plaintiffs' claims do not arise out of the same transaction or occurrence.

When Plaintiffs filed suit, they did not bring any claims against Apple. Nor did they even mention Apple in their initial complaint. That is because Apple has nothing to do with the allegations Plaintiffs have levied against the other Defendants in this case. Indeed, it was not until March 10, 2026, that Plaintiffs first alleged that Apple infringed their copyrights. Plaintiffs' allegations against Apple, as explained in more detail below, are specific to Apple's training of its

---

[1] Dkts. 94, 106, 112, 114, 115, 143–146. Plaintiffs stipulated and agreed with the OpenAI Defendants "that severance and (subsequent) transfer of Plaintiffs' claims against the OpenAI Defendants for such purposes is reasonable and serves the interests of judicial economy and efficiency." Dkts. 98–99.

own generative AI models.  *See* Am. Compl. ¶¶ 40, 213–230.  They have nothing to do with the other Defendants.  Simply put, Apple is not alleged to have been involved in any transaction or occurrence involving any other Defendant.  That alone is fatal to Plaintiffs' joinder of Apple.  *See* Fed. R. Civ. P. 20(a)(2).

***Distinct Training Data Allegations.***    Plaintiffs' allegations regarding training data illustrate the entirely distinct nature of Plaintiffs' allegations against Apple as opposed to Plaintiffs' allegations against other Defendants.  The datasets Plaintiffs allege that each Defendant used vary by Defendant.  Plaintiffs allege, for example, that Apple trained its OpenELM models "on a mixture of datasets . . . , including RefinedWeb, PILE, a subset of RedPajama, and a subset of Dolma v.16," and that it trained the Apple Foundation Models ("AFM") "on a dataset that included licensed data from publishers, as well as data collected by AppleBot, Apple's web crawler, and other publicly available data."  Am. Compl. ¶¶ 214, 217.[2]  But although Plaintiffs specifically allege that some Defendants downloaded data from LibGen, Z-Library, or Sci-Hub, Plaintiffs do not allege that Apple downloaded data from those sources.  *Id.* ¶¶ 40, 131, 137, 143, 147, 151–152, 154, 199–203.  And while Plaintiffs allege that Apple trained its models "on a dataset that included licensed data from publishers," *id.* ¶ 214, they make no such allegations against the others.  Plaintiffs instead attempt to sweep Apple in by alleging that there is a "reasonable basis to believe that like 'all' major LLM companies, it downloaded Anna's Archive."  *Id.* ¶ 40.  It is improper, however, to seek to join defendants based simply on a plaintiff's asserted "reasonable belief" that the defendants are somehow connected.  *See Joanne Fabric, Inc. v. Brad & Zoe, Inc.*, No. 17-cv-6854, 2018 WL 6137158, at *1 (C.D. Cal. Apr. 4, 2018) (severing defendants whose commonality was plaintiff's "reasonable belief" that they purchased material from "a single source"); *see also Cisco Sys., Inc. v. Shenzen USource Tech. Co.*, No. 20-cv-4773-EJD, 2021 WL 2139333, at *2 (N.D. Cal. May 26, 2021) (rejecting joinder of defendants whose "only commonality" was plaintiff's "speculat[ive]" allegations that defendants "likely buy from the same network of clandestine manufacturers").  Plaintiffs' attempt to sweep Apple in based

---

[2]  These sparse allegations as to Apple overlap directly with those at issue in *Hendrix*. *See* No. 4:25-cv-07558-YGR, Dkt. 81 ¶¶ 11–14, 29, 47, 61.

on a purported "reasonable basis to believe" is particularly improper where, as here, there is no allegation that Apple conspired or acted jointly with any other Defendant. *Adobe Sys.*, 2014 WL 1007627, at *2–3 (severing defendants where complaint "contains no allegations suggesting any relationship or common scheme" even though "[d]efendants are alleged to have engaged in similar misconduct").

***Distinct Generative AI Model Allegations.*** Plaintiffs' allegations regarding how Apple's generative AI models work also differ materially from the allegations regarding other Defendants' generative AI models. Plaintiffs allege that Apple used data from different sources than other Defendants used to train their respective generative AI models and also that Apple's generative AI models function differently than the other Defendants' generative AI models. For example, Plaintiffs allege that Apple's AFM models "power features including text summarization, content generation, image creation, and natural language processing." Am. Compl. ¶ 213. In contrast, Plaintiffs allege that other Defendants have models that allegedly create "copies [of copyrighted works] so complete that, when prompted, the models can reproduce substantially all of the original text, word for word." *Id*. ¶ 110; *see also id*. ¶¶ 111–117 (allegations regarding research study of the performance of Anthropic-created models, OpenAI-created models, Google-created models, and xAI-created models). The alleged differences between Apple's generative AI models and the myriad other generative AI models created by the other Defendants reinforces that there is no common transaction or occurrence at issue in this case.

Plaintiffs cannot avoid that reality by including conclusory allegations of an "industry-wide course of conduct." *Id.* ¶ 16. Such allegations are insufficient to justify joinder of Apple, however, because allegations that a group of "defendants" "infringe[d] the same [copyright] do not satisfy the same occurrence and transaction requirement." *Afifeh v. Ahmadabadi*, No. 22-cv-928, 2022 WL 1617115, at *1 (C.D. Cal. Apr. 15, 2022) (citation omitted); *see also Adobe Sys.*, 2014 WL 1007627, at *3 (severing defendants alleged to have committed "separate and distinct acts of . . . copyright infringement"). The claims against Apple should therefore be dismissed based on improper joinder.

## II.    Plaintiffs' claims do not involve common questions of law or fact.

Plaintiffs' claims against Apple involve questions of law or fact that are not common to the other Defendants. *See Hernandez v. City of San Jose*, No. 16-cv-3957-LHK, 2017 WL 2081236, at \*9–10 (N.D. Cal. May 15, 2017) (severing claims based on "discrete and separate incidents" and thus with "few common questions of law and fact"); *see also Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1081 (C.D. Cal. 2002) ("While it is true that Plaintiffs have alleged claims against Defendants based on the same general theory of law, this is not a sufficient ground to find that their claims raise common legal or factual questions."). As explained in Defendants' pending motions to sever, the copyright infringement claim against each of them raises individualized facts concerning different transactions, different witnesses, the development of different generative AI models, and different damages issues.

These differences go to the core of Defendants' distinct fair use defenses, which "require[] individualized weighing of the equities of a given use of a given work." *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 938 (9th Cir. 2002). Fair use analysis requires the Court to consider: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for non-profit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use on the potential market for or value of the copyrighted work." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1175 (9th Cir. 2013) (citing 17 U.S.C. § 107 and explaining fair use is a "mixed question of law and fact"). The relevant fair use analysis will require individualized, fact-intensive inquiries specific to each Defendant, including at least to issues related to the purpose and character of the specific generative AI tools and services developed by each Defendant, the composition of particular datasets used for training by each Defendant, and the effect, if any, of each Defendant's particular product and outputs (or lack thereof) on the consumer market for each asserted work. *See, e.g.*, *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-3417-VC, Dkt. 700 at 5 n.1 (N.D. Cal. Mar. 25, 2026) ("market harm . . . will often be highly fact-dependent, such that training claims would likely be individualized").

Here, in addition to differences identified by other Defendants, the Amended Complaint includes allegations related to training of Apple's non-commercial, "open-source" OpenELM research model that is unlike the commercial models identified in the Amended Complaint. Am. Compl. ¶¶ 216–218. Plaintiffs do not take aim at any other allegedly open-source, research models. *See, e.g., id.* ¶¶ 119–121 (Anthropic-specific allegations), ¶¶ 141–145 (Google-specific allegations), ¶¶ 151–155 (Meta-specific allegations), ¶¶ 161–165 (xAI-specific allegations), ¶¶ 176–178 (Perplexity-specific allegations), ¶¶ 190–192 (NVIDIA-specific allegations). Thus, whether and the extent to which the open-source, research nature of a generative AI model is relevant to Plaintiffs' claims and Apple's defenses will only be at issue with respect to the claims against Apple.

Finally, Plaintiffs do not allege that any Defendant other than Apple used "licensed data from publishers" to train the models each Defendant is alleged to have created. *Compare* Am. Compl. ¶ 214, *with* ¶¶ 120–121 (Anthropic-specific allegations), ¶ 142 (Google-specific allegations), ¶¶ 151–154 (Meta-specific allegations), ¶¶ 165–167 (xAI-specific allegations), ¶¶ 177–178 (Perplexity-specific allegations), ¶¶ 192–193, 201–202 (NVIDIA-specific allegations). Plaintiffs' allegation that Apple used "licensed data from publishers" raises questions of law and fact that are unique to Apple, such as whether Apple's alleged use of Plaintiffs' copyrighted works was expressly licensed. *See Hard Drive Prods., Inc. v. Does*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011) (explaining that joinder is inappropriate if it will "force the Court to address the unique defenses that are likely to be advanced by each individual Defendant"). Because the claim of infringement against Apple will have to be resolved upon facts specific to Apple, and thus legal questions specific to those facts, the claims against Apple do not involve common questions of law or fact and therefore Apple has been improperly joined. *See Blackman v. Teespring, Inc.*, No. 19-cv-01494-RS, 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019).

## III. Severance will promote judicial economy and fairness and avoid unfair prejudice.

Severing the claims against Apple so they can be related to the *Hendrix* action will promote judicial economy and avoid unfair prejudice. The existence of an ongoing and related action weighs in favor of severance because relating those actions will allow the courts and parties to

avoid duplication of effort and the risk of inconsistent adjudications. *See L.B. v. LinkedIn Corp.*, No. 24-cv-6832-EJD, 2025 WL 2899514, at *3 (N.D. Cal. Oct. 10, 2025) (severing claims that were "duplicative of—or at least substantially overlap with" those in a pending action). Plaintiffs' claims against Apple overlap heavily with the allegations brought by the plaintiffs in *Hendrix*, which also involves a single claim for direct copyright infringement based on allegations regarding Apple's training of its OpenELM and AFM models. Indeed, should the Court grant this motion, and if Plaintiffs were to then refile the same claim against Apple, Apple would be obligated to file an Administrative Motion to Consider Whether Cases Should be Related. The case against Apple by these Plaintiffs would "concern substantially the same parties, property, transaction, or event" as the *Hendrix* case, and it would "appear[] likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* N.D. Cal. Civ. L.R. 3-12(a), (b).

As noted by other Defendants, "joinder would result in numerous hurdles" and unfair prejudice for Apple and the other Defendants, which are direct competitors and will be required to coordinate their defense and engage in discovery while navigating the need to protect competitively sensitive information from one another. *Hard Drive Prods.*, 809 F. Supp. 2d at 1164. Particularly here, where Defendants have "fiercely safeguard[ed]" information about the novel and proprietary generative AI technologies at issue, requiring Apple and its competitors "to divulge their trade secrets to one another in discovery and trial . . . would violate the principles of fundamental fairness and prejudice the [] Defendants." *Lam Rsch. Corp. v. Flamm*, No. 15-cv-1277-BLF, 2016 WL 1237831, at *2 (N.D. Cal. Mar. 30, 2016) (severing defendants notwithstanding argument that "the Court could reduce the risk that trade secrets would be disclosed to competitors through protective orders" because severance would "eliminate the risk of disclosing trade secrets while allowing this matter to go forward in an orderly fashion").

## IV.    Conclusion

The Court should sever and dismiss Apple from this case and require Plaintiffs to refile their claims against Apple in a separate complaint.

Dated: April 7, 2026

**LATHAM & WATKINS LLP**

By */s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*