**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHROPIC PBC, *et al.*,<br><br>　　　　Defendants. | Case No. 5:25-cv-10897-PCP<br><br>**DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO SEVER**<br><br>Hon. P. Casey Pitts<br>Courtroom: 8<br>Date: May 12, 2026<br>Time: 10:00 a.m. |

## TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF RELIEF SOUGHT ................................................................................ 1

ISSUE PRESENTED ................................................................................ 2

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................................ 2

PRELIMINARY STATEMENT ................................................................................ 2

BACKGROUND ................................................................................ 2

ARGUMENT ................................................................................ 3

I.    THE INFRINGEMENT CLAIM AGAINST NVIDIA DOES NOT ARISE FROM THE SAME TRANSACTION OR OCCURRENCE AS THE OTHER SIX REMAINING DEFENDANTS ................................................................................ 4

II.    A COMMON FAIR USE DEFENSE DOES NOT JUSTIFY JOINDER ................................ 6

III.    PLAINTIFFS' IMPROPER JOINDER PREJUDICES NVIDIA ................................ 7

IV.    SEVERANCE IS WARRANTED BECAUSE THE CLAIM AGAINST NVIDIA SUBSTANTIALLY OVERLAPS WITH THE CLAIM IN *NAZEMIAN* ................................ 9

CONCLUSION ................................................................................ 10

DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO SEVER

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Col. Int. Servs.*,
   No. C-13-4193 EMC, 2014 WL 1007627 (N.D. Cal. Mar. 12, 2014) ........................................4

*AF Holdings, LLC v. Does 1-1058*,
   752 F.3d 990 (D.C. Cir. 2014) ................................................................................................6

*Am. Small Bus. League v. U.S. Off. of Mgmt. & Budget*,
   2021 WL 4459667 (N.D. Cal. Apr. 21, 2021) ........................................................................9

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*,
   598 U.S. 508 (2023) ................................................................................................................6

*Boy Racer, Inc. v. Does 1-60*,
   No. C 11-01738 SI, 2011 WL 3652521 (N.D. Cal. Aug. 19, 2011) .........................................4

*Coleman v. Quaker Oats Co.*,
   232 F.3d 1271 (9th Cir. 2000) ................................................................................................3

*Corley v. Google*,
   316 F.R.D. 277 (N.D. Cal. 2016) .....................................................................................5, 6, 7

*Digital Sin, Inc. v. Does 1-5698*,
   No. C 11-04397 LB, 2011 WL 5362068 (N.D. Cal. Nov. 4, 2011) .........................................4

*In re EMC Corp., Decho Corp. & Iomega Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ..............................................................................................4

*In re Google Generative AI Copyright Litig.*,
   809 F. Supp. 3d 903 (N.D. Cal. 2025) ....................................................................................8

*Hard Drive Prods., Inc. v. Does 1-188*,
   809 F. Supp. 2d 1150 (N.D. Cal. 2011) ...............................................................................5, 8

*Hustler Mag. Inc. v. Moral Majority Inc.*,
   796 F.2d 1148 (9th Cir. 1986) ................................................................................................6

*IO Grp., Inc. v. Does 1-19*,
   No. C 10-03851 SI, 2010 WL 5071605 (N.D. Cal. Dec. 7, 2010) ...........................................4

*Jones v. CertifiedSafety, Inc.*,
   No. 17-CV-02229-EMC, 2019 WL 758308 (N.D. Cal. Feb. 20, 2019) ...................................4

*Kadrey v. Meta Platforms, Inc.*,
   788 F. Supp. 3d 1026 (N.D. Cal. 2025) ...................................................................................6

DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO SEVER

*L.B. v. LinkedIn Corp.*,
  No. 5:24-CV-06832-EJD, 2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ................................ 10

*Lam Rsch. Corp. v. Flamm*,
  No. 15-CV-01277-BLF, 2016 WL 1237831 (N.D. Cal. Mar. 30, 2016) ................................... 9

*In re Mosaic LLM Litig.*,
  No. 24-cv-01451-CRB, 2025 WL 2402677 (N.D. Cal. Aug. 19, 2025) .................................... 8

*Mycone Dental Supply Co. v. Creative Nail Design, Inc.*,
  No. C 12-00747 RS, 2012 WL 12899100 (N.D. Cal. May 30, 2012) ...................................... 4

*Nazemian v. NVIDIA Corp.*,
  No. 24-cv-01454-JST (N.D. Cal.) ...................................................................................... 1, 3, 8

*On The Cheap, LLC v. Does 1-5011*,
  280 F.R.D. 500 (N.D. Cal. 2011) ............................................................................................ 5

*Wynn v. Nat'l Broad. Co.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) .................................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 20 .................................................................................................................. 1, 3

Fed. R. Civ. P. 21 ....................................................................................................................... 1

DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO SEVER

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on May 12, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable P. Casey Pitts of the United States District Court, Northern District of California in Courtroom 8, 4th Floor, United States District Court, 280 South 1st Street, Room 2112, San Jose, California 95113, defendant NVIDIA Corporation ("NVIDIA"), by and through its undersigned counsel, will, and hereby does, move to sever Plaintiffs' claim against it pursuant to Federal Rule of Civil Procedure 21 on the ground that Plaintiffs have failed to satisfy the requirements for permissive joinder of parties under Federal Rule of Civil Procedure 20(a)(2). NVIDIA further joins in, adopts, and incorporates by reference in relevant part the motions to sever previously filed by Defendants Google LLC, Anthropic, Perplexity AI, Inc., Meta Platforms, Inc., and xAI in the above-captioned action (ECF Nos. 94, 106, 112, 114, and 115) (collectively, the "Motions"). NVIDIA submits this narrowly-tailored brief in support of severance of NVIDIA specifically.

NVIDIA respectfully requests that the Court sever and dismiss Plaintiffs' claim against NVIDIA and require Plaintiffs, if they still wish to proceed against NVIDIA, to re-file against NVIDIA alone because Plaintiffs have improperly joined NVIDIA in this action. The Court should exercise its discretion pursuant to Rule 21 to sever the claim against NVIDIA. Plaintiffs' claim against NVIDIA is also related to and overlaps with the claims in *Nazemian v. NVIDIA Corp.*, No. 24-cv-01454-JST (N.D. Cal.), pending before Judge Tigar, and thus should be severed from this case to facilitate its relation to that action.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Motions, and the records, files, and pleadings in this case, and all other matters and evidence that the Court deems proper or appropriate.

## STATEMENT OF RELIEF SOUGHT

NVIDIA seeks an order pursuant to Rule 21 of the Federal Rules of Civil Procedure severing and dismissing Plaintiffs' claim against NVIDIA for misjoinder.

## ISSUE PRESENTED

Whether the Court should sever Plaintiffs' claim against NVIDIA from claims against unrelated Defendants given Plaintiffs' failure to allege any concerted action or common course of conduct among the Defendants or otherwise to satisfy the requirements for joinder under Rule 20?

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

NVIDIA occupies a distinct role in the generative artificial intelligence ecosystem.  Unlike other Defendants, NVIDIA develops open-source training frameworks and pre-trained foundational models that enable others to build their own large language models.  NVIDIA's role in the AI industry is thus fundamentally different from that of companies like Anthropic, Google, or Meta, which develop and deploy consumer-facing AI products.  Plaintiffs nevertheless group NVIDIA with a set of unrelated companies based on general allegations about participation in the same industry and purported use of overlapping data sources.

Rule 20 does not permit that approach.  Plaintiffs' claim against NVIDIA arises from different products, different alleged conduct, and different evidence than their claims against other Defendants.  There is no alleged coordination, no shared decision-making, and no common course of conduct that ties NVIDIA to the other Defendants.  Instead, Plaintiffs seek overtly for leverage and their own convenience to litigate against an industry in a single case.  NVIDIA joins and incorporates the pending motions to sever, which establish that industry-wide joinder is improper. This motion focuses on why severance is particularly warranted as to NVIDIA—both because the claims against it are not transactionally related to those against other Defendants and because proceeding jointly would create substantial and unfair prejudice.

## BACKGROUND

Plaintiffs assert a single claim of copyright infringement against eight distinct companies, including NVIDIA.  Am. Compl. ¶¶ 2, 233.  Plaintiffs allege that Defendants each independently used one of Plaintiffs' books "to train … and/or optimize their product[s]."  *Id.* at ¶¶ 2, 9-10.

Plaintiffs purport to base this action on an "industry-wide course of conduct" that began with "OpenAI's 2018 decision" and continued as "the remaining defendants … exploited … additional shadow libraries" to "win the generative-AI race." *Id.* at ¶¶ 3, 15-16. According to Plaintiffs, this "cascading pattern of infringement" establishes "a factual and evidentiary nucleus that links Defendants' infringement and renders their conduct properly adjudicated together." *Id.* at ¶¶ 15-16. Plaintiffs seek individualized relief from each Defendant; they do not allege that Defendants conspired, acted in concert, or all accessed the same source of information. *Id.* at ¶ 233.

Plaintiffs' allegations are divided into discrete sections organized by specific shadow libraries and specific Defendants. *See id.* at ¶¶ 64-109, 119-230. Relevant here, Plaintiffs allege that NVIDIA downloaded *The Pile* to train its NeMo Megatron models. *Id.* at ¶ 192. Plaintiffs also allege, based on information and belief and allegations from a putative class action against NVIDIA pending before Judge Tigar, that NVIDIA downloaded Anna's Archive. *See id.* at ¶¶ 199-202. Plaintiffs' claim against NVIDIA is largely indistinguishable from the direct copyright infringement claim asserted against NVIDIA in that case. *Compare id. with Nazemian v. NVIDIA Corp.*, No. 24-cv-01454-JST, ECF No. 235 at ¶¶ 38, 52-61 (N.D. Cal.).

## ARGUMENT

The concept of permissive joinder is based on considerations of efficiency and fairness. Thus, joinder of multiple defendants is proper only if (1) the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there is "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation omitted). Here, Plaintiffs' sprawling, industry-wide complaint is neither efficient nor fair.

DEFENDANT NVIDIA CORPORATION'S NOTICE OF MOTION AND MOTION TO SEVER

## I.    THE INFRINGEMENT CLAIM AGAINST NVIDIA DOES NOT ARISE FROM THE SAME TRANSACTION OR OCCURRENCE AS THE OTHER SIX REMAINING DEFENDANTS

Rule 20 permits joinder only where claims arise from the same transaction or occurrence and share common questions of law or fact.  Claims are transactionally related if they arise from "shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts."  *In re EMC Corp., Decho Corp. & Iomega Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).  There must be "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant."  *Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, No. C 12-00747 RS, 2012 WL 12899100, at *2 (N.D. Cal. May 30, 2012) (quoting *id.*).

Those requirements are not met where, as here, plaintiffs allege that different defendants engaged in similar but independent conduct.  *Jones v. CertifiedSafety, Inc.*, No. 17-CV-02229-EMC, 2019 WL 758308, at *4 (N.D. Cal. Feb. 20, 2019) (plaintiffs "cannot join defendants who *simply engaged in similar types of behavior*, but who are otherwise unrelated") (internal quotation omitted; emphasis in original).  Courts consistently reject joinder in such circumstances because similarity is not enough—there must be shared, overlapping facts giving rise to each claim.  *See Adobe Sys. Inc. v. Col. Int. Servs.*, No. C-13-4193 EMC, 2014 WL 1007627, at *3 (N.D. Cal. Mar. 12, 2014).

Relevant here, "[d]efendants who merely infringe the same copyright do not satisfy the same occurrence and transaction requirement."  *Id.* (granting motion to sever where plaintiffs alleged "separate and distinct acts of [] copyright infringement against each Defendant separately"); *Digital Sin, Inc. v. Does 1-5698*, No. C 11-04397 LB, 2011 WL 5362068, at *3 (N.D. Cal. Nov. 4, 2011) (allegation that "defendants downloaded and shared the same file" did not support joinder because "defendants downloaded the protected work at various dates and times"); *Boy Racer, Inc. v. Does 1-60*, No. C 11-01738 SI, 2011 WL 3652521, at *2-4 (N.D. Cal. Aug. 19, 2011) (same, collecting cases).

That is why courts in this District have rejected even less ambitious theories than Plaintiffs' theory based on an alleged industry-wide "piracy ecosystem," ECF No. 126 at 6, including joinder of parties that used "the same peer-to-peer network to infringe," *IO Grp., Inc. v. Does 1-19*, No. C

10-03851 SI, 2010 WL 5071605, at *3 (N.D. Cal. Dec. 7, 2010) (collecting cases), exchanged the same copyright material with one another through BitTorrent, *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1157 (N.D. Cal. 2011) (collecting cases), or were "alleged to have acted in concert," *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502-03 (N.D. Cal. 2011) (collecting cases).

This case, like multi-defendant BitTorrent actions, will require different proof, different documents, and different witnesses for Plaintiffs' copyright claim as it relates to each of the seven remaining Defendants, resulting in numerous "mini trials involving different evidence and testimony." *On The Cheap*, 280 F.R.D. at 503 (internal quotation omitted). Plaintiffs' only non-conclusory allegations related to NVIDIA involve two alleged datasets—*The Pile* and Anna's Archive—neither of which is common to allegations against all the Defendants. *The Pile*, which NVIDIA allegedly used to train its Nemo Megatron models, was allegedly accessed by only three of the other Defendants: Anthropic, Meta, and Apple. Am. Compl. ¶¶ 37 (Meta), 120-121 (Anthropic), 192 (NVIDIA), 221 (Apple). And Plaintiffs allege only one other defendant (Meta) accessed Anna's Archive. *Id.* ¶¶ 151 (Meta), 202 (NVIDIA).[1] Evidence that other Defendants, companies with separate products, allegedly infringed Plaintiffs' copyrights by training their LLMs using different datasets, acquired in different ways, at different times, and for different purposes, does not arise from a common occurrence. At most, Plaintiffs allege that different Defendants accessed some of the same publicly available datasets at different times and in different ways. That is not a shared transaction or occurrence—it is independent conduct that must be evaluated defendant by defendant. *Corley v. Google*, 316 F.R.D. 277, 284 (N.D. Cal. 2016) ("simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder") (internal quotation omitted).[2]

[1] Relying on a blog post from Anna's Archive, Plaintiffs reason that because every Defendant is "a major company building LLMs" it is reasonable to infer "that each Defendant downloaded from Anna's Archive." Am. Compl. ¶ 109. This wholly conclusory allegation is not entitled to any weight.

[2] As the *Corley* court explained, "two 'users who download the same file'"—or, in this case, alleged datasets—"'are like two individuals who play at the same blackjack table at different times. They

## II.    A COMMON FAIR USE DEFENSE DOES NOT JUSTIFY JOINDER

Plaintiffs also point to fair use as a purportedly common issue, *see, e.g.*, ECF No. 126 at 6-7, 15-16, but that only underscores why joinder is improper.  *First*, even if claims involve the same factual or legal issues, joinder is not appropriate if those claims did not arise out of the same transaction or occurrence, as discussed above.  *See* Part I, *supra*.

*Second*, fair use is a defendant-specific inquiry that turns on how each defendant's models were developed and used.  *See, e.g.*, *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 533 (2023).  The relevant factors are non-exhaustive, and the defense must be decided on a case-by-case basis.  *Hustler Mag. Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1152 (9th Cir. 1986).  NVIDIA's models are released primarily as research tools and starting points for downstream customization, not as consumer-facing products—further differentiating the analysis from that applicable to other Defendants.  This distinct end-use is illustrative of the NVIDIA-specific issues that will require unique evidence in a fair use analysis and make joinder with the other Defendants in this case unwieldy and improper.

*Third*, Plaintiffs' attempt to frame the fair use inquiry as "what happens to Plaintiffs' ability to license their works for AI training," ECF No. 126 at 10, is not supported by the law.  The suggestion that copyright holders are entitled to monopolize a theoretical market of licensing their works to AI companies has already been rejected in this District.  *See Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1051 (N.D. Cal. 2025) ("[T]o prevent the fourth factor analysis from becoming circular and favoring the rightsholder in every case, harm from the loss of fees paid to license a work for a transformative purpose is not cognizable.").

At bottom, Plaintiffs' joinder argument has no limiting principle.  By Plaintiffs' logic, anyone who allegedly accessed an online dataset "participated in the same underlying scheme," and is thus subject to joinder.  ECF No. 126 at 6.  However flexible the Rule 20 standard may be, Plaintiffs stretch it past the breaking point.  That is why this Court has recognized that "the single

may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions.'"  316 F.R.D. at 284 (quoting *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990 (D.C. Cir. 2014)).

transaction or occurrence requirement is not met where," as here, Plaintiffs "have to prove their claims [and] defendants would have to litigate their defenses on an individualized basis." *Corley*, 316 F.R.D. at 284.

### III.    PLAINTIFFS' IMPROPER JOINDER PREJUDICES NVIDIA

Severance also is appropriate because Plaintiffs' joinder of NVIDIA with this disparate group of Defendants prejudices NVIDIA in multiple ways.

*First*, NVIDIA will be prejudiced if this joint action proceeds to trial because the trier of fact may improperly attribute to NVIDIA evidence that other Defendants' products produce "near-complete copies of entire books" on demand, even though Plaintiffs cannot make the same allegations as to NVIDIA.  Am. Compl. ¶¶ 111-113.  Plaintiffs characterize this allegation as "powerful scientific evidence [of] *each* Defendant's training process" and proclaim that the "findings are directly relevant to *all* Defendants[.]"  *Id*. ¶ 117 (emphasis added).  But these "regurgitation" claims about non-NVIDIA products have no bearing on the specific infringement claim against NVIDIA.  Plaintiffs' pleadings already demonstrate their intent to treat all Defendants as interchangeable, despite material differences in their conduct, products, and market position.  Absent severance, there is substantial risk that the trier of fact will unfairly penalize NVIDIA for the alleged technical outputs of its co-Defendants.  *Corley*, 316 F.R.D. at 290 (granting motion to sever based on potential jury confusion); *Wynn v. Nat'l Broad. C*o., 234 F. Supp. 2d 1067, 1089 (C.D. Cal. 2002) (granting motion to sever, based on the "substantial risk that one [defendant] will be tainted by the alleged misdeeds of another, unfairly resulting in guilt by association").

The same risk of cross-contamination applies to willfulness.  Plaintiffs must establish knowledge and practices on a defendant-by-defendant basis, based on individualized proof.  But Plaintiffs seek to rely on amorphous industry-wide practices and other Defendants' statements to shore up their allegations regarding NVIDIA's mental state.  *See, e.g.*, Am. Compl. ¶¶ 8, 14, 16, 209-210, 236; ECF No. 126 at 16.  That is highly prejudicial.  And Plaintiffs' request to defer these issues until discovery has been conducted, ECF No. 126 at 22, "fail[s] to comport with Ninth Circuit precedent, which expressly instructs courts to consider the risk of jury confusion in evaluating prejudice to the parties when analyzing misjoinder." *Corley*, 316 F.R.D. at 290.

*Second*, Plaintiffs overlook important differences between NVIDIA's products, which compound the prejudice from joining NVIDIA with other Defendants. The Amended Complaint implicates at least three families and nine distinct NVIDIA models. Am. Compl. ¶¶ 192-193, 196, 203-205. In this context, a family is an umbrella term that includes various models, and each model can, in turn, have distinctive variants. Source code, training data, and end-uses may vary depending on the family, model, or variant at issue, *compare id.* ¶ 192 (alleging use of *The Pile* to train NeMo Megatron models), *with id.* ¶ 203 (alleging use of Anna's Archive for later, unspecified models), as will relevant custodians and witnesses. Even the alleged datasets implicated in the Amended Complaint are not static and may vary over time; thus, one alleged access of "*The Pile*" may have different significance than another alleged access of "*The Pile*" at a different point in time.

These distinctions are not academic—they will also drive the proof required. In the putative class action pending against NVIDIA that Plaintiffs rely on for most of their allegations regarding NVIDIA, the Court has required lead plaintiffs to tailor their allegations to specific families, models, and datasets. *See Nazemian v. NVIDIA Corp.*, No. 24-cv-01454-JST, ECF Nos. 168, 183, 185 (N.D. Cal. Jan. 15, 2026) (denying discovery into models and datasets not specifically identified in complaint). So too have courts in this District in other cases. *See, e.g.*, *In re Mosaic LLM Litig.*, No. 24-cv-01451-CRB, 2025 WL 2402677, at *2 n.2 (N.D. Cal. Aug. 19, 2025) (dismissing in part based on the "lack of factual, rather than conclusory, allegations as to what materials [defendant] actually used to train [its] models"); *In re Google Generative AI Copyright Litig.*, 809 F. Supp. 3d 903, 914 (N.D. Cal. 2025) ("Because Plaintiffs do not allege that any of their works were included in training datasets used to develop these models, Plaintiffs do not plausibly allege copyright infringement."). Plaintiffs will be required to prove on a defendant-by-defendant, model-by-model basis, what data was used, how it was used, and for which models. That inquiry is already complex in a single-defendant case. Combining multiple defendants with different models, data sources, and development paths multiplies that complexity and defeats the purpose of joinder.

*Third*, as explained in the Motions, "joinder would result in numerous hurdles," *Hard Drive*, 809 F. Supp. 2d at 1164, and force NVIDIA to coordinate pleadings, case management, discovery, and trial preparation with a half-dozen other defendants, thus increasing cost, complexity, and delay.

*See Am. Small Bus. League v. U.S. Off. of Mgmt. & Budget*, 2021 WL 4459667, at \*3-4 (N.D. Cal. Apr. 21, 2021) (severing in part because joinder of unrelated defendants "may result in overall delays"). That burden exists solely because Plaintiffs chose to join unrelated defendants in a single action.

Even assuming a protective order can protect NVIDIA's highly valuable, confidential information, the practical burdens of negotiating and navigating compliance with a protective order suitable for a case joining multiple, independent companies will be time-consuming. Moreover, NVIDIA will bear the unnecessary risk that, should the protective order fail, its competitively sensitive documents and information produced in discovery will fall into the hands of other Defendants. *See Lam Rsch. Corp. v. Flamm*, No. 15-CV-01277-BLF, 2016 WL 1237831, at \*2 (N.D. Cal. Mar. 30, 2016). Plaintiffs' misjoinder will certainly require NVIDIA to incur unnecessary costs and risk.

Both the Amended Complaint and Plaintiffs' response to the Motions telegraph how Plaintiffs will attempt to establish liability by industry participation, rather than individualized facts. NVIDIA should not face the ongoing risk of being saddled with inferences drawn from other Defendants' actions or be required to distinguish its conduct from others' at every turn to avoid prejudice. Plaintiffs must establish willfulness based on defendant-specific knowledge and conduct. They cannot rely on generalized, industry-wide allegations or the conduct of other companies to establish NVIDIA's state of mind. Proceeding in a single action would create inefficiency, confusion, and substantial prejudice. Fundamental fairness requires severance.

## IV.   SEVERANCE IS WARRANTED BECAUSE THE CLAIM AGAINST NVIDIA SUBSTANTIALLY OVERLAPS WITH THE CLAIM IN *NAZEMIAN*

The claim asserted against NVIDIA substantially overlaps with the direct copyright infringement claim against NVIDIA in *Nazemian*. That case arises from the same alleged course of conduct—NVIDIA's alleged acquisition and alleged use of data from *The Pile*, Anna's Archive, and other online repositories. Plaintiffs recognize as much, relying heavily on the filings from that action to plead their claim here. *See* Am. Compl. ¶¶ 191, 199, 202, 207.

Given the substantial overlap between the factual allegations and legal theories, severing the claim against NVIDIA would facilitate relation to *Nazemian*, enabling NVIDIA to litigate in a coordinated manner before a court that has already invested considerable resources in managing discovery related to these same allegations. Severance would also largely avoid duplicative discovery while reducing the risk of inconsistent rulings. *See L.B. v. LinkedIn Corp.*, No. 5:24-CV-06832-EJD, 2025 WL 2899514, at *4 (N.D. Cal. Oct. 10, 2025) (granting motion to sever so that claims could be related to an earlier-filed putative class action). Plaintiffs' recognition that "severance and (subsequent) transfer of Plaintiffs' claims against the OpenAI Defendants … serves the interests of judicial economy and efficiency," ECF No. 98 at 1, applies equally with respect to NVIDIA.

## CONCLUSION

For all the foregoing reasons, the Court should sever and dismiss Plaintiffs' improperly joined claim against NVIDIA.

Respectfully Submitted,

Dated: April 7, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Valerie Roddy*
Valerie Roddy

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorney for Defendant NVIDIA Corporation*