Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
**STRIS & MAHER LLP**
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800 | F: (213) 261-0299

Christopher M. Rigali (*pro hac vice*)
crigali@stris.com
Jacqueline Sahlberg (*pro hac vice*)
jsahlberg@stris.com
**STRIS & MAHER LLP**
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

Bridget Asay (*pro hac vice*)
basay@stris.com
**STRIS & MAHER LLP**
15 East State Street, Ste 2
Montpelier, VT 0560s2
T: (802) 858-4285

Kyle Roche (*pro hac vice*)
kroche@fnf.law
Devin (Velvel) Freedman (*pro hac vice*)
vel@fnf.law
Alex Potter (*pro hac vice*)
apotter@fnf.law
**FREEDMAN NORMAND
FRIEDLAND LLP**
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC; GOOGLE LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC.; APPLE INC.; and NVIDIA CORPORATION,, <br><br> Defendants. | Case No. 5:25-cv-10897-PCP <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER** <br><br> Date:    May 12, 2026 <br> Time:    10:00 a.m. <br> Crtrm.:    8 <br><br> Judge: Hon. P. Casey Pitts |

Case No.: 5:25-cv-10897-PCP

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................................................1

II.  STATEMENT OF PERTINENT FACTS .......................................................................2

III. LEGAL ARGUMENT.........................................................................................................4

    A.   Neither Apple Nor NVIDIA Disputes Plaintiffs' Key Arguments Concerning Rule 20's Standards. ...................................................................................................4

    B.   Apple and NVIDIA Have Not Carried Their Burden to Show the Court Should Grant Severance. ..........................................................................................7

    C.   Defendants' Motions are Premature. ...........................................................................9

    D.   The Pendency of Other Cases in the District Against Apple and NVIDIA Does Not Support Severance Here...........................................................................9

    E.   In the Alternative, This Court Should Consolidate Any Actions Not Deemed Related to Another Pending Case.............................................................................10

IV.  CONCLUSION .................................................................................................................12

Case No. 5:25-cv-10897-PCP

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*,
99 F. Supp. 3d 1110 (C.D. Cal. 2015)......................................................................5

*Aspen Tech., Inc. v. Kunt*,
No. 4:10-CV-1127, 2011 WL 86556 (S.D. Tex. Jan. 10, 2011) ...............................2

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) ..................................................................................................6

*Carper v. Adknowledge, Inc.*,
No. 13-CV-03921-JST, 2013 WL 5954898 (N.D. Cal. Nov. 6, 2013) ..................2, 7

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000).................................................................................9

*Corley v. Google*,
316 F.R.D. 277 (N.D. Cal. 2016) .........................................................................6, 9

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997).........................................................................2, 4, 7

*Doe I v. Boy Scouts of Am.*,
No. 1:13-CV-00275-BLW, 2014 WL 345641 (D. Idaho Jan. 30, 2014) ..................9

*In re EMC Corporation*,
677 F.3d 1351 (Fed. Cir. 2012)...........................................................................5, 7

*Est. of Carter by & through Carter v. SSC Selma Operating Co. LLC*,
No. 2:19-CV-00431-JB-M, 2020 WL 3429040 (S.D. Ala. June 23, 2020) .............2

*Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*,
877 F.2d 777 (9th Cir. 1989)..................................................................................10

*Lam Research Corporation v. Flamm*,
No. 15-CV-01277-BLF, 2016 WL 1237831 (N.D. Cal. Mar. 30, 2016) ..................8

*Malone v. Strong*,
No. 3:16-CV-05284-RBL-DWC, 2016 WL 3546037 (W.D. Wash. May 20,
2016).......................................................................................................................11

*Mycone Dental Supply Co. v. Creative Nail Design, Inc.*,
No. C 12-00747 RS, 2012 WL 12899100 (N.D. Cal. May 30, 2012).................4, 5

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

*Oasis Research, LLC v. Carbonite, Inc.*,
No. 4:10-CV-435, 2012 WL 3544881 (E.D. Tex. Aug. 15, 2012) .......................................... 11

*Rosewolf v. Merck & Co.*,
No. 22-CV-02072-JSW, 2022 WL 3214439 (N.D. Cal. Aug. 9, 2022)................................... 11

*Russo v. Fed. Med. Servs., Inc.*,
756 F. Supp. 3d 748 (N.D. Cal. 2024) ............................................................................. 5, 9

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
637 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2022)......................................................... 2, 7

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ....................................................................................................... 6

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382
(3d ed. rev. 2025) ........................................................................................................ 10

Fed. R. Civ. P. 20(a)(2) ................................................................................................ 1, 4

Fed. R. Civ. P. 42(a)...................................................................................................... 10

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

Plaintiffs respectfully submit their consolidated Memorandum in Opposition to Motions to Sever filed by Defendants Apple, Inc. and NVIDIA Corporation. *See* ECF Nos. 95, 154; *see also* Defendants' Motions To Sever at ECF No. 161 ("Apple Mot."), ECF No. 164 ("NVIDIA Mot."). Both Apple and NVIDIA join the Motions to Sever filed by other Defendants and repeat similar arguments made in the briefing on those motions. *See* Apple Mot. at 1; NVIDIA Mot. at 1.[1] To streamline their response, Plaintiffs thus incorporate by reference their previously filed Memorandum in Opposition. *See* ECF No. 126 ("Plaintiffs' Opp.").

## I.    INTRODUCTION

Like the other Defendants, Apple and NVIDIA present no compelling reason why Plaintiffs' complaint about the AI industry's abuse of their copyrighted works should be litigated and tried in piecemeal fashion, and there is none. Neither Apple nor NVIDIA, nor any other Defendant, has shown that Plaintiffs' claims do not arise from the same series of transactions or occurrences and do not present common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Indeed, courts in this district confronting similarly industry-wide misconduct have rejected the very approach Defendants urge here. In the social media addiction litigation, major technology companies—including Meta and Google—have been required to proceed together in a single coordinated action despite individualized questions regarding each platform's design, algorithms, and user interactions, because the claims arise from a common course of conduct and present overlapping factual and legal issues. "That individualized factual issues may arise in each action

---

[1] *See* ECF No. 94 ("Google Mot."), ECF No. 106 ("Anthropic Mot."), ECF No. 112 ("Perplexity Mot."), ECF No. 114 ("Meta Mot."), ECF No. 115 ("xAI joinder"), ECF No. 142 ("Anthropic Reply"), ECF No. 144 ("Perplexity Reply"), ECF No. 145 ("Meta Reply"), and ECF No. 146 ("Google Reply"). Following Judge Chhabria's April 10, 2026, order in *Chicken Soup for the Soul, LLC v. Anthropic PBC* (ECF No. 32, Case No 3:26-cv-02333(N.D. Cal.)), Plaintiffs and Meta conferred. Meta is the sole Defendant that has answered Plaintiffs' Complaint (ECF No. 109), and had previously represented that "[d]iscovery produced in *Kadrey* has already been reproduced for use in *Entrepreneur*," a later filed case. Meta Reply at 5; *see also* ECF No. 40 at 2, No. 3:25-cv-09579-VC (N.D. Cal.). The parties agreed to stipulate to the severance of Plaintiffs' claims against Meta so that Plaintiffs' case could be coordinated with those other pending copyright actions over which Judge Chhabria is presiding, *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal.), and *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 3:25-cv-09579-VC (N.D. Cal.), in which discovery is ongoing. *See* ECF No. 171; *see also* Meta Mot. at 12 (seeking severance to address the "same allegations and issues in a coordinated manner").

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

does not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization." *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (U.S. Jud. Pan. Mult. Lit. 2022).

Nor has any Defendant met its burden to demonstrate that this Court should exercise its discretion to grant severance. *See, e.g.*, *Carper v. Adknowledge, Inc.*, No. 13-CV-03921-JST, 2013 WL 5954898, at *5 (N.D. Cal. Nov. 6, 2013) ("party seeking severance ordinarily bears the burden of demonstrating that it will suffer at least some prejudice or harm if the parties are not severed") (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)); *Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) ("The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary."); *Est. of Carter by & through Carter v. SSC Selma Operating Co. LLC*, No. 2:19-CV-00431-JB-M, 2020 WL 3429040, at *7 n.5 (S.D. Ala. June 23, 2020) ("Plaintiff's failure to respond does not excuse the . . . Defendants from their burden to support their motion for a severance under Rule 21.").

The Court should thus deny their motions.

## II.     STATEMENT OF PERTINENT FACTS

Plaintiffs previously set forth the pertinent facts in their Memorandum in Opposition to other Defendants' Motions to Sever, and do not detail them again here. *See* Plaintiffs' Opp. at 2-6. The parties' fundamental disagreement, reflected in Apple's and NVIDIA's submissions, is whether, as Plaintiffs allege, this action arises from a single, industry-wide course of misconduct that will entail common evidence and many common questions of law and fact. It will. But certainly at this early juncture, Defendants cannot be heard to complain that it will not.

In brief, the Amended Complaint does not allege coincidental parallel conduct, as Defendants ask this Court to believe. Plaintiffs allege that Defendants engaged in the same series of transactions or occurrences by adopting a common approach to training data acquisition: exploiting shadow libraries to obtain vast quantities of copyrighted text to build and accelerate their model development, all without paying authors or publishers. ECF No. 119 ("Am. Compl.") ¶¶ 51–109. This conduct was a willful, systematic, and industry-wide scheme with a common origin, shared

sources, uniform technical copying, and parallel commercialization. *Id.* These allegations pose common questions central to every Defendant—*e.g.*, whether acquiring books from shadow libraries and their derivatives constitutes infringement; whether the ingestion, preprocessing, training, and fine-tuning steps necessarily create unlicensed reproductions; whether models that can reproduce copyrighted text embody embedded copies of those works; and whether this conduct was willful. *Id.* ¶¶ 5–9, 17, 110–118, 233–235. Defendants' internal communications, public statements, and technical documentation demonstrate awareness that this approach entailed using pirated content. *Id.*¶¶ 76–150.

Discovery beyond the Amended Complaint will bear out Plaintiffs' position. For example, allegations concerning NVIDIA's use of Anna's Archive, are not "wholly conclusory," as NVIDIA contends, but rather is a fact that Plaintiffs understand will be borne out by discovery. NVIDIA Mot. at n.1; *see* Am. Compl. ¶¶ 41, 199 & n.133. Further, discovery on industry-wide practices will also demonstrate the connected nature of Defendants' conduct: in a recently publicized talk held behind closed doors, Google's former CEO and executive chairman described how successful Silicon Valley entrepreneurs operate. He told students—after almost 20 copyright infringement lawsuits had been filed concerning the mass piracy of copyrighted works to train AI models—to "steal" whatever they need to build their "test" AI products and then, if the product takes off, to just "hire a whole bunch of lawyers to clean up the mess."[2] "If nobody uses your product," he continued, "then it doesn't matter that you ***stole*** all the content." *Id.* (emphasis added). His description was not limited to how Google or any single Defendant operates; it was an insider's recommendation based on common industry practice. And evidence concerning such an industry-wide course of misconduct should be before this Court before any severance motion is decided.

---

[2] *See* Alex Reisner, *The Hypocrisy at the Heart of the AI Industry*, The Atlantic (March 20, 2026), https://www.theatlantic.com/technology/2026/03/hypocrisy-ai-industry/686477/.

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

## III.    LEGAL ARGUMENT

Plaintiffs previously set forth their opposition to other Defendants' severance arguments, and, in this streamlined Memorandum, incorporate and rely on those arguments without repeating them in detail. *See* Plaintiffs' Opp. at 6–19. Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants where, as here: (1) the claims against the defendants "aris[e] out of the same transaction or occurrence"; and (2) "*any* question of law or fact common to all the parties will arise in the action." (emphasis added). Even where parties have been joined and a Court determines those requirements have not been met, the Court retains discretion to deny severance. *Coughlin*, 130 F.3d at 1351. Defendants have not met their burden of showing this case should be severed.

### A.    Neither Apple Nor NVIDIA Disputes Plaintiffs' Key Arguments Concerning Rule 20's Standards.

Plaintiffs have argued, and neither Apple or NVIDIA, nor any other Defendant, has refuted the following:

- The requirements of Rule 20(a) are flexible, not rigid, and must be construed liberally, Plaintiffs' Opp. at 6–7;

- Claims may arise from the same transaction or occurrence when they share a "logical relationship" or arise from a "systematic pattern of events," *id.* at 7;

- Joinder does not require Defendants to have acted in concert, *id.* at 8;

- Commonality requires *any* question of law or fact common to all defendants, not *all* questions of law or fact, *id.* at 6–7;

- Joinder is permissible where common questions of law or fact will "materially advance" the litigation, *id.* at 7; and

- The party seeking severance bears the burden, *id*. at 1.

With that backdrop, nothing Apple or NVIDIA argues carries their motions.

NVIDIA contends that "[th]ere ***must be*** substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." NVIDIA Mot. at 4 (quoting *Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, No. C 12-00747 RS, 2012 WL 12899100, at \*2 (N.D. Cal. May 30, 2012)) (emphasis added). This is incorrect. *Mycone Dental Supply Company* says only that

"[t]he Federal Circuit has recently held that Rule 20's 'transaction or occurrence' standard **is met** if there is 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.'" 2012 WL 12899100, at *2 (discussing *In re EMC Corporation*, 677 F.3d 1351 (Fed. Cir. 2012)). *Mycone* does not hold, as NVIDIA argues, that such "substantial evidentiary overlap" is **required** under Rule 20. *Id.* As set forth in Plaintiffs' Opposition, Rule 20's requirements are "flexible concepts," Plaintiffs' Opp. at 6 (quoting *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc.*, 99 F. Supp. 3d 1110, 1188 (C.D. Cal. 2015)), and the question is whether there is a "logical relationship" between the operative facts underlying separate infringement claims. Plaintiffs' Opp. at 8.

Apple makes much of the fact that Plaintiffs first brought allegations against it in Plaintiffs' Amended Complaint. But it cites nothing to support that the first inclusion of allegations against a Defendant in an amended pleading warrants severance. As with other Defendants, Apple participated in the same piracy ecosystem to obtain training data for their AI models. The differences Apple points to in how its models operate do not negate that common transaction or occurrence in which they participated. Further, contrary to Apple's contentions that Plaintiffs' allegations regarding training data render the claims against Apple distinct, Plaintiffs allege that—like other Defendants—Apple exploited *The Pile* and Books 3 in their race to catch up to OpenAI. *See, e.g.*, Am Compl. ¶¶ 9, 15, 40 ("For example, Apple downloaded *The Pile* (including Books3), and there is a reasonable basis to believe that like "all" major LLM companies, it downloaded Anna's Archive."); *see also id.* ¶¶ 219–221 (concerning Apple's use of Books 3 and *The Pile*); *id.* ¶¶ 34, 41 (alleging that, like Apple, Anthropic and NVIDIA downloaded "*The Pile* (including Books3)"). Conveniently, Apple does not mention Plaintiffs' allegations concerning its use of Books3.

The mere fact that "Plaintiffs' claims against Apple involve questions of law or fact that are not common to the other Defendants," Apple Mot. at 6, does not render joinder improper. Rule 20 does not require *all* questions of law or fact to be in common; it simply requires "*any*" single question to be in common. Fed R. Civ. P. 20; s*ee also, e.g.*, *Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 754 (N.D. Cal. 2024) ("The case will undoubtedly involve certain individualized questions as to each plaintiff but '[t]he rule does not require that all questions of law and fact raised

by the dispute be common.'") (citation omitted). Apple identifies differences it contends will exist in its planned fair use defense, but it does not deny the following common questions central to every Defendant: "whether acquiring books from shadow libraries and their derivatives constitutes infringement; whether the ingestion, preprocessing, training, and fine-tuning steps necessarily create unlicensed reproductions; whether models that can reproduce copyrighted text embody embedded copies of those works; and whether this conduct was willful." Plaintiffs' Opp. at 6. To the extent common answers are required under Rule 20, as Perplexity contends, these common questions will "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (considering commonality requirement under Rule 23) (cleaned up); *see also* Perplexity Reply at 5.

At bottom, Plaintiffs allege more than Defendants committing the same type of violation in the same way. Nor is this a situation, as in *Corley v. Google* on which Defendants rely, where "plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." 316 F.R.D. 277, 284 (N.D. Cal. 2016) (considering misjoinder of 879 Plaintiffs). Plaintiffs' claims and Defendants' known defenses will turn on common questions and evidence. As one example, Apple's use of "licensed data" renders joinder more appropriate, particularly given Google has informed Plaintiffs that it, too, licensed books. As Plaintiffs previously explained in greater detail, the market-harm analysis of any Defendant's fair use argument will require market-wide analysis from all Defendants—the central market participants. *See* Plaintiffs' Opp. at 2, 10–11. Apple's licenses, like Google's, are evidence that the "potential market" for licensing exists. *Id.*; *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994) ("Courts . . . consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a  substantially adverse impact on the potential market' for the original.").

Defendants are right that there is no one case perfectly on point with this situation: never before have industry competitors—as alleged in the Amended Complaint—been sued for committing such brazen acts of copyright infringement by drawing from an interconnected

ecosystem of piracy repositories as part of an industry-wide course of conduct.[3] Defendants' unprecedented misconduct is not a basis for severance.

Indeed, courts in this district confronting similarly industry-wide misconduct have reached the same conclusion. In the social media addiction litigation, major technology companies (including Meta and Google) have been required to proceed together in a single coordinated action despite individualized questions regarding each platform's design, algorithms, and user interactions, because the claims arise from a common course of conduct and present overlapping factual and legal issues. *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 637 F. Supp. 3d at 1378 ("That individualized factual issues may arise in each action does not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization."). The same is true here: although Defendants may ultimately advance individualized defenses, the core questions—whether Defendants engaged in a shared practice of exploiting piracy ecosystems to train their models, and whether that conduct was unlawful—are common across all Defendants and warrant joint adjudication.

**B.**     **Apple and NVIDIA Have Not Carried Their Burden to Show the Court Should Grant Severance.**

Even where the Rule 20 joinder standard is not satisfied, this Court retains discretion to deny severance where doing so would promote judicial economy or convenience, or prevent prejudice. *Coughlin*, 130 F.3d at 1351 ("If joined plaintiffs fail to meet both of these requirements, the district court *may* sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance.") (emphasis added); *see also Carper*, 2013 WL 5954898, at *5 (moving party's burden).

---

[3] Anthropic contends that the court in *In re EMC Corporation*, 677 F.3d 1351 (Fed. Cir. 2012), was applying "a patent-specific statutory standard, 35 U.S.C. § 299, which has no application to copyright joinder under Rule 20." Anthropic Reply at 5. Not so. The Court in *In re EMC Corporation* expressly declined to analyze joinder under 35 U.S.C. § 299, finding the then-newly enacted law did not have retroactive effect and thus did not apply to the case at issue. 677 F.3d at 1355–56. The analysis in *In re EMC Corporation*, as here, proceeded under Federal Rules of Civil Procedure 20 and 21. *Id.* at 1356. There, as here, joinder does not require defendants to have acted in concert. *Id.* at 1359 (holding that the transaction-or-occurrence test is flexible and can support claims against independent defendants where claims share an aggregate of overlapping facts).

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

Neither Apple or NVIDIA, nor any other Defendant, has carried its burden to show severance is warranted.

Apple and NVIDIA both express concern about protecting their confidential information from other Defendants. Courts have tools to address this precise concern, and Apple provides no explanation for why a well-crafted protective order—with provisions for "Attorneys' Eyes Only" restrictions—cannot address its concerns. Indeed, the very case Apple relies on (*Lam Research Corporation v. Flamm*) concludes that courts can "reduce the risk that trade secrets would be disclosed to competitors through protective orders" and bifurcated trials. No. 15-CV-01277-BLF, 2016 WL 1237831, at *2 (N.D. Cal. Mar. 30, 2016). Competitors have crafted such protective orders in complex litigation before. *See, e.g.*, *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 4:22-md-03047, MDL No. 3047 (N.D. Cal. 2022), ECF No. 1202. For its part, NVIDIA expresses concern about assuming "unnecessary risk" should the protective order fail. NVIDIA Mot. at 9. It should go without saying that Plaintiffs and their counsel appreciate the weight of protective orders and abide by them. In any event, *every* case requiring a protective order bears such risk—and whether in joined litigation or separate suits, all Defendants (including NVIDIA) will face suit by Plaintiffs.[4]

Nor have Defendants, including Apple and NVIDIA, accounted for the prejudice Plaintiffs will face should severance be granted. *See* Plaintiffs' Opp. at 16–17. Among other things, Defendants do not deny that requiring Plaintiffs to litigate separate lawsuits would impose enormous burdens of duplicative discovery, duplicative expert testimony, duplicative motion practice, and distinct trials. *Id.* at 16. Unlike the prejudice that concerns Defendants, Plaintiffs' prejudice cannot be addressed through simple case management tools. *Id.* at 17. Nor can it be simply remedied if severance is granted.

---

[4] To NVIDIA's concerns about coordination in this litigation, NVIDIA Mot. at 8–9, Plaintiffs note that the parties have been working efficiently to coordinate thus far. And Plaintiffs intend to continue doing so.

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

**C.      Defendants' Motions are Premature.**

At best, severance is premature. Defendants' core contentions are that the facts Plaintiffs have alleged—relying on Defendants' own statements, discovery in other cases against Defendants, and public reporting concerning Defendants' conduct—will not be borne out in discovery. And, their argument goes, if the facts will not show that Plaintiffs' claims arise of the same transaction or occurrence, severance is warranted now. Not so.

NVIDIA's central argument is that joinder will prejudice it in the ultimate proof required and at trial. NVIDIA Mot. at 7–9; Perplexity Reply at 2 (discussing prejudice from "jury" risk at trial). This concern drives home that NVIDIA's motion—like those of all Defendants—is premature and can be addressed down the line. Here, NVIDIA relies on *Corley v. Google* for the conclusion that "Ninth Circuit precedent . . . expressly instructs courts to consider the risk of jury confusion in evaluating prejudice to the parties when analyzing misjoinder." 316 F.R.D. at 290. The underlying precedent on which *Corley* relies, however, contains no such instruction: it merely states that, in that case, "the district court emphasized the danger of jury confusion." 316 F.R.D. at 290 (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). This Court can defer decisions premised on concerns of trial prejudice until closer to trial. *Russo*, 756 F. Supp. 3d at 754 ("[W]hile defendants argue that individualized issues may lead to jury confusion, this presents a problem down the road and the Court retains discretion to order separate trials should it be necessary."); *see also Doe I v. Boy Scouts of Am.*, No. 1:13-CV-00275-BLW, 2014 WL 345641, at *1 (D. Idaho Jan. 30, 2014) (denying motion to sever pre-trial phase of case while permitting severance for trial, but noting that the Court may—after discovery—reconsider the propriety of a single trial). The Court can revisit severance during or after pre-trial proceedings, thereby assessing the prejudice that concerns NVIDIA once the facts are in evidence that will enable the Court—and the parties—to evaluate trial structure.

**D.      The Pendency of Other Cases in the District Against Apple and NVIDIA Does Not Support Severance Here.**

Defendants, including Apple and NVIDIA, ask this Court to sever claims against individual Defendants so those then-severed cases can be related to other pending actions in the District. *See,*

*e.g.*, Apple Mot. at 7 ("The existence of an ongoing and related action weighs in favor of severance because relating those actions will allow the courts and parties to avoid duplication of effort and the risk of inconsistent adjudications."); NVIDIA Mot. at 9-10. Defendants appear to presume that other judges will deem any such severed cases related to previously pending actions. *See, e.g.*, NVIDIA Mot. at 9-10 (arguing severance would "facilitate relation"); ECF No. 143 ("Anthropic Reply") at 9 ("[L]ike other Defendants who have pending related proceedings, Anthropic intends to relate its severed case to *Bartz*, ensuring that Plaintiffs' claims against Anthropic proceed efficiently and without duplication."). But Defendants' assumptions have already been met with skepticism. Indeed, in a recent order, Judge Martinez-Olguin informed Anthropic that "the Court is ***unlikely*** to relate" *Cambronne v. Anthropic* to *Bartz v. Anthropic*, pending on her docket. No. 24-cv-05417-AMO, ECF No. 632 at 2 (emphasis added). Severing claims that will not be deemed related to other pending actions does not promote judicial economy or efficiency. Joinder, however, does.

**E.    In the Alternative, This Court Should Consolidate Any Actions Not Deemed Related to Another Pending Case.**

Defendants, including Apple and NVIDIA, ask this Court—if it grants severance—to dismiss claims against them. *See, e.g.*, NVIDIA Mot. at 1, 10; Apple Mot. at 5, 8. But no Defendant argues that this Court ***must*** do so. And the Court should not. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."); *see also* Plaintiffs' Opp. at 17–18.

If the Court severs any Defendant from this action, it should direct the Clerk to open a new docket for any such severed Defendant. The Court should then exercise its discretion to consolidate all severed cases that are not deemed to be related to a separate pending matter. *See* Fed. R. Civ. P. 42(a) (permitting consolidation of "actions . . . [that] involve a common question of law or fact"); *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) (noting a court "has broad discretion" to consolidate cases). Indeed, "the existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. rev. 2025). With the different legal standards for severance and

consolidation, the Court's exercise of discretion to consolidate severed cases in the interest of judicial economy is proper. *See Oasis Research, LLC v. Carbonite, Inc.*, No. 4:10-CV-435, 2012 WL 3544881 at *10–11 (E.D. Tex. Aug. 15, 2012) (consolidating five cases for pretrial proceedings, in the interest of judicial economy and over defendants' objections, against competitor defendants who worked independently to create different products, immediately after severing defendants); *cf. Rosewolf v. Merck & Co.*, No. 22-CV-02072-JSW, 2022 WL 3214439, at *4 (N.D. Cal. Aug. 9, 2022) (denying consolidation following severance but ordering coordination across cases during pretrial proceedings).

For their part, NVIDIA and Apple are both silent on Plaintiffs' consolidation position. Other Defendants limit their opposition to the presumption that any severed case would be related to another pending action, *see* Anthropic Reply at 9, to contestations that consolidation—controlled by a different legal standard than joinder—would "defeat the very purpose of severance," ECF No. 144 ("Perplexity Reply") at 9, and to arguments that consolidation is "premature," ECF No. 146 ("Google Reply") at 12. Minimally reasoned protestations aside, common questions abound in this case, s*ee* Plaintiffs' Opp. at Section III.B, and consolidation would promote Rule 42's concerns with judicial economy and convenience. *See Malone v. Strong*, No. 3:16-CV-05284-RBL-DWC, 2016 WL 3546037, at *4 n.2 (W.D. Wash. May 20, 2016), *report and recommendation adopted*, No. 3:16-CV-05284-RBL-DWC, 2016 WL 3443967 (W.D. Wash. June 23, 2016) ("The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications."). Thus, for any then-severed cases that are not deemed related to another pending case in the District—at minimum, any case against Perplexity, xAI, and Anthropic—consolidation will promote convenience and judicial efficiency.[5]

---

[5] To the extent any Defendant believes it will face prejudice due to a joint trial, it can move at that time for a separate trial under Federal Rule of Civil Procedure 42(b).

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny Apple and NVIDIA's Motions to Sever. In the alternative, Plaintiffs ask the Court to consolidate any severed cases remaining on its docket for pre-trial proceedings and trial under Rule 42.

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER

Dated: April 21, 2026

By: */s/ Elizabeth Brannen*
**STRIS & MAHER LLP**
Elizabeth Brannen (SBN 226234)
ebrannen@stris.com
John Stokes (SBN 310847)
jstokes@stris.com
Lauren Martin (SBN 294367)
lmartin@stris.com
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299

Bridget Asay (*pro hac vice*)
basay@stris.com
15 East State Street, Ste 2
Montpelier, VT 05602
T: (802) 858-4285

Christopher M. Rigali (*pro hac vice*)
crigali@stris.com
Jacqueline Sahlberg (*pro hac vice*)
jsahlberg@stris.com
1717 K St NW Ste 900
Washington, DC 20006
T: (202) 800-5749

**FREEDMAN NORMAND FRIEDLAND LLP**
Devin (Velvel) Freedman (*pro hac vice*)
vel@fnf.law
Kyle Roche (*pro hac vice*)
kroche@fnf.law
Alex Potter (*pro hac vice*)
apotter@fnf.law
155 E. 44th Street, Ste 915
New York, NY 10017
T: (646) 494-2900

*Counsel for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANTS APPLE, INC. AND NVIDIA CORPORATION'S MOTIONS TO SEVER