**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,<br><br>                          Plaintiffs,<br><br>     v.<br><br>ANTHROPIC PBC; GOOGLE LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC.; APPLE INC.; and NVIDIA CORPORATION,<br><br>                          Defendants. | Case No.  5:25-cv-10897-PCP<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO SEVER**<br><br>Hearing Date:  May 12, 2026<br>Time:  10:00 a.m.<br>Place:  Courtroom 8<br><br>Judge:  Hon. P. Casey Pitts |

## **TABLE OF CONTENTS**

**Page**

I.      Plaintiffs' claims do not arise out of the same transaction or occurrence. ........................ 1

II.     Some common questions of law are insufficient to justify joinder. .................................. 5

III.    Severance will promote judicial economy and fairness and avoid unfair prejudice.................................................................................................................... 6

IV.     Plaintiffs' other arguments do not support joinder or undermine severance. .................... 9

V.      Conclusion .......................................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adobe Sys. Inc. v. Colo. Internet Servs., LLC*,
No. 13-cv-4193-EMC, 2014 WL 1007627 (N.D. Cal. Mar. 12, 2014) ..........................2, 4, 10

*Afifeh v. Ahmadabadi*,
No. 22-cv-00928-SB-AFM, 2022 WL 1617115 (C.D. Cal. Apr. 15, 2022)........................2, 3

*Aspen Tech., Inc. v. Kunt*,
No. 10-cv-127, 2011 WL 86556 (S.D. Tex. Jan. 10, 2011).........................................................9

*Bartz v. Anthropic PBC*,
No. 3:24-cv-05417-AMO (N.D. Cal.) ........................................................................................8

*Bias v. Wells Fargo & Co.*,
No. 12-cv-664-YGR, 2012 WL 2906664 (N.D. Cal. July 13, 2012)........................................2

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994).................................................................................................................6

*Carper v. Adknowledge, Inc.*,
No. 13-cv-3921-JST, 2013 WL 5954898 (N.D. Cal. Nov. 6, 2013)........................................9

*Chicken Soup for the Soul, LLC v. Anthropic PBC*,
No. 3:26-cv-2333-VC (N.D. Cal. Apr. 10, 2026) ..................................................................1, 8

*Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*,
No. 20-cv-04773-EJD, 2021 WL 2139333 (N.D. Cal. May 26, 2021) ....................................2

*Doe I v. Boy Scouts of Am.*,
No. 13-cv-275, 2014 WL 345641 (D. Idaho Jan. 30, 2014)........................................................9

*EIT Holdings LLC v. Yelp! Inc.*,
No. 10-cv-5623-WHA, 2011 WL 2192820 (N.D. Cal. May 12, 2011)....................................5

*Est. of Carter by & through Carter v. SSC Selma Operating Co. LLC*,
No. 19-cv-431, 2020 WL 3429040 (S.D. Ala. June 23, 2020) ................................................9

*Hendrix v. Apple Inc.*,
No. 4:25-cv-07558-YGR (N.D. Cal.) ...............................................................................6, 7, 8

*Hernandez v. City of San Jose*,
No. 16-cv-3957-LHK, 2017 WL 2081236 (N.D. Cal. May 15, 2017) .....................................3

*In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*,
637 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2022) ...........................................................4

*Investors Rsch. Co. v. U.S. Dist. Ct.*,
  877 F.2d 777 (9th Cir. 1989) ...................................................................................................11

*Joanne Fabric, Inc. v. Brad & Zoe, Inc.*,
  No. 17-cv-6854, 2018 WL 6137158 (C.D. Cal. Apr. 4, 2018) ...................................................2

*Khanna v. State Bar of Cal.*,
  No. 7-cv-2587-EMC, 2007 WL 2288116 (N.D. Cal. Aug. 7, 2007) ........................................9

*L.A. News Serv. v. CBS Broad., Inc.*,
  305 F.3d 924 (9th Cir. 2002) ...................................................................................................5

*L.B. v. LinkedIn Corp.*,
  No. 24-cv-6832-EJD, 2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ........................................6

*Lam Rsch. Corp. v. Flamm*,
  No. 15-cv-1277-BLF, 2016 WL 1237831 (N.D. Cal. Mar. 30, 2016).......................................7

*Malone v. Strong*,
  No. 16-cv-5287, 2016 WL 3443967 (W.D. Wash. June 23, 2016) .........................................10

*Oasis Rsch., LLC v. Carbonite, Inc.*,
  No. 10-cv-435, 2012 WL 3544881 (E.D. Tex. Aug. 15, 2012)................................................10

*Rosewolf v. Merck & Co.*,
  No. 22-cv-2072-JSW, 2022 WL 3214439 (N.D. Cal. Aug. 9, 2022) .......................................10

*Russo v. Fed. Med. Servs., Inc.*,
  756 F. Supp. 3d 748 (N.D. Cal. 2024) ...................................................................................4, 9

*SA Music, LLC v. Apple[] Inc.*,
  No. 19-cv-4073 (C.D. Cal.) .......................................................................................................3

*Visendi v. Bank of Am., N.A.*,
  733 F.3d 863 (9th Cir. 2013) ..................................................................................................10

*WiAV Networks, LLC v. 3Com Corp.*,
  No. 10-cv-3448-WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ...................................2, 6

*Wynn v. Nat'l Broad. Co.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) ....................................................................................2

**STATUTES**

17 U.S.C. § 107(4)...........................................................................................................................6

28 U.S.C. § 1407..............................................................................................................................4

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT APPLE'S REPLY ISO MOTION TO SEVER
CASE NO. 5:25-cv-10897-PCP

**RULES**

N.D. Cal. Civ. L.R. 3-12(a)......................................................................................................8

Fed. R. Civ. P.
    20(a)(1)(A) ....................................................................................................................6
    20(a)(2) ........................................................................................................................4

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Three days after Apple filed its motion to sever, in a near-identical case brought in this District by the same firm against the same Defendants, that court held that "[i]t's obvious that the defendants in this case are improperly joined and that each defendant should be part of a separate lawsuit." *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 3:26-cv-2333-VC (N.D. Cal. Apr. 10, 2026), Dkt. 32. The same is true here. That is presumably why Plaintiffs, rather than substantively engaging with the order, all but ignore it. Plaintiffs also already stipulated to sever claims against two Defendants—Meta and OpenAI—so that they can be related to other ongoing actions against those Defendants. Dkts. 98, 171; *see also* Dkts. 99, 173 (ordering severance pursuant to stipulations). Nothing in Plaintiffs' opposition to Apple's Motion in this case compels a different result for Apple. For the reasons explained below, in Apple's Motion, and in other Defendants' briefing, Apple respectfully requests that the Court sever the claims against Apple and, "if [Plaintiffs] wish[] to pursue claims against [] [D]efendants," require Plaintiffs to "file new, separate lawsuits against each one of them." *Chicken Soup*, No. 3:26-cv-2333-VC, Dkt. 32.

## I.      Plaintiffs' claims do not arise out of the same transaction or occurrence.

As Apple explained in its Motion, severance is required because Plaintiffs' allegations against Apple are specific to Apple's training of its own generative AI models, which has nothing to do with the other Defendants. *See* Dkt. 161 ("Mot.") at 3–4. According to Plaintiffs' own allegations, each Defendant acquired distinct and varied sets of training data, at different times, from different sources, to train proprietary, and often competing, large language models with different features and functionalities. *Compare, e.g.*, Dkt. 119 ("Am. Compl.") ¶¶ 123–129, *with* ¶¶ 213–222. Those discrete and separate transactions and occurrences will be at the heart of each Defendant's individualized, fact-intensive fair use and other affirmative defenses, making joinder under Rule 20 improper.

Plaintiffs cannot avoid Rule 20's transaction-or-occurrence requirement by alleging that Apple's independent conduct took place within some broadly defined "piracy ecosystem," as Plaintiffs attempt to do. Dkt. 172 ("Opp.") at 5. Were it otherwise, Rule 20's transaction-or-occurrence requirement would be a nullity. That is why, as courts in this District have recognized,

"[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 20-cv-04773-EJD, 2021 WL 2139333, at *2 (N.D. Cal. May 26, 2021); *Joanne Fabric, Inc. v. Brad & Zoe, Inc.*, No. 17-cv-6854, 2018 WL 6137158, at *1 (C.D. Cal. Apr. 4, 2018).

Nor is it sufficient, for purposes of Rule 20, to allege that Defendants used some of the same data sources. Rather than meaningfully engage with the discrete and separate incidents forming the basis for their claims against various Defendants,[1] Plaintiffs invoke what they call a "single, industry-wide course of conduct" to argue that their claims against all Defendants "will entail common evidence." Opp. at 2. But as explained in Apple's Motion, the fact that Plaintiffs allege a single infringement *theory* against multiple Defendants does not collapse Defendants' independent conduct into a single "transaction or occurrence." And courts consistently hold that independent actors who merely infringe the same copyright in the same manner do not satisfy the "same transaction or occurrence" requirement absent allegations of conspiracy or joint action. *See Adobe Sys. Inc. v. Colo. Internet Servs., LLC*, No. 13-cv-4193-EMC, 2014 WL 1007627, at *3 (N.D. Cal. Mar. 12, 2014) (copying "from the same or similar sources, without concerted action, does not satisfy the same transaction or occurrence test for purposes of Rule 20"); *Afifeh v. Ahmadabadi*, No. 22-cv-00928-SB-AFM, 2022 WL 1617115, at *1 (C.D. Cal. Apr. 15, 2022). Without "a collective or controlling entity" from which this alleged conduct could originate, there is "no rationale behind requiring all Defendants to defend each other collectively." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1078–79 (C.D. Cal. 2002); *Bias v. Wells Fargo & Co.*, No. 12-cv-664-YGR, 2012 WL 2906664, at *3 (N.D. Cal. July 13, 2012) (granting motion to sever even where "the practices of the Defendants are alleged to be 'uniform'" because "they are alleged to be

---

[1] Instead of responding to the substantive points in Apple's Motion, Plaintiffs point to a broad-brush statement purportedly made by *Google's* former CEO regarding AI training and claim that it "was not limited to how Google or any single Defendant operates" but "was an insider's recommendation based on common industry practice." Opp. at 3. Statements by a former executive affiliated with *a different* Defendant cannot establish a "common transaction or occurrence" with unaffiliated competitors, and Plaintiffs' attempts to group Defendants together to paint all of them with a broad brush is exactly why severance is appropriate. *WiAV Networks, LLC v. 3Com Corp.*, No. 10-cv-3448-WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) (severing defendants where "there is no conspiracy claim," there "is no claim that any defendant induced another to infringe," and "[e]ach defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.").

uniform within each Defendant group and not as a result of any common plan or scheme"); *accord SA Music, LLC v. Apple[] Inc.*, No. 19-cv-4073 (C.D. Cal. Sept. 9, 2019) (ordering plaintiffs to show cause why the court should not find that the joinder was improper); *SA Music, LLC v. Apple[] Inc.*, No. 19-cv-4073 (C.D. Cal. Sept. 12, 2019), Dkt. 223 (severing claims).

Plaintiffs implicitly concede that Apple's use of "licensed data" from publishers is an Apple-specific issue, as their only response is to point out that another Defendant also claims to have used licensed content. *Compare* Mot. at 4, *with* Opp. at 6. It is irrelevant whether one, two, or all Defendants claim to have used licensed data. What matters is that Apple's licenses are Apple specific and apply to Apple's independent conduct, all of which make joinder improper.

Plaintiffs' argument that "Apple's use of 'licensed data' renders joinder more appropriate" because "market-harm analysis of any Defendant's fair use argument will require market-wide analysis from all Defendants," Opp. at 6, misses the mark. The relevant standard for joinder under Rule 20 is whether the claims against Defendants *arise from* the same transaction or occurrence, which they do not, or constitute "discrete and separate incidents," as they do here. *See* Mot. at 6 (citing *Hernandez v. City of San Jose*, No. 16-cv-3957-LHK, 2017 WL 2081236, at *9–10 (N.D. Cal. May 15, 2017)). The fact that an analysis of the fourth fair-use factor could include consideration of evidence from third parties, as Plaintiffs seem to be suggesting, is irrelevant to whether Rule 20's transaction-or-occurrence standard has been met. It has not, and nothing about Apple's affirmative defense changes that reality.

The impropriety of the joinder here is illustrated not just by the independent acts that Plaintiffs seek to tie together into a single case, but also the generative AI models at which Plaintiffs take aim. In their Opposition, Plaintiffs identify as a "central" question in this case "whether models that can reproduce copyrighted text embody embedded copies of those works," Opp. at 6, which further underscores the impropriety of Apple's joinder. Yet Plaintiffs do not even allege that Apple's generative AI models output infringing content. *See* Mot. at 5 (citing Am. Compl. ¶¶ 110–117). And even if they did, "it is well established that defendants 'who merely infringe the same [copyright] do not satisfy the same occurrence and transaction requirement.'" *Afifeh*, 2022 WL 1617115, at *1 (citation omitted).

Rather than face the strictures of Rule 20 head on, Plaintiffs point this Court to *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 637 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2022)—a decision by an entirely different judicial body addressing a different legal standard.  The decision, by the Judicial Panel on Multidistrict Litigation ("JPML"), addresses whether the 17 actions before the JPML in that case "involve[d] one or more common questions of fact," 28 U.S.C. § 1407(a), such that transfer was appropriate.  *In re Soc. Media*, 637 F. Supp. 3d at 1378.  The JPML made that decision without regard to whether the plaintiffs' right to relief arose from the "same transaction [or] occurrence," as Rule 20(a)(2) requires, because the multidistrict litigation statute—28 U.S.C. § 1407—has no such requirement.  *Compare Adobe Sys.*, 2014 WL 1007627, at *2 ("Both requirements . . . are mandatory and must exist for joinder to be appropriate."), *with* 28 U.S.C. § 1407(a).  This distinction matters.  Under Section 1407, each transferred action remains independent and is "remanded [to its originating court] by the panel at or before the conclusion of such *pretrial* proceedings."  28 U.S.C. § 1407(a) (emphasis added).  Rule 20, in contrast, permits joinder of defendants "in one action" through trial only if its more rigorous requirements are met.  *See* Fed. R. Civ. P. 20(a)(2).  As the JPML in *Social Media* noted, "[t]he transferee judge can address unique issues using separate discovery tracks for each defendant or platform and employ separate motion tracks, to the extent necessary."  *In re Soc. Media*, 637 F. Supp. 3d at 1378.  That is the opposite of what Plaintiffs seek here.

Plaintiffs' reliance on *Russo v. Federal Medical Services, Inc.*, 756 F. Supp. 3d 748 (N.D. Cal. 2024), to argue that a single common question of law or fact is sufficient for joinder is equally unavailing.  *See* Opp. at 5–6.  In so arguing, Plaintiffs overlook that there, unlike here, there were two plaintiffs suing *the same defendant* for a claim arising out of a true common occurrence: their employment by the same defendant, under the same supervisor, where they were paid the same hourly wage, and had suffered similar injuries.  *Id.* at 753–54.  That is nothing like the claims here against eight (now six) different Defendants arising out of the use of distinct datasets, leading to distinct models, with distinct capabilities.

## II.    Some common questions of law are insufficient to justify joinder.

Because Plaintiffs' claims against Defendants do not arise from the same transaction or occurrence, joinder under Rule 20 is impermissible irrespective of Plaintiffs' contention that their claims share at least one common issue of law.[2]

Plaintiffs ignore the distinct factual issues that apply to each Defendant to argue that their claims present common issues such as "whether acquiring books from shadow libraries and their derivatives constitutes infringement; whether the ingestion, preprocessing, training, and fine-tuning steps necessarily create unlicensed reproductions; whether models that can reproduce copyrighted text embody embedded copies of those works; and whether this conduct was willful."  Mot. at 6. As described above, each of these "common" questions raises unique factual issues specific to Apple and highlights the lack of a requisite common transaction or occurrence.  *See supra* Section I. These unique factual issues go to the core of Apple's defenses, including fair use, which requires an "individualized weighing of the equities of a given use of a given work."  Mot. at 6 (citing *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 938 (9th Cir. 2002)).

For example, Plaintiffs' allegations involve unique issues related to the purpose and character of Apple's alleged uses of Plaintiffs' works in the development of both its research OpenELM model and its Apple Foundation Models, the composition of the particular datasets used by Apple for training, and the effect, if any, of Apple's particular models on the potential market for each asserted work.  *Id*.  Because Plaintiffs' claims do not arise out of a single transaction or occurrence, the answers to these purportedly "common questions," which go to the core of Plaintiffs' claims and Apple's defenses, will be different for each Defendant.  "[T]he accused defendants—who will surely have competing interests and strategies—[] are entitled to present individualized assaults on questions of non-infringement," including as to issues such as training data used, applicable defenses, and product capabilities.  *EIT Holdings LLC v. Yelp! Inc.*, No. 10-cv-5623-WHA, 2011 WL 2192820, at *1 (N.D. Cal. May 12, 2011); *see also*, *e.g.*, *L.A. News Serv.*,

---

[2] Plaintiffs do not deny that their "'claims against Apple involve questions of law or fact that are not common to other Defendants.'"  Opp. at 5 (quoting Mot. at 6).  Instead, they argue that this "mere fact . . . does not render joinder improper" because "Rule 20 does not require *all* questions of law or fact to be in common."  *Id.* (emphasis in original).

305 F.3d at 938 (explaining that fair use analysis "require[s] individualized weighing of equities of a given use of a given work"); *WiAV Networks, LLC v. 3Com Corp.*, No. 10-cv-3448-WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) ("The mere fact that twelve defendants all manufacture, sell, or distribute their own laptop computers does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each product.").

Again, the cases that Plaintiffs cite do not require a different result. For example, Plaintiffs invoke *Campbell v. Acuff-Rose Music, Inc.*, to argue that fair use "market-harm analysis . . . will require market-wide analysis from all Defendants." Opp. at 6 (citing 510 U.S. 569 (1994)). But *Campbell* stands for nothing of the sort. It provides that the fair use "statute, like the doctrine it recognizes, calls for case-by-case analysis." *Campbell*, 510 U.S. at 577. A case-by-case analysis of whether Defendants' varied alleged uses were fair will therefore look to the effect of each Defendant's alleged use of Plaintiffs' works on the potential market for or value of those works. 17 U.S.C. § 107(4). Given the lack of any common transaction or occurrence underpinning Plaintiffs' claims, that analysis needs to be performed based on facts unique to each Defendant. Plaintiffs' intention to argue that the existing or potential markets for its works include other Defendants or even third parties overrides neither the need for case-by-case analysis nor Rule 20(a)(1)(A).

## III.    Severance will promote judicial economy and fairness and avoid unfair prejudice.

As Apple explained in its Motion, severing claims against Apple so they can be related to *Hendrix v. Apple Inc.*, No. 4:25-cv-07558-YGR, will promote judicial economy and avoid prejudice. *See L.B. v. LinkedIn Corp.*, No. 24-cv-6832-EJD, 2025 WL 2899514, at *3 (N.D. Cal. Oct. 10, 2025) (severing claims "duplicative of—or at least substantially overlap[ping] with" a pending action). *Hendrix* is in the very earliest stages of litigation—Apple answered the Amended Complaint a few weeks ago, and a scheduling order has yet to be issued, so now is an opportune time to relate and coordinate Plaintiffs' claims here. Joinder, on the other hand, will prejudice all Defendants by forcing competitors to coordinate their defenses and accommodate divergent factual circumstances and sensitivities, all while endeavoring to protect competitively sensitive

information from one another.  Plaintiffs' Opposition ignores the practical realities of joinder in this case.

**First**, only severance would eliminate the risk of inadvertently sharing competitively sensitive information between Defendants.  Plaintiffs claim a "well-crafted protective order" can address competitive-sensitivity concerns.  Opp. at 8.  But severance would *eliminate* the risk that trade secrets could be disclosed to competitors, whereas protective orders merely *reduce* it.  *See Lam Rsch. Corp. v. Flamm*, No. 15-cv-1277-BLF, 2016 WL 1237831, at *2 (N.D. Cal. Mar. 30, 2016) (severing competitor defendants because, while protective orders and bifurcation might "reduce the risk that trade secrets would be disclosed to competitors," severance would "eliminate the risk of disclosing trade secrets while allowing this matter to go forward in an orderly fashion").

**Second,** Plaintiffs' claim that severance will "impose enormous burdens of duplicative discovery, duplicative expert testimony, duplicative motion practice, and distinct trials," Opp. at 8, makes no sense.  Because Defendants acted independently, Plaintiffs must conduct separate discovery against each Defendant regardless.  Proceeding with that distinct discovery in a single action, before a single court, will force all parties, along with the court, to expend additional resources navigating Defendant-specific issues, along with the corresponding discovery complications and motion practice that will inevitably result.  And Plaintiffs' concern about "distinct trials" contradicts their own argument that Defendant prejudice can be reduced by conducting separate trials.  *Id.* at 8–9.

Notwithstanding Plaintiffs' claim to the contrary, severance will reduce the burden on the parties and the Court by allowing Plaintiffs' claims against Apple, if refiled, to be related to the *Hendrix v. Apple* case currently before Judge Gonzalez Rogers.  Plaintiffs here bring the same claims against Apple as the plaintiffs in *Hendrix* based on the same course of conduct: Apple's use of textual data to train large language models.  Coordination before a single judge will promote efficiency by allowing for coordinated discovery in these parallel actions and avoiding the potential for duplicative, and possibly inconsistent, rulings.

Plaintiffs resist that reality, arguing that the already-pending *Hendrix* copyright action does not favor severance.  Opp. at 10.  But *Hendrix* involves an identical cause of action and concerns

similar allegations regarding Apple's OpenELM model and Apple Foundation Models. Indeed, but for the improperly joined defendants here, Apple would be obligated to file a motion to relate under Local Rule 3-12(b) because the cases would "concern substantially the same parties, property, transaction, or event." N.D. Cal. Civ. L.R. 3-12(a). Plaintiffs do not even try to argue otherwise. Moreover, Plaintiffs' own actions confirm that severance and relation to existing cases serves judicial economy. They stipulated to sever OpenAI and Meta so those claims could be coordinated with related actions. *See*, *e.g.*, Opp. at 1 n.1 (noting the "parties agreed to stipulate to the severance of Plaintiffs' claims against Meta so that Plaintiffs' case could be coordinated with those other pending copyright actions over which Judge Chhabria is presiding"); Dkt. 98 ("the Parties agree that Plaintiffs' claims against the OpenAI Defendants should be severed so that such claims can be transferred . . . for purposes of pretrial coordination"); Dkt. 171 (jointly requesting "that Plaintiffs' claim against Meta be severed from this case, opened in a new civil action, and then referred to Judge Chhabria for consideration of relation"). The same logic applies to Apple.

Plaintiffs' reliance on *Bartz* is misplaced given its procedural posture. Specifically, Plaintiffs rely on statements by the court in *Bartz v. Anthropic* that it is unlikely to relate the claims against Anthropic, if severed, to Bartz. Opp. at 10. Those statements, however, addressed a case that has nothing to do with Apple and is approaching final resolution—with a preliminarily approved settlement, a claims process well underway, and a final approval hearing next month. *See Bartz v. Anthropic PBC*, No. 3:24-cv-5417-AMO, Dkts. 437, 632, 643. Moreover, the current presiding judge is not the one who presided over discovery and all substantive issues in the case through preliminary settlement approval. At this point, there are no meaningful efficiencies to be had from relation to *Bartz,* so it is not surprising that the court there expressed skepticism that the cases should be related. *Hendrix*, by contrast, is in its early stages, and Judge Gonzalez Rogers recently related to *Hendrix* two other similar actions brought by book authors. No. 4:25-cv-7558-YGR, Dkts. 37, 40. And Plaintiffs' Opposition fails to mention that, following severance in *Chicken Soup*, the court there promptly related a nearly identical case brought by the same counsel against the same Defendants on behalf of Chicken Soup for the Soul, LLC to a much later-stage

case against Meta (*Kadrey v. Meta* (No. 23-cv-3417-VC)).  No. 3:26-cv-2333-VC, (N.D. Cal. Apr. 10, 2026), Dkt. 32.

***Third***, Plaintiffs' cited cases do not support joinder.  As an initial matter, two of Plaintiffs' cases dealt with a fraudulent misjoinder standard, which requires "egregious circumstances" beyond misjoinder under Rule 20.  *Est. of Carter by & through Carter v. SSC Selma Operating Co. LLC*, No. 19-cv-431, 2020 WL 3429040 (S.D. Ala. June 23, 2020); *see also Carper v. Adknowledge, Inc.*, No. 13-cv-3921-JST, 2013 WL 5954898, at *3 (N.D. Cal. Nov. 6, 2013).  In any event, Plaintiffs' cited cases arose in procedural and factual circumstances that are not present here.  For example, in *Carper*, the plaintiffs to be joined brought claims arising from a single course of conduct, specifically emails "sent as part of a series by Adknowledge and its agents."  2013 WL 5954898, at *5.  Plaintiffs' allegations here concern independent acts by separate actors.

In *Aspen Technology, Inc. v. Kunt*, the plaintiff sought to sever its own trade secrets claims against a former employee from its claims against the employee's new employer.  No. 10-cv-127, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011).  The defendants opposed severance, and the court agreed, finding that the same conduct, namely the employee's alleged misuse of trade secrets, was at issue in all claims and thus could not be separated.  *Id.* at *3.  While joinder of claims in *Aspen Technology* facilitated judicial economy based on common source code discovery, *id.* at *5, here there is no such single course of conduct underlying Plaintiffs' claims that could be subject to common discovery.  Finally, Plaintiffs cite *Estate of Carter* to argue that it is Defendants' "burden to support their motion for a severance," but they ignore that the defendants in that case carried their burden, even under the much stricter fraudulent misjoinder standard, and the court granted severance.  2020 WL 3429040 at *8.

## IV.    Plaintiffs' other arguments do not support joinder or undermine severance.

Plaintiffs argue "severance is premature."  Opp. at 9.  The opposite is true.  Severing now, before discovery burdens, competitive sensitivities, and divergent defense strategies materialize, will "further the prompt and efficient disposition of litigation."  *Khanna v. State Bar of Cal.*, No. 7-cv-2587-EMC, 2007 WL 2288116, at *3 (N.D. Cal. Aug. 7, 2007).  The cases Plaintiffs cite are inapposite because the courts there found that the claims at issue *did* arise from the same transaction,

making joint pretrial proceedings beneficial. *See Russo*, 756 F. Supp. 3d at 754; *Doe I v. Boy Scouts of Am.*, No. 13-cv-275, 2014 WL 345641, at \*4 (D. Idaho Jan. 30, 2014).

Plaintiffs' alternative argument that the Court "should direct the clerk to open a new docket for any such severed Defendant," Opp. at 10, if it grants Defendants' respective motions ignores the established practice in this District. Specifically, in the Northern District, courts order that claims against severed Defendants be "dismissed without prejudice" and require Plaintiffs to "file new, separate lawsuits against each one of them," if Plaintiffs so desire. *Chicken Soup*, No. 3:26-cv-2333-VC, Dkt. 32; *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (ordering the district court to "dismiss without prejudice the claims of all Plaintiffs but the first named Plaintiff"); *Adobe Sys.*, 2014 WL 1007627, at \*4 (severing and dismissing without prejudice all but the first named defendant). Severance and dismissal present an orderly path forward that will avoid the procedural complications that would arise from cloning outdated pleadings onto a new docket. That is particularly true here, where Plaintiffs' Amended Complaint pleads a morass of allegations against other Defendants that would be irrelevant in an action against Apple alone. Requiring Plaintiffs to file a new, separate lawsuit with Apple-specific allegations, consistent with this District's practice, is the appropriate remedy.

Finally, Plaintiffs' alternative request that this Court consolidate claims against multiple Defendants if it severs them from this action would defeat the whole purpose of severance. Plaintiffs argue that, if Apple is severed from this case, and if the case is not related to *Hendrix*, the case should be consolidated with any remaining cases that are not deemed related. Opp. at 10. But the question of relatedness to another case does not change that consolidation would be inappropriate for the same reasons severance is now required. None of Plaintiffs' cited cases suggests otherwise. Plaintiffs cite to *Oasis Research, LLC v. Carbonite, Inc.*, for example, but there the Eastern District of Texas found consolidation appropriate in a patent case through pretrial based on its finding of "at least one common question of law or fact" related to "issues of invalidity" based on the same patents. No. 10-cv-435, 2012 WL 3544881, at \*6–7 (E.D. Tex. Aug. 15, 2012). No comparable common question of law or fact appears here. Plaintiffs' other two cited cases are also inapposite, because in each the court granted severance without ordering consolidation. *See*

*Rosewolf v. Merck & Co.*, No. 22-cv-2072-JSW, 2022 WL 3214439, at *4 (N.D. Cal. Aug. 9, 2022); *Malone v. Strong*, No. 16-cv-5287, 2016 WL 3443967, at *1 (W.D. Wash. June 23, 2016).  And finally, *Investors Research Co. v. U.S. District Court*, 877 F.2d 777 (9th Cir. 1989), addressed Rule 42 consolidation, which has a more permissive "common question" standard, not Rule 20 joinder.

## V.    Conclusion

Apple respectfully requests that the Court sever and dismiss Apple from this case and, should Plaintiffs wish to proceed against Apple, require Plaintiffs to refile their claims against Apple in a separate complaint.

Dated: April 28, 2026                                     **LATHAM & WATKINS LLP**


By */s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*