**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ANNA B. NAYDONOV (*pro hac vice*)
anna.naydonov@whitecase.com
MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN, | Case No.  3:25-cv-10897-PCP |
| Plaintiffs, | **DEFENDANT ANTHROPIC PBC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | Judge: Hon. P. Casey Pitts |
| ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC., APPLE, INC.; and NVIDIA CORPORATION | Complaint Filed: December 22, 2025 |
| Defendants. | |

## I.      INTRODUCTION

Cognella asks this Court to relate its complaint to *Cambronne*—yet much of the complaint is drawn directly from the *Bartz* record. The *Cognella* complaint pin-cites this District's fair-use and class-certification orders, pleads the same training datasets, models, and fair-use questions already adjudicated in *Bartz*, and identifies works that appear on the *Bartz* works list—the very works whose alleged downloading the *Bartz* court has already adjudicated. *See* Dkt. No. 176-2 ("Cognella Compl.") ¶¶ 27, 60–62, 73. *Cognella* properly belongs with *Bartz* as the earliest-filed case.  A different judge addressing the same conduct would have to redevelop the record the *Bartz* court has already developed. Anthropic has filed a motion in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417 (N.D. Cal.), seeking to relate *Cognella* there. *Bartz*, Dkt. No. 656; *see also* LeGolvan Decl. Ex. A. The Court should deny Cognella's motion or, in the alternative, defer ruling pending the *Bartz* court's resolution of Anthropic's pending motion.

Ruling on Cognella's motion before the *Bartz* court rules on Anthropic's risks duplicative briefing, conflicting orders on the same case, and unnecessary expenditure of party and judicial resources. The *Bartz* court is uniquely positioned to avoid those harms—it presided over the very class certification, fair-use rulings, and settlement that the *Cognella* complaint relies on. Permitting it to act first conserves both party and judicial resources.

Cognella's reliance on the *Bartz* court's April 8, 2026 observation that it was "unlikely to relate" the cases listed in Anthropic's notice (Mot. at 2) does not change that result. The *Bartz* court reserved judgment until a complete record could be presented in a proper motion under L.R. 3-12, expressly observing that "Anthropic is . . . free to file its motion." *Bartz*, Dkt. 632 at 2. Anthropic has now done so on a record that did not exist on April 8—including the *Cognella* complaint itself.

## II.     ARGUMENT

### A.      Cognella's complaint belongs with *Bartz*

The *Cognella* complaint is built on the *Bartz* record. It pin-cites the *Bartz* fair-use and class-certification orders. Cognella Compl. ¶¶ 60–61, 63, 73–74. It quotes Judge Alsup's findings on Anthropic's downloading conduct. Id. ¶ 61. It pleads facts drawn from the *Bartz* docket about Anthropic's training pipeline. Id. ¶¶ 62, 66–69. The complaint's core allegations—that Anthropic

downloaded books from LibGen, PiLiMi, and Books3 and used them to train Claude—are the same allegations the *Bartz* court has already adjudicated.

For example, Cognella's print-book allegations track conduct on which the *Bartz* court has already made specific findings. Cognella alleges that "[s]ince 2024, Anthropic has purchased physical books at scale, often in batches of tens of thousands, and scanned them into digital files for AI training." Cognella Compl. ¶ 73 (citing *Bartz*, 791 F. Supp. 3d at 1047). The *Bartz* fair-use order has already analyzed that scanning program separate and apart from the downloading of "shadow libraries." *Bartz*, 787 F. Supp. 3d at 1018–22.

Cognella's complaint also identifies works that overlap with the *Bartz* works list. The *Bartz* court has already analyzed Anthropic's alleged downloading of those works—the conduct, the datasets, and the fair-use questions—through a class certification motion, a fair-use ruling, and an ongoing settlement-approval process. For these reasons, if *Cognella* is to be related to any action, relation to *Bartz* is the proper result.

**B.** **A ruling now risks conflicting with the *Bartz* court's pending decision**

On May 6, 2026, Cognella's counsel reached out to ask whether Anthropic would oppose its motion to relate. Anthropic responded that it would, explaining that it intended to seek to relate *Cognella* to *Bartz* and asking counsel to defer filing in this Court, citing the orderly operation of Civil L.R. 3-12 and the avoidance of duplicative briefing and unnecessary expenditure of party and judicial resources. Cognella filed the next day. Anthropic's motion to relate *Cognella* is now pending in *Bartz*. *Bartz*, Dkt. No. 656; *see also* LeGolvan Decl. Ex. A. If this Court rules on Cognella's motion before the *Bartz* court rules on Anthropic's, the parties face the prospect of duplicative briefing on the same question, conflicting orders on the same case, and unnecessary expenditure of party and judicial resources. Courts in this District deny motions to relate when another motion to relate is pending in an earlier-filed action. *See Levitte v. Google, Inc.*, 2008 U.S. Dist. LEXIS 82802, at *2 (N.D. Cal. Sept. 19, 2008) (denying plaintiffs' motion to relate pending another court's resolution of parallel motion). As explained above, the *Bartz* court has been immersed in this record—the claims, technology, defenses, and economics—through the certification motion, fair-use ruling, and ongoing settlement-approval process. That institutional

knowledge is precisely the judicial resource that L.R. 3-12 is designed to preserve, and would be squandered by forcing a new court to retrace the same ground.

Plaintiffs argue that the *Bartz* court has already signaled it will not relate these cases. Mot. at 2. The April 8 order responded to a notice of intent to file—not to a motion—so the *Bartz* court did not have a complaint to evaluate, briefing on the relation factors, or the factual record that has since developed. The record now before the *Bartz* court includes a *Cognella* complaint that pin-cites the *Bartz* docket and alleges that Anthropic obtained the asserted works from the same shadow-library repositories—LibGen, PiLiMi, and Books3—that the *Bartz* court has already adjudicated. *See Bartz*, Dkt. No. 656.

Subsequent developments in this District confirm that opt-out actions belong with their underlying class actions, not with each other. This Court has already severed OpenAI and Meta and has transferred OpenAI to its MDL. Dkt. Nos. 98–99, 171, 173. The remaining defendants—Google, NVIDIA, and Apple—have moved to sever, and have signaled their intent to relate to their respective class actions once severance is granted. In a parallel case filed by Plaintiffs' counsel, Judge Chhabria *sua sponte* severed Anthropic and six other defendants from the multi-defendant *Chicken Soup* action, retaining only the claim against Meta because it was related to two copyright actions already before him.[1]

Anthropic's pending motion in *Bartz* provides the most efficient path forward. If *Bartz* grants relation, Cognella's motion is moot. If it denies relation, this Court can take up the question without any risk of conflict. Either path conserves party and judicial resources by avoiding parallel briefing on the same question.

## III.    **CONCLUSION**

The Court should deny Cognella's motion. In the alternative, the Court should defer ruling pending the Bartz court's resolution of Anthropic's pending motion to relate.

---

[1] *Kadrey v. Meta* (23-cv-3417) is a copyright class action alleging that Meta used pirated copies of copyrighted books from LibGen and other shadow libraries to train its Llama large language model; *Entrepreneur Media v. Meta* (25-cv-9579) is a single-plaintiff copyright action alleging that Meta used pirated copies of copyrighted works to train its Llama large language model.

Dated: March 23, 2026

WHITE & CASE LLP

By:    /s/ Yar R. Chaikovsky

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari

*Attorneys for Defendant Anthropic PBC*

- 4 -