**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

ANNA B. NAYDONOV (*pro hac vice*)
anna.naydonov@whitecase.com
MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC., APPLE, INC.; and NVIDIA CORPORATION <br><br> Defendants. | Case No.  5:25-cv-10897-PCP <br><br> **DEFENDANT ANTHROPIC PBC'S CORRECTED RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> Judge: Hon. P. Casey Pitts |

## I.   **INTRODUCTION**

Cognella's motion is premature—and should be denied without prejudice—for two reasons. First, this Court already confirmed at the March 24, 2026 status conference that it will defer relation questions until it resolves the pending severance motions. Second, *Cognella* belongs with *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.), the lower-numbered case from which Cognella purportedly opted out, and Anthropic's motion to relate *Cognella* to *Bartz* is already pending before that court. *Bartz*, Dkt. No. 656.

Ruling on Cognella's motion before severance is resolved and the *Bartz* court acts risks duplicative and potentially conflicting rulings on the same case-relation question. *See, e.g.*, *Levitte v. Google, Inc.*, 08-cv-03369-JW, 2008 U.S. Dist. LEXIS 82802, at *2 (N.D. Cal. Sept. 19, 2008) (denying motion to relate case given pending motion in the lower-numbered court to relate the same case). The motion should be denied without prejudice, with any renewal deferred until after this Court resolves severance and the *Bartz* court rules on Anthropic's pending motion.

## II.   **ARGUMENT**

### A.   **The Court directed that relation questions wait for severance**

At the March 24, 2026 status conference, this Court was direct: relation questions would be held in abeyance pending the severance ruling. The Court stated it would "hold off a little bit on making a determination on this until we have a ruling on the motions to sever in this case." Mar. 24, 2026 Hr'g Tr. at 8:3–9. At the close of the hearing, the Court confirmed it would apply that approach to any additional cases: "I'll plan on dealing with them in the same manner, sort of postponing the question of relation until we have a decision on severance here." *Id.* at 14:12–15.

Plaintiffs' counsel—the same firm representing Cognella here—agreed. They told the Court at the hearing that the Court's decision "to sort of hold off on the relatedness until we figure out the severance issue . . . makes sense." *Id.* at 13:7–10. Cognella's motion asks this Court to reverse the very approach its own counsel endorsed seven weeks ago.

The Court's reasoning remains sound. The severance ruling will determine which defendants remain in this action and against whom individual cases may be filed and related to preexisting actions. That has already played out for other defendants here: this Court severed OpenAI and

transferred its claims to its MDL (Dkt. No. 99); Meta and plaintiffs stipulated to sever and to relate Meta's claims to Judge Chhabria's class actions (Dkt. Nos. 171, 173); and the remaining defendants—Google, NVIDIA, and Apple—have moved to sever and intend to seek relation to their respective class actions once severance is granted. *Cambronne,* Dkt. Nos. 94, 161, 164. In *Chicken Soup for the Soul, LLC v. Anthropic PBC*, No. 3:26-cv-02333-VC (N.D. Cal.)—a parallel multi-defendant case filed by the same plaintiffs' counsel—Judge Chhabria *sua sponte* severed Anthropic and six other defendants, retaining only the claim against Meta because it was related to two copyright actions already before him. *Cambronne,* Dkt. No. 169-1. Today, Judge Chhabria related *Chicken Soup, Cambronne,* and *Cognella* to the copyright class action already before him. *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC (N.D. Cal.), Dkt. No. 730. Cognella's motion to short-circuit this sequence as to Anthropic should be denied.

Granting Cognella's motion now would also create needless inefficiency. If *Cambronne* is severed, the Anthropic claim will be ripe for relation to *Bartz*—just as the OpenAI claim was transferred to its MDL and the Meta claim in *Chicken Soup* was related to Judge Chhabria's class actions. On Cognella's logic, *Cognella* would then need to be re-related to *Bartz* along with *Cambronne*. The orderly course is to await severance and decide relation against the resulting picture, not to layer interim rulings that severance may then unwind.

**B.      Cognella belongs with *Bartz*—not *Cambronne*—and Anthropic's motion to relate is already pending before the *Bartz* court.**

Even setting aside sequencing, Cognella seeks the wrong forum. The *Cognella* complaint is built on the *Bartz* record. It pin-cites the *Bartz* fair-use and class-certification orders, quotes Judge Alsup's findings on Anthropic's training conduct, and pleads facts drawn from the *Bartz* docket about Anthropic's acquisition of books from LibGen, PiLiMi, and Books3. *Cognella* Compl. ¶¶ 27, 60–63, 66–69, 73–74. The *Bartz* court has already adjudicated the same conduct through class certification, a fair-use ruling, and an ongoing settlement-approval process. Indeed, 13 of Cognella's asserted works appear on the *Bartz* works list. *Bartz*, Dkt. No. 656 at 4.

Relation to *Cambronne*—a sprawling multi-defendant case in the process of being severed into individual actions—provides none of the efficiency that Civil L.R. 3-12 is designed to achieve. The

-2-

*Bartz* court, by contrast, has immersed itself in the relevant technology, datasets, fair-use framework, and settlement economics. Forcing a new court to retrace that ground would squander precisely the institutional knowledge the Local Rules are designed to preserve.

Anthropic filed a motion to relate *Cognella* to *Bartz* on May 8, 2026. *Bartz*, Dkt. No. 656. Ruling on Cognella's motion before the *Bartz* court acts risks conflicting orders on the same case. Courts in this District deny relation motions under those circumstances. *See Levitte*, 2008 U.S. Dist. LEXIS 82802, at *2 (denying motion to relate cases where motion to relate the same case was pending in lower-numbered case).

Cognella argues the *Bartz* court has already signaled it will not relate these cases. Mot. at 2. That overstates the April 8 order, which responded to a notice of intent—not a motion—and issued before the *Cognella* complaint existed. The *Bartz* court reserved judgment until a complete record could be presented in a proper motion under L.R. 3-12, expressly observing that "Anthropic is . . . free to file its motion." *Bartz*, Dkt. No. 632 at 2. Anthropic has now done so on a record the April 8 order did not have.

Deferral has no downside. If the *Bartz* court grants Anthropic's motion, Cognella's motion here is moot. If it denies the motion, this Court can take up the question—after severance—without any risk of conflict. Either outcome is preferable to parallel briefing before two courts simultaneously.

## III.    **CONCLUSION**

The Court should deny Cognella's motion without prejudice to renewal after (1) this Court resolves the pending severance motions and (2) the *Bartz* court rules on Anthropic's motion to relate *Cognella* to that action.

Dated: May 11, 2026

WHITE & CASE LLP

By:    _/s/ Yar R. Chaikovsky_

Yar R. Chaikovsky
Anna B. Naydonov
Mark Davies
Andy LeGolvan
Amir Jabbari

- 3 *Attorneys for Defendant Anthropic PBC*