**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant NVIDIA Corporation*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE INC., *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>ANTHROPIC PBC, *et al.*,<br><br>            Defendants. | Case No. 5:25-cv-10897-PCP<br><br>**NVIDIA'S OPPOSITION TO COGNELLA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## RELATION IS IMPROPER UNDER LOCAL RULE 3-12

Cognella seeks to relate *Cognella, Inc. v. Anthropic PBC*, Case No. 4:26-cv-04056-KAW (N.D. Cal.) to this action. But the actions do not concern "substantially the same parties, transaction, … or question of law" as required under L.R. 3-13. Nor is there any reasonable likelihood of duplicative proceedings or conflicting case-management rulings sufficient to justify relation. The Motion should therefore be denied.

Local Rule 3-12 provides that cases are related only where they "concern substantially the same parties, property, transaction, event, or question of law." L.R. 3-12(a). In addition, the moving party must show that it is likely there will be "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(b). Cognella cannot satisfy either requirement.

*First*, the cases do not involve "substantially the same parties." The *Cognella* case is a copyright action brought solely against Anthropic. *Cognella*, 4:26-cv-04056-KAW, ECF No. 1.[1] Anthropic is the only overlapping defendant. This action includes numerous additional defendants who are not parties to *Cognella* and have no connection to those allegations. The case also concerns different AI models, different data sources, different alleged acts of infringement, and different accused conduct. *Cf. Kadrey v. Meta Platforms, Inc.*, 3:23-cv-03417-VC, ECF No. 730 (N.D. Cal., May 11, 2016) (relating *Cognella, Inc. v. Meta Platforms, Inc.,* 26-cv-04053-JST and three other cases where Meta is the only defendant).

Cognella's reliance on shared counsel is misplaced. Mot. at 2. The relation rule is keyed to parties, not attorneys. *See* L.R. 3-12(a). Shared representation is not shared party identity. The fact that Cognella's counsel also represents plaintiffs in this action does not create "substantially the same parties" within the meaning of Local Rule 3-12. Under Cognella's theory, any copyright suit filed by the same plaintiffs' firms against any AI company could be related so long as one

---

[1]   The *Cognella* complaint does not mention NVIDIA or its products. As set forth in NVIDIA's motion to sever (ECF No. 164) and its reply (ECF No. 175), NVIDIA creates different products that produce different outputs and serve different end-uses. ECF No. 164 at 9. These factual distinctions implicate different legal issues, including under the first fair-use factor. *See id.* at 10. Claims against Anthropic in another case (and even this case) have nothing to do with NVIDIA.

overlapping defendant appeared somewhere in the caption. Local Rule 3-12 does not authorize relation on such an attenuated basis.

*Second*, Cognella cannot satisfy Rule 3-12(b)'s separate requirement that relation would avoid duplicative proceedings or conflicting results. The Motion fails to identify any meaningful efficiencies to be gained from relation—and that silence is telling. Cognella does not involve NVIDIA. Relating the two cases would not reduce any duplication of labor as to NVIDIA, nor would it meaningfully reduce any risk of inconsistent case-management rulings concerning NVIDIA. The only practical effect of relation would be to further entangle NVIDIA in litigation concerning Anthropic's products, Anthropic's training data, and Anthropic's alleged conduct— none of which has anything to do with NVIDIA. Cognella does not identify any case-management efficiencies that would justify imposing those burdens.

The absence of any meaningful overlap underscores what Judge Chhabria recently recognized in *Chicken Soup*: joinder among unrelated AI defendants is improper because "each defendant should be part of a separate suit." *Chicken Soup for the Soul, LLC v. Anthropic PBC et al.*, No. 26-cv-02333-VC, Order Severing Cases, ECF No. 32 at 1 (N.D. Cal. Apr. 10, 2026). Cognella's motion effectively seeks relation based on overlapping counsel and a single overlapping defendant. That theory has no limiting principle and does not satisfy Local Rule 3-12.

NVIDIA'S OPPOSITION TO COGNELLA'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Respectfully Submitted,

Dated:  May 11, 2026          **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Andrew M. Holmes*
Andrew M. Holmes

Shon Morgan (SBN 187736)
shonmorgan@quinnemanuel.com
Valerie Roddy (SBN 235163)
valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant NVIDIA Corporation*

Case No.  5:25-cv-10897-PCP
NVIDIA'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED