DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
QIFAN HUANG, SBN 339672
Email: qhuang@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE, INC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTHROPIC PBC, et al.,<br><br>　　　　Defendants. | Case No.: 5:25-cv-10897-PCP<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:　　　Hon. P. Casey Pitts |

Pursuant to Civil Local Rule 3-12(e), Defendant Google LLC submits this response to Plaintiffs' Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 176). Google is not a party to *Cognella, Inc. v. Anthropic PBC*, Case No. 4:26-cv-04056-KAW, and takes no position on whether *Cognella* should be related to this matter.

Should the cases be related, however, Google would likely oppose any proposal to consolidate *Cognella* with this case under Rule 42, to coordinate discovery or pretrial proceedings, or otherwise treat them as a single matter. Google is concurrently seeking to sever and dismiss the claims against it in this case. As Google explained in its pending motion to sever, Plaintiffs improperly joined in this case what should be several separate lawsuits: one against each of the competitors alleged to have independently infringed Plaintiffs' copyrights in independently developing their distinct generative AI services; nothing connects the claims against Google to the claims against the other defendants in this case, and proceeding with these disparate claims joined together would prejudice Google. *See* ECF No. 94; *see also Chicken Soup for the Soul, LLC v. Anthropic PBC, et. al*, No. 3:26-cv-02333-VC (N.D. Cal. Apr. 10, 2026), ECF No. 32 (severing Google from similar lawsuit filed by Plaintiffs' counsel against same co-defendants; "It's obvious that the defendants in this case are improperly joined and that each defendant should be part of a separate lawsuit."). It is just as clear that nothing connects the claims asserted against Anthropic as the only defendant in *Cognella* to the claims asserted against Google in this case, and that Google would be prejudiced by consolidating its case with yet more claims asserted against other companies.

Plaintiffs' apparent intent, as evinced here, to seek to relate to this case any AI copyright infringement case filed against any one co-defendant (or subset of co-defendants) illustrates the impropriety of joining the claims against Defendants in a single action. There is no justification for six competitors to be "thrown into a mass pit," *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010), to become an anchor for all further cases filed against any of them. Particularly when Google and other co-defendants have other, earlier-filed AI copyright cases pending in this district against them individually.

Respectfully submitted,

Dated: May 11, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:    /s/ *Eric P. Tuttle*
          Eric P. Tuttle
          eric.tuttle@wsgr.com

*Counsel for Defendant Google LLC*