**MAYER BROWN LLP**
MATTHEW D. INGBER (*pro hac vice*)
*MIngber@mayerbrown.com*
ALLISON M. AVIKI (*pro hac vice*)
*AAviki@mayerbrown.com*
GRAHAM WHITE (*pro hac vice)*
*GWhite@mayerbrown.com*
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

Michael A. Calvanico (SBN 344792)
*MCalvanico@mayerbrown.com*
333 South Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Defendant*
*Perplexity AI, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHROPIC PBC; GOOGLE LLC; OPENAI, INC.; OPENAI OPCO LLC; OPENAI GP LLC; OPENAI GLOBAL LLC; OAI CORPORATION LLC; OPENAI HOLDINGS LLC; META PLATFORMS, INC.; XAI CORPORATION; PERPLEXITY AI, INC.; APPLE, INC.; and NVIDIA CORPORATION, <br><br> Defendants. | Case No.: 5:25-cv-10897-PCP <br><br> **PERPLEXITY AI'S STATEMENT OF NON-OPPOSITION TO COGNELLA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (L.R. 3-12, 7-11)** <br><br> Judge: Hon. P. Casey Pitts |

Defendant Perplexity AI, Inc. ("Perplexity") hereby notifies the Court and all Parties that it takes no position regarding Cognella, Inc.'s administrative motion to consider whether *Cognella, Inc. v. Anthropic PBC*, Case No. 4:26-cv-04056-KAW, should be related to this instant action (ECF No. 176). Perplexity respectfully requests, however, that the Court resolve Perplexity's pending Motion to Sever and Dismiss (ECF No. 112) before deciding any request to relate additional cases to this action.

Plaintiffs' counsel previously sought to relate another case, *Chicken Soup for the Soul, LLC v. Anthropic PBC*, Case No. 3:26-cv-02333-VC, to this action (ECF No. 125). During a Status Conference on March 24, 2026, this Court deferred ruling on that administrative motion until defendants' Motions to Sever were resolved. The Court further directed that this approach would apply to any additional requests for relation, an approach with which plaintiffs' counsel took no issue.

Shortly thereafter, Judge Chhabria *sua sponte* severed the defendants in the *Chicken Soup* action, noting that it was "obvious that the defendants . . . [were] improperly joined and that each defendant should be part of a separate lawsuit." *See Chicken Soup for the Soul, LLC v. Anthropic PBC*, Case No. 3:26-cv-02333-VC (ECF No. 32) (now captioned *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*). Chicken Soup then re-filed its complaint against Anthropic only and has not subsequently sought to relate that case to this action. *See Chicken Soup for the Soul, LLC v. Anthropic PBC*, Case No. 4:26-cv-04218-HSG.

Here, Cognella, Inc. names a single defendant, Anthropic, and seeks to relate its case to this action. On the same day they filed this suit against Anthropic, plaintiffs' counsel also filed *Cognella, Inc. v. Meta Platforms, Inc.* Case No. 3:26-cv-04053-VC, naming only Meta as a defendant. Notably, counsel did not seek to relate that case to the instant action. This piecemeal litigation strategy, of filing individual suits against each co-defendant and then seeking sometimes (and sometimes not) to aggregate them back into this action, further demonstrates the impropriety of the current joinder and reinforces that severance should be resolved as a threshold matter.

1

PERPLEXITY AI'S STATEMENT OF NON-OPPOSITION TO COGNELLA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. 5:25-CV-10897-PCP

Accordingly, Perplexity respectfully requests that the Court address the threshold question of severance before considering any further motions to relate. The Court's previous rationale applies equally here. If the Court grants Perplexity's Motion to Sever and Dismiss, the claims against Perplexity will no longer be part of this action, and the question of whether *Cognella* should be related to this case will have no bearing on Perplexity.

Perplexity's non-opposition is without prejudice to, and does not waive, any rights, defenses, objections, or arguments in any forum, including but not limited to those concerning jurisdiction, venue, service, consolidation, severance, or misjoinder. In the event plaintiffs' counsel seeks consolidation or coordination of this action with *Cognella, Inc. v. Anthropic PBC*, Case No. 4:26-cv-04056-KAW, or any other related case, Perplexity opposes any further linkage to cases, including the instant action, brought against competitor AI services over claims that have nothing to do with Perplexity. Consistent with Perplexity's pending Motion to Sever and Dismiss (ECF No. 112), Perplexity's position is that relation does not affect misjoinder, and that the claims against Perplexity should be severed from the claims against all other defendants in this action and in any related case that includes Perplexity as one of multiple defendants.

Dated:        May 11, 2026                   MAYER BROWN LLP

                                             */s/ Matthew D. Ingber*
                                             MATTHEW D. INGBER
                                             ALLISON M. AVIKI
                                             MICHAEL A. CALVANICO

                                             *Attorneys for Defendant Perplexity AI, Inc.*

PERPLEXITY AI'S STATEMENT OF NON-OPPOSITION TO COGNELLA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; CASE NO. 5:25-CV-10897-PCP