**LATHAM & WATKINS LLP**
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CAMBRONNE INC., LISA BARRETTA, PHILIP SHISHKIN, JANE ADAMS, MATTHEW SACKS, and MICHAEL KOCHIN,<br><br>                              Plaintiffs,<br><br>        v.<br><br>ANTHROPIC PBC; GOOGLE LLC; XAI CORPORATION; PERPLEXITY AI, INC.; APPLE INC.; and NVIDIA CORPORATION,<br><br>                              Defendants. | Case No.  5:25-cv-10897-PCP<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO COGNELLA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:  Hon. P. Casey Pitts<br><br>Am. Complaint Filed:  March 10, 2026 |

***Statement of the issues to be decided:***  (1) whether the Court should relate *Cognella, Inc. v. Anthropic PBC*, Case No. 4:26-cv-04056-KAW, to this case pursuant to Civil Local Rule 3-12; and (2) whether the Court should defer any such ruling until after it rules on Defendants' pending motions to sever.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Apple respectfully submits this response to Cognella, Inc.'s Administrative Motion to Consider Whether Cases Should be Related, (Dkt. 176 ("Cognella Motion")), to provide the Court with Apple's position on the Cognella Motion. *See* Dkt. 177 (reporting only Anthropic's position). For the reasons discussed below, Apple objects to relating *Cognella* to *Cambronne*. At a minimum, the Court should defer ruling on the Cognella Motion until it has ruled on the *Cambronne* Defendants' pending motions to sever, set for hearing tomorrow, May 12, 2026.

***First***, relating *Cognella* to *Cambronne* would be improper because the cases do not concern "substantially the same parties, property, transaction, or event," as is required under the Local Rules. L.R. 3-12(a)(1). As currently pleaded, *Cambronne* includes claims against six Defendants, with two other Defendants having been severed. Dkts. 99, 173. Cognella's lawsuit alleges claims against one Defendant, Anthropic. Those allegations have nothing to do with Apple, or any other Defendant.[1] That is likely why Cognella failed to meet and confer with Apple, or any Defendant other than Anthropic, prior to filing its motion. Dkt. 176-1 (Rigali Decl. ISO Admin Mot.) ¶ 4. Cognella's claims involve a different plaintiff, a different defendant, different copyrighted works (*see* Dkt. 176-2 ¶ 16), and different, independently developed proprietary AI models, with different capabilities and different training datasets (*id.* at ¶¶ 60–80) than those at issue in *Cambronne*'s claims against Apple. As set forth in Apple's briefing on its Motion to Sever, Plaintiffs' attempt to litigate distinct claims against multiple Defendants joined in a single lawsuit is improper, because those claims do not arise from the same transaction or occurrence and joinder would be inefficient and cause unfair prejudice by forcing direct competitors to coordinate their defenses and discovery (Dkts. 161, 174). *Cognella* should not be related to *Cambronne* for the same reasons and others.[2]

---

[1] Cognella also sued Meta Platforms, Inc., an original named Defendant in *Cambronne* that has already been severed pursuant to stipulation, Dkts. 171 (stipulation), 173 (order). The severed action was related by Judge Chhabria to the class action case currently pending before him in *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-3417-VC, Dkt. 730. Judge Chhabria also related *Cognella* to *Kadrey* in an order issued earlier today. *See Cognella, Inc. v. Meta Platforms, Inc.*, No. 4:26-cv-4053-JST (N.D. Cal. May 11, 2026), Dkt. 9.

[2] Apple takes no position on whether the *Cognella* complaint is related to, or would be related to, another suit with only Anthropic as a defendant.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT APPLE INC.'S RESP. TO
COGNELLA'S ADMIN MOTION TO RELATE
CASE NO. 5:25-cv-10897-PCP

***Second***, relating *Cognella* to *Cambronne* risks prejudice to Apple and will yield no potential benefit or efficiency. L.R. 3-12(a)(2). It is improper to require Apple to participate in disputes between Cognella and Anthropic to which Apple is not a party, which is why Apple would object to any further coordination or consolidation of claims for the reasons stated in its motion to sever and reply. *See* Dkt. 161 at 8; Dkt. 174 at 6–7.[3] That includes the prejudice of having to coordinate its defenses with Anthropic and other Defendants. *See id.* Relating *Cognella* to *Cambronne* also would do nothing to solve the risk of waste, duplication, and inconsistent rulings as between *Cambronne* and the overlapping copyright litigation on behalf of a putative class that includes the *Cambronne* plaintiff that is currently pending against Apple before Judge Gonzalez Rogers, *Hendrix v. Apple Inc.*, No. 4:25-cv-07558-YGR. *See* Dkt. 161 at 7–8; *see also* Dkt. 174 at 7–8; L.R. 3-12(a)(2). Moreover, the baseline implication of the Cognella Motion is that any purportedly similar copyright infringement claim, by any plaintiff, against any of the remaining *Cambronne* Defendants, should be related to this case. Such a result is untenable, particularly given representations by the *Cambronne* Plaintiffs' counsel at the March 24, 2026, Case Management Conference that they intend to file more cases and seek to relate them to *Cambronne*. Mar. 24, 2026 Tr. 13:4–12 ("[J]ust so you're not surprised, Plaintiffs and Plaintiffs' counsel will be filing more of these related matters…. But just so that you're not surprised if we file a bunch of additional motions on relation, we will probably do that[.]"). It is also inconsistent with prior severance rulings and Plaintiffs' own litigation conduct, including Plaintiffs' agreement to sever Meta and OpenAI from this lawsuit, Dkts. 98, 171, the Court's orders severing claims against them, Dkts. 99, 173, and Cognella's decision to file a separate lawsuit against Meta, which Judge Chhabria related (along with two other lawsuits filed by Plaintiffs' counsel) to the earlier-filed *Kadrey* lawsuit, *see Cognella, Inc. v. Meta Platforms, Inc.*, No. 4:26-cv-4053-JST (N.D. Cal. May 11, 2026), Dkt. 9. It is unreasonable for Cognella to pursue separate litigation streams for some Defendants but not others.

---

[3] The inefficiencies presented by this administrative motion, which Cognella filed without meeting and conferring with Apple or any Defendants other than Anthropic, only highlight why severance of the *Cambronne* claims is warranted.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT APPLE INC.'S RESP. TO
COGNELLA'S ADMIN MOTION TO RELATE
CASE NO. 5:25-cv-10897-PCP

***Third***, Cognella makes much of Judge Martinez Olguin's statement that she *may* not relate *Cambronne* to *Bartz*, which is the subject of another pending (but not yet decided) administrative motion by Anthropic. *See* Rigali Decl. at ¶ 4; *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO, Dkt. 656. But even if Judge Martinez Olguin decides not to relate *Cambronne* to *Bartz*, that would say nothing about whether the separate claims against six remaining Defendants in this case meet the relevant Rule 20 standard for joinder (*see, e.g.*, Dkts. 161, 174), or that *Cognella* meets the relevant Rule 3-12 standard for relation to this case. *See* L.R. 3-12(a). In any event, there has been no similar indication by Judge Gonzalez Rogers that she would not relate any severed claims against Apple in *Cambronne* to the action currently pending before her in *Hendrix v. Apple Inc.*, No. 4:25-cv-07558-YGR, which is based on the same alleged course of conduct regarding Apple's training of its large language models. Apple notified Judge Gonzalez Rogers in its Joint Case Management Statement of Apple's intention to seek relation and coordination of the *Cambronne* case to the pending *Hendrix* litigation if Apple is severed from this case. *Hendrix*, No. 4:25-cv-07558-YGR, Dkt. 88 at 6.

***Finally***, the Court should at minimum defer ruling on the Cognella Motion until it has ruled on the *Cambronne* Defendants' pending motions to sever, set for hearing on May 12, 2026. At the March 24, 2026 status conference, the Court stated it would "hold off a little bit on making a determination" on relating a recently filed case "until we have a ruling on the motions to sever in this case" (Mar. 24, 2026 Tr. 8:8–10), and that the Court would handle future related-case filings "in the same manner, sort of postponing the question of relation until we have a decision on severance here." *Id*. at 14:12–15. Plaintiffs agreed that "the question on severance will decide -- will sort of naturally decide the issues on subsequent cases on their relatedness." *Id*. at 7:22–24. That remains true and ruling on relatedness of yet another Plaintiff's claims against just Anthropic before a determination on severance risks a premature and potentially moot analysis, as a determination on severance will determine whether, and in what form, any claims against Apple and other Defendants proceed before this Court, if at all.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT APPLE INC.'S RESP. TO
COGNELLA'S ADMIN MOTION TO RELATE
CASE NO. 5:25-cv-10897-PCP

Dated: May 11, 2026

**LATHAM & WATKINS LLP**

By */s/ Andrew M. Gass*
Andrew M. Gass (Bar No. 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (Bar No. 238008)
 joe.wetzel@lw.com
Melanie M. Blunschi (Bar No. 234264)
 melanie.blunschi@lw.com
Nicole C. Valco (Bar No. 258506)
 nicole.valco@lw.com
505 Montgomery St., Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Apple Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT APPLE INC.'S RESP. TO
COGNELLA'S ADMIN MOTION TO RELATE
CASE NO. 5:25-cv-10897-PCP