**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CAMBRONNE INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendants,

AND RELATED CASES AGAINST ANTHROPIC.

Case No. 5:25-cv-10897-PCP

Related Cases:

- *Cognella Inc.*, No. 3:26-cv-4056-PCP
- *Chicken Soup for the Soul, LLC*, No. 4:26-cv-4218-PCP
- *Cruz et al.*, No. 3:26-cv-4482-PCP
- *Kwon et al.*, No. 5:26-cv-04649-NW (N.D. Cal.)

**DEFENDANT ANTHROPIC PBC'S CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

Judge: Hon. P. Casey Pitts

I, Andy LeGolvan, hereby declare:

1. I am an active member in good standing of the bar of the State of California, and I am admitted to practice in the United States District Court for the Northern District of California. I am Counsel in the law firm of White & Case LLP and counsel of record for Defendant Anthropic PBC. I have personal knowledge of the facts set forth herein. I have personal knowledge of the matters stated below, or knowledge based on my review of the records described below and on work performed at my direction by attorneys and staff under my supervision. If called as a witness, I could and would testify competently to these matters.

***Copyright Registrations***

2. At my direction, attorneys and staff under my supervision retrieved the copyright registrations for the works identified in Exhibit A to the operative complaints. The registrations were retrieved from the U.S. Copyright Office public records catalog at https://publicrecords.copyright.gov/.

3. Attached as **Exhibit 1** are true and correct copies of 282 registrations that name as claimant a person or entity that is not a plaintiff in the action asserting that work. Exhibit 1 also includes a chart of the registrations for ease of reference, listing information from those registrations.

4. Attached as **Exhibit 2** are true and correct copies of 7 registrations that name the asserting plaintiff as a claimant together with at least one co-claimant that is not a party to these actions. Exhibit 2 also includes a chart of the registrations for ease of reference, listing information from those registrations.

5. Attached as **Exhibit 3** are true and correct copies of 61 registrations that identify as the rights and permissions contact a publisher or other organization that is not a party to these actions. Exhibit 3 also includes a chart of the registrations for ease of reference, listing information from those registrations.

6. Attached as **Exhibit 4** are true and correct copies of 23 registrations that were first published after July 2022. Exhibit 4 also includes a chart of the registration for ease of reference, listing information from those registrations.

7. Attached as **Exhibit 5** are true and correct copies of 194 registrations with (1) registration dates after July 2022 and (2) registration occurring at least three months after the first publication of the work. Exhibit 5 also includes a chart of the registration for ease of reference, listing the registration and first publication dates.

### *Bartz* Settlement

8. At my direction, attorneys and staff under my supervision searched the Works List lookup tool for *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.) ("Bartz"), at https://secure.anthropiccopyrightsettlement.com/lookup, for each work identified in Exhibit A to the operative complaints. The searches identified the asserted works that appear on the *Bartz* Works List. Among those are eight asserted works, which, as described below, were not opted out of the *Bartz* class. True and correct copies of screenshots of the search results for those works are attached as **Exhibit 6**.

9. At my direction, an attorney under my supervision asked JND Legal Administration, the Settlement Administrator of the *Bartz* settlement, for a list of the works as to which a request to opt out of the *Bartz* settlement was submitted. Nicole Christ, JND's Senior Vice President of Operations, provided that list by email on March 26, 2026.

10. At my direction, attorneys under my supervision compared the asserted works appearing on the *Bartz* Works List against the opt-out list. Eight asserted works appear on the *Bartz* Works List and do not appear on the opt-out list. Attached as **Exhibit 7** is a chart prepared at my direction identifying those eight works for ease of reference.

### Third-Party Studies

11. At my direction, an attorney under my supervision downloaded the third-party study referenced in the complaints as Liu et al., *Alignment Whack-a-Mole: Finetuning Activates Verbatim Recall of Copyrighted Books in Large Language Models*, arXiv, (2026), retrieved from https://perma.cc/EC6X-Z38M. A true and correct excerpted copy of the Liu study, with red box annotations, is attached hereto as **Exhibit 8**.

12. At my direction, an attorney under my supervision downloaded the third-party study referenced in the complaints as Cooper et al., *Extracting books from production language models*,

arXiv, (2026), retrieved from https://perma.cc/F9YQ-NKV7. A true and correct excerpted copy of the Liu study, with red box annotations, is attached hereto as **Exhibit 9**.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: September 24, 2026

*<u>/s/ Andy LeGolvan</u>*
Andy LeGolvan