**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMBRONNE INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendants,<br><br><br>AND RELATED CASES AGAINST ANTHROPIC. | Case No. 5:25-cv-10897-PCP<br><br>Related Cases:<br><br>• *Cognella Inc.*, No. 5:26-cv-4056-PCP<br>• *Chicken Soup for the Soul, LLC*, No. 5:26-cv-4218-PCP<br>• *Cruz et al.*, No. 5:26-cv-4482-PCP<br>• *Kwon et al.*, No. 5:26-cv-04649-PCP<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS**<br><br>Judge: Hon. P. Casey Pitts |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT, on December 17, 2026, at 10:00 a.m., or as soon as the matter may be heard, before the Honorable Judge P. Casey Pitts of the United States District Court, Northern District of California at Courtroom 8 – 4th floor of 280 South 1st Street, San Jose, CA 95113, Defendant Anthropic PBC ("Anthropic") will and hereby does move to stay discovery directed to Plaintiffs' BitTorrent reuploading and copyright management information (CMI) theories pending resolution of Anthropic's Motion to Dismiss (ECF No. 228).

The motion is based upon this Notice of Motion, the supporting memorandum of points and authorities, Anthropic's Motion to Dismiss, and any other filing, evidence or argument presented in this matter, and such evidence as may be requested or permitted by the Court.

This motion applies to all five related actions: *Cambronne*, *Cognella*, *Chicken Soup*, *Cruz*, and *Kwon*. As the Court directed, Anthropic files it in *Cambronne*, No. 5:25-cv-10897-PCP.

Dated: October 19, 2026

WHITE & CASE LLP

By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
Mark Davies
Andy LeGolvan
Amir Jabbari
*Attorneys for Defendant Anthropic PBC*

# TABLE OF CONTENTS

**Page(s)**


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 3

IV. ARGUMENT ..... 4

A. The Motion Would Dispose of the BitTorrent and CMI Theories Entirely ..... 4

B. The Motion Can Be Decided on the Pleadings ..... 6

C. A Targeted Stay Will Spare the Parties and Nonparties Discovery That May Prove Unnecessary ..... 6

D. A Stay Tied to the Pleadings Will Not Prejudice Plaintiffs ..... 7

V. CONCLUSION ..... 8

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arcell v. Google LLC*,
No. 5:22-cv-2499-EJD, 2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) .....5

*Calvary Chapel San Jose v. Cody*,
No. 20-CV-3794-BLF, 2021 WL 5353883 (N.D. Cal. Nov. 12, 2021) .....5

*Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*,
No. 26-cv-2333, 2026 WL 2668437 (N.D. Cal. Sept. 10, 2026) .....7

*Cox Communications, Inc. v. Sony Music Entertainment*,
607 U.S. 583, 593–94 (2026) .....4

*Doe 1 v. GitHub, Inc.*,
No. 24-7700, 2026 WL 2728464 (9th Cir. Sept. 16, 2026) .....1, 2, 5

*Garcia v. TDBBS, LLC*,
No. 25-cv-299-AMO, 2025 WL 1755648 (N.D. Cal. June 25, 2025) .....6

*Heck v. Amazon.com, Inc.*,
No. 22-cv-3986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) .....6

*Huang v. Futurewei Techs., Inc.*,
No. 18-cv-534-BLF, 2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) .....8

*In re Nexus 6P Prods. Liab. Litig.*,
No. 17-cv-2185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .....5

*Kincheloe v. Am. Airlines, Inc.*,
No. 21-cv-515-BLF, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .....6

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) .....3

*Pereda v. Gen. Motors LLC*,
No. 21-cv-6338-JST, 2022 WL 19692037 (N.D. Cal. Mar. 15, 2022) .....6, 7

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984) .....6

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
732 F. Supp. 3d 1101 (N.D. Cal. 2024) ..... passim

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
No. 20-CV-363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .....3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .......... 7

**FEDERAL STATUTES**

17 U.S.C. § 1202(b) .......... 5

**FEDERAL RULES**

Fed. R. Civ. P. 12(b) .......... 6

Fed. R. Civ. P. 26(c)(1) .......... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' core claim is that Anthropic infringed their reproduction right by downloading copies of their books. Discovery on that claim is underway, and this motion leaves it untouched.

Plaintiffs also assert two additional theories. First, they allege that Anthropic's use of BitTorrent software to download books may have automatically made pieces of the files available for download by unidentified third parties. They plead this "reuploading" theory as direct infringement of the distribution right (Count I) and as contributory infringement (Count II). Second, they allege that Anthropic removed copyright management information (CMI) from their works (Count III). Anthropic asks only that the Court pause discovery on these theories until it decides Anthropic's pending Motion to Dismiss, which challenges both. ECF No. 228 ("MTD").

The MTD targets fundamental defects in both theories. The contributory claim fails under *Cox*, which requires intent to bring about infringement; Plaintiffs allege only that Anthropic used a general-purpose protocol to acquire books for itself, not to enable others to infringe. The distribution theory fails because Plaintiffs allege only that works were made available, not that anyone received them. They also attribute any upload to BitTorrent's default settings and other users' requests, not to any volitional act by Anthropic. The CMI claim fails under *Doe v. GitHub* because Plaintiffs identify no Claude output reproducing their works. Plaintiffs also trace any CMI removal to others and plead no intent to induce or conceal infringement.

These defects appear on the face of the complaints, so the Court can resolve them without discovery. Discovery on these theories, by contrast, would be costly, burdensome, and would reach beyond the parties. It would require subpoenas to nonparty BitTorrent users, forensic reconstruction of file pieces and configurations from 2021 and 2022, and a work-by-work CMI inquiry across hundreds of works. If the MTD is granted, that effort would be wasted.

The stay would cost Plaintiffs little. It would run only from the December 17 hearing until the pleadings settle. Reproduction discovery would continue in full, and Anthropic's preservation obligations as to the stayed discovery would remain in place. If either theory survives, Plaintiffs

will get their discovery. If neither does, the stay will have spared the parties, nonparties, and the Court an expensive inquiry into theories that do not belong in the case.

## II. FACTUAL BACKGROUND

Plaintiffs' central claim is that Anthropic infringed their reproduction right by downloading copies of their books from online databases and used those copies to train its models. *See* MTD at 2. Plaintiffs also assert two further theories.

They allege that BitTorrent protocols "are often configured by default to reupload pieces" of downloaded files, and from that premise speculate that Anthropic's BitTorrent client may have uploaded pieces of some of their works to unidentified third-party users. MTD at 2, 13. They plead that reuploading theory twice: as direct infringement of the distribution right under Count I, and as contributory infringement of other users' reproduction and distribution rights under Count II. *Id.* at 2. And they allege that Anthropic removed CMI from their works, though they also allege that the datasets Anthropic used had already been stripped of CMI by third parties. *Id.* at 2, 17. As for Anthropic's own conduct, the complaints allege that its employees "compared extraction tools for filtering training data" and then used those methods to "clean" it. *Id.* at 17–18. They name no tool, however, and describe no act by Anthropic that removed CMI from any Plaintiff's work. *Id.* at 18.

The Court held a case management conference on September 3, 2026. ECF No. 225. On September 16, the Ninth Circuit decided *Doe 1 v. GitHub, Inc.*, No. 24-7700, 2026 WL 2728464 (9th Cir. Sept. 16, 2026), on which the MTD's CMI arguments rely. The next day, the Court referred this case to Magistrate Judge Nathanael M. Cousins for discovery. A week later, on September 22, Plaintiffs served their first discovery requests, including those directed to the BitTorrent and CMI theories.[1] Two days later, Anthropic filed the MTD, set for hearing on December 17.

---

[1] Those requests include RFP No. 7 ("All DOCUMENTS, COMMUNICATIONS, and DATA CONCERNING YOUR TORRENTING . . . , including . . . configuration files or equivalent settings registries, bandwidth logs, . . . network records and/or logs; output logs from programs used for YOUR TORRENTING, along with server logs from Servers running YOUR TORRENTING programs . . . ."); RFP No. 8 ("All DOCUMENTS and COMMUNICATIONS, including configuration files, settings registries, and similar records, CONCERNING YOUR efforts to prevent, limit, or mitigate uploading, re-uploading, seeding, peer exchange, leeching, or otherwise making DATA available to other users or peers during or after the TORRENTING process . . . ."); Interrogatory No. 7 ("Explain what you did with each PLAINTIFFS' WORK . . . . For each [work],

Less than a week after filing the MTD, Anthropic proposed to Plaintiffs deferring discovery on the two theories by agreement and agreed to withdraw any written discovery served by Anthropic relating to those theories. Absent agreement, Anthropic proposed raising the issue with Magistrate Judge Cousins pursuant to the Court's discovery referral, and Anthropic shared its portion of a joint discovery letter with Plaintiffs for that purpose. The parties conferred on October 7, and continued to exchange positions over the following week, but could not reach agreement.

On October 15, at a case management conference in the related *Shakespeare* action, the Court explained that the district court, rather than Magistrate Judge Cousins, would decide requests to defer discovery through a noticed motion to be heard with the MTD. Anthropic therefore now brings this motion as a noticed motion, rather than as a discovery motion before Judge Cousins.[2]

## III. LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). That discretion includes the authority to stay discovery for good cause while a potentially dispositive motion is pending. Fed. R. Civ. P. 26(c)(1); *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117–18 (N.D. Cal. 2024).

Courts in this District apply a two-part test. "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at 1117–18 (quoting *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-CV-363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020)) (cleaned up). In applying that test, the court takes a "preliminary peek" at the merits of the pending motion. *Id.* at 1118.

---

your explanation should state . . . how it was: . . . (c) processed; . . . (g) modified; . . . [or] . . . (h) distributed"); Interrogatory No. 9 ("For each instance of TORRENTING in which YOU engaged, what Torrent Client settings were in effect? Identify and describe the configuration settings in detail."); Interrogatory No. 15 ("State each occasion on which any copies of [Plaintiffs' works] . . . , or any part of them, was transferred . . . in any other way delivered to any other company or person."); and Interrogatory No. 6 ("IDENTIFY each [work] from which YOU removed or altered any COPYRIGHT MANAGEMENT INFORMATION, including how the COPYRIGHT MANAGEMENT INFORMATION was removed or altered, and when.").

[2] Anthropic is filing a similar motion in *Shakespeare* directed to that action's distribution theory.

## IV. ARGUMENT

### A. The Motion Would Dispose of the BitTorrent and CMI Theories Entirely

Anthropic's MTD targets the theories at which the disputed discovery is directed. If granted, it would dismiss Counts II and III in their entirety, along with the distribution theory under Count I. MTD at 25. That satisfies the first prong, which asks whether the motion is "dispositive on the issue at which discovery is directed." *Realtek*, 732 F. Supp. 3d at 1118.

*BitTorrent reuploading theory*: Plaintiffs' reuploading theory fails under both counts in which it appears. Starting with Plaintiffs' contributory infringement claim (Count II), under *Cox Communications, Inc. v. Sony Music Entertainment*, the intent required for contributory liability "can be shown only if the party induced the infringement or the provided service is tailored to that infringement," and "mere knowledge that a service will be used to infringe is insufficient." 607 U.S. 583, 593–94 (2026). Beyond knowledge, Plaintiffs identify no specific act by which Anthropic "actively encourage[d] infringement." *Id.* at 593. And Anthropic provided no service at all, let alone one "tailored to that infringement"; it allegedly used BitTorrent, a general-purpose protocol built and distributed by others, to acquire books for itself, not to enable or encourage third-party infringement. MTD at 13–15. Plaintiffs' contributory claim also lacks a direct infringer: Plaintiffs identify no recipient, no transfer, and no completed download of any work. *Id.* at 13–14.

That gap also defeats Plaintiffs' direct-infringement (Count I) distribution theory, for at least two independent reasons. First, distribution requires "actual dissemination" to another person; merely making an unauthorized copy of a copyrighted work available is not enough. MTD at 8. Plaintiffs allege only that Anthropic's torrenting made their works "available to third parties for downloading." *Id*. at 8–9. Second, direct infringement requires volitional conduct, and Plaintiffs attribute any alleged reupload to a third-party software's default settings and other users' download request, not any volitional act by Anthropic. *Id*. at 9–10. Both present questions of law that require no discovery to resolve.

*CMI theory*: Plaintiffs' CMI removal claim fails for three independent reasons. MTD at 15. The first is jurisdictional. Plaintiffs cannot allege a concrete injury: a CMI-stripped copy that stays inside a training corpus causes no concrete harm, and under *GitHub*, a training-to-output claim gets

past Article III's standing requirements only when there is a plausible allegations of a "substantial risk" of an output infringing the plaintiff's work. *GitHub*, 2026 WL 2728464, at *4; MTD at 15–16. Plaintiffs identify no Claude output reproducing any of their works, or any risk of one. MTD at 16. And their own allegations trace any removal of copyright management information to third parties before Anthropic acquired the datasets, thus failing on traceability grounds. *Id.* at 17.

That matters here. Courts in this District recognize that a stay is often warranted "where the party seeking a stay raises jurisdictional or immunity issues." *Realtek*, 732 F. Supp. 3d at 1117 (quoting *Calvary Chapel San Jose v. Cody*, No. 20-CV-3794-BLF, 2021 WL 5353883, at *1 (N.D. Cal. Nov. 12, 2021)). Second, Plaintiffs identify no CMI and do not plausibly allege that Anthropic removed any. MTD at 17–18. To the extent the claim rests on Claude's outputs, newly generated text "never contained" CMI to remove, and Plaintiffs identify no output reproducing their works. *GitHub*, 2026 WL 2728464, at *1, *5; MTD at 18–19. Third, Plaintiffs plead no facts satisfying Section 1202(b)'s second scienter element. They allege that Anthropic removed CMI "to . . . create high-quality LLM training data," not to induce or conceal infringement. MTD at 19–20.

Anthropic's MTD thus raises "numerous significant challenges" to Plaintiffs' pleadings, which is enough for the first prong on the dispositive nature of the issue at which discovery is directed without deciding the merits. *See Arcell v. Google LLC*, No. 5:22-cv-2499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022). The motion need not dispose of the entire case to warrant a stay. Courts in this District have stayed discovery where a motion would dispose of particular claims and thereby "limit the scope of discovery." *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (finding motion "potentially dispositive of the express warranty claims"). Nor is the possibility that Plaintiffs may seek leave to amend "germane to the question before the Court on a motion to stay discovery." *Heck v. Amazon.com, Inc.*, No. 22-cv-3986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *accord Garcia v. TDBBS, LLC*, No. 25-cv-299-AMO, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025). Considering the preliminary peek of the motion, the first prong is satisfied.

### B. The Motion Can Be Decided on the Pleadings

Anthropic's MTD can be decided without additional discovery. It rests on the operative complaints' allegations, the documents they incorporate by reference, and governing law. MTD at 3–10, 13–20. No discovery is needed to decide whether those allegations state a claim. *See Pereda v. Gen. Motors LLC*, No. 21-cv-6338-JST, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022) (motion that "turns on whether Plaintiffs' complaint 'plausibly allege[s] a defect'" required no discovery because "[f]urther discovery is not required to answer that question"); *Kincheloe v. Am. Airlines, Inc.*, No. 21-cv-515-BLF, 2021 WL 5847884, at *2 (N.D. Cal. Dec. 9, 2021) ("no additional discovery is necessary to decide the motion to dismiss on plausibility grounds"). A court acts within its discretion in staying discovery where, as here, a Rule 12(b) motion raises no factual issues. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). The second prong is satisfied.

### C. A Targeted Stay Will Spare the Parties and Nonparties Discovery That May Prove Unnecessary

The discovery at issue is broad, technical, and reaches well beyond the parties. Plaintiffs assert infringement of hundreds of works across these actions. *See Cambronne*, ECF No. 201-1; *Cognella*, No. 5:26-cv-04056, ECF No. 1-1; *Chicken Soup*, No. 5:26-cv-04218, ECF No. 1-1; *Cruz*, No. 5:26-cv-04482, ECF No. 1-1; *Kwon*, No. 5:26-cv-04649, ECF No. 2-1. For each work, BitTorrent discovery would require technical configuration analysis, and tracing any alleged uploads of file pieces from 2021 and 2022 and assessing whether the pieces uploaded were "substantial." *See* MTD at 2, 10, 13–14. That means subpoenas to nonparty BitTorrent users and forensic expert analysis. CMI discovery would require a similar work-by-work inquiry into whether each downloaded copy carried CMI, whether, when, and by whom that CMI was removed, and how each work was prepared for training, tool by tool. None of this discovery is needed to litigate the reproduction claim.

Another court in this District recently recognized the burden of this kind of discovery. Several of these same Plaintiffs subpoenaed Anthropic for similar torrenting discovery in their suit against Meta. The court denied the request because it would require a "vast technical investigation." *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*, No. 26-cv-2333, 2026 WL 2668437, at *5–

6 (N.D. Cal. Sept. 10, 2026). While Anthropic was a third party in that dispute, the *Meta* court recognized the substantial burden required to investigate and produce discovery on these topics. Plaintiffs seek the same investigation here, and here it would also reach nonparty BitTorrent users. The same burden should not be imposed before the Court decides whether these theories are viable. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

Where a motion's arguments are "sufficiently well-stated that they deserve careful consideration," the better course is to give them that consideration "before allowing the parties to proceed with costly and time-consuming discovery." *Pereda*, 2022 WL 19692037, at *2. A targeted stay does exactly that and conserves the resources of the parties, nonparties, and the Court.

**D. A Stay Tied to the Pleadings Will Not Prejudice Plaintiffs**

Because the Court will hear this motion with the MTD, the stay would begin at the December 17 hearing and run until the Court rules. If the Court grants Plaintiffs leave to amend, the stay should remain in place until Anthropic answers the amended complaint. This Court followed the same course in *Realtek*. It stayed discovery at the motion-to-dismiss hearing through the issuance of its written decision and then extended the stay through the answer to any amended complaint. 732 F. Supp. 3d at 1111, 1117–18 & n.10; *see also Pereda*, 2022 WL 19692037, at *2 (staying discovery "until the pleadings are settled"). A stay tied to the pleadings in this way will not prejudice Plaintiffs.

The stay also leaves the core of these cases untouched. Discovery on the Count I reproduction claim, covering which works Anthropic downloaded, when, and why, will proceed in full. And Anthropic's preservation obligations remain in place, so the stay poses little risk to the evidence. *See Huang v. Futurewei Techs., Inc.*, No. 18-cv-534-BLF, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (finding "minimal concern on evidence preservation" where the parties "have taken steps to preserve relevant information"). Anthropic would respond to any stayed requests within 30 days after the stay lifts. *See id.* at *5.

## V. CONCLUSION

For the foregoing reasons, the Court should stay discovery directed to Plaintiffs' BitTorrent reuploading and CMI theories pending resolution of Anthropic's MTD and, if the Court grants leave to amend, until Anthropic answers the amended complaint. Discovery on the Count I reproduction claim, including discovery that overlaps with those theories, would proceed.

Dated: October 19, 2026

WHITE & CASE LLP

By: *___/s/ Yar R. Chaikovsky___*
Yar R. Chaikovsky

Mark Davies
Andy LeGolvan
Amir Jabbari
*Attorneys for Defendant Anthropic PBC*